UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARIO RICHARDS,<br>Plaintiff, | CIVIL NO. 303CV00630 (DJS) |
| v. | |
| COMPUTER SCIENCES<br>CORPORATION.<br>Defendant. | OCTOBER 14, 2003 |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE OR DISREGARD PORTIONS OF MARIO RICHARDS' AFFIDAVIT

I.  **INTRODUCTION**

Plaintiff Mario Richards submits his own affidavit in support of his Motion for Class Certification and Permission to Serve Notice to every Customer Support Analyst (CSA)[1] who has worked for Computer Sciences Corporation (CSC) in Connecticut, Maryland, Texas and California during the last three years. In his affidavit, Richards describes his own job duties and then claims to have

---

[1] Plaintiff is a Customer Support Analyst. In his motion, plaintiff misnames Customer Support Analysts as either Computer Systems Analysts or Customer Service Analysts.

"personal knowledge" that the duties and responsibilities of all the other CSAs he wishes to include in his class are just like his.

Richards does not provide a single fact to support his professed "personal knowledge" about what other CSAs do. He simply declares that he has personal knowledge and leaves it at that. He additionally asserts that his personal knowledge extends back three years even though he has only been employed at CSC a little over two years. Richards' claims of personal knowledge about the duties or work habits of other CSAs are empty assertions; they do not satisfy Fed. R. Civ. P. 56(e), and this court should strike or disregard them.

## II.  APPLICABLE LEGAL STANDARDS FOR AN AFFIDAVIT

Fed. R. Civ. P. 56(e) requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall affirmatively show that the affiant is competent to testify to the matters stated therein." Fed. R. Evid. 602 provides that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

Demonstrated personal knowledge through specific, concrete facts is the touchstone for an affidavit. General averments assuming knowledge of specific facts will not suffice. Kamen v. American Tel. & Tel., 791. F.2d 1006, 1011 (2d Cir.

1986) (holding that an affidavit containing no information showing personal knowledge fails to satisfy Rule 56(e)). A party may not "replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." Lujan v. National Wildlife Federation, 497 U.S. 871, 888 110 S.Ct. 3177, 3188 (1990). "It is not sufficient for the declarant to state that he has personal knowledge of the facts stated. Rather the declarant must state facts showing his or her connection to the matters stated, establishing the source of the information." Brew v. City of Emeryville, 138 F. Supp.2d 1217, 1227 (N.D. Cal. 2001) (citing Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).

III. **APPLICABLE LEGAL STANDARDS FOR A MOTION TO STRIKE AN AFFIDAVIT**

A party must move the court to strike or disregard the portions of affidavits that violate Fed. R. Civ. P. 56(e). Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 643 (2d Cir. 1988); Southern Concrete Co. v. United States Steel Corp., 394 F. Supp. 362, 380 (N.D. Ga. 1975) aff'd 535 F.2d 313 (5th Cir. 1976). Failure to do so risks waiving the objections and having the court consider the inadmissible material. Sellers, 842 F.2d at 643; Jones v. Owens Corning Fiberglass Corp., 69 F.3d 712, 719 (4th Cir. 1995); Casas Office Machines, Inc. v. Mita Copystar America, Inc., 42 F.3d 668, 682 (1st Cir. 1994); Allen v. Scribner, 812 F.2d 426, 434, amended 828 F.2d 1445 (9th Cir. 1987); Federal Deposit Ins. Corp. v. Meyer, 781

3

F.2d 1260, 1267 (7th Cir. 1986); Olympic Ins. Co v. H.D. Harrison, Inc., 418 F.2d 669, 670 (5th Cir. 1969).

## IV. ARGUMENT

### A. Paragraph 3 of Richard's Affidavit Must be Struck

In this paragraph, Richards makes the bald assertion:

> There are a large number of current and former employees who held or currently hold the position of CSA who desire to opt in to this class.

This sentence is pure hearsay. Richards is testifying on behalf of other employees about their intentions to join this suit. He offers his out-of-court testimony for its truth that a large number of others wish to join his lawsuit. This assertion is inadmissible. D.L. v. Unified School Dist. # 497, 270 F. Supp.2d 1217, 1237 (D. Kan. 2002) (holding that affiant's assertion about what school district intended is inadmissible hearsay). Even if Richards somehow had personal knowledge about what the intentions of numerous other CSAs were, he provides no facts to support such personal knowledge; indeed, he does not identify anyone else whom he claims is interested in his suit. This kind of self-serving testimony is worthless to gain conditional certification of a collective action. H & R Block, Ltd v. Housden, 186 F.R.D. 399 (E.D. Tex. 1999) (rejecting multiple affidavits as conclusory that were submitted with a motion for 216(b) notice).

4

On this record, only Richards has expressed an interest in his suit. That is not a large number, and it is not the basis for a class of any sort. This affidavit paragraph should be struck. Lujan, 497 U.S. at 888; Kamen, 791 F.2d at 1011.

### B. The quoted portion of Paragraph 4 of Richards' affidavit must be struck

Paragraph 4 of Richards' Affidavit includes the following:

> . . . The majority of CSAs are initially hired as hourly contract employees and later become permanent. Advanced education and experience is not required for the position of CSA. Upon hire the CSA received on the job training. The position of CSA is among the lowest of positions at CSC in the sense of knowledge, skills and pay scale.

In this paragraph, Richards attempts to minimize the qualifications of all the other CSAs without a single fact to support his assertions. Richards offers nothing to show why he is competent to testify about CSC's hiring practices across the United States. No facts support his claim that most CSAs are initially contract employees, nor is this assertion relevant in any way. Richards does not explain what he means by "advanced education", and he shows no factual basis for knowing what the company's hiring criteria are or what the formal education or experience of other CSAs are. Richards' bare assertions are meritless in support of his class motion. Lujan, 497 U.S. at 888; Kamen, 791 F.2d at 1011.

5

### C. Paragraph 15 of Richards' Affidavit Must be Struck

The following statement as set forth in Paragraph 15 of Richards' affidavit must be struck:

> I work with many other CSAs and have personal knowledge of the responsibilities tasks and duties of other CSAs employed by CSC and working in Norwich, Connecticut. All CSAs have the same responsibilities, tasks and duties as do I, and that have been described therein.

Not only is this paragraph entirely without facts to support Richards' "personal knowledge", but the assertions are indisputably false. All "CSAs" do not have the same duties and responsibilities as Richards does. Richards began working for CSC as a CSA in February 2001, he is currently employed at CSC's Help Desk in Norwich, Connecticut, and he has held no other position during his employment with CSC. (Pl. Dep. at 69, 72, 157).[2] There are different levels of technical staff within the Help Desk and Richards acknowledged in his deposition that they are "different." (Pl. Dep. at 137, 453). Richards also admits he has no personal knowledge about how the other analysts do their jobs. (Richards Dep. p. 444-46). Consequently, he has no personal knowledge to support this paragraph and the court should strike or disregard it. Lujan, 497 U.S. at 888; Kamen, 791 F.2d at 1011.

---

[2] Plaintiff's deposition transcript is attached to Defendant's Memorandum in Opposition to Plaintiff's Motion for Class Certification and Permission to Serve Notice.

### D. Paragraphs 16 and 17 of Richards' Affidavit Must be Struck

In these two concluding paragraphs, Richards simply reaches across the country for class members:

> 16. I have personal knowledge that other persons in the position of CSA are required to perform the same set-up, break down and email functions that I have described above prior to and after their scheduled shift and do not receive regular or overtime wage for such work. Further, other CSAs perform their normal trouble shooting functions by telephone after their scheduled shift has ended and do not receive regular or overtime wage for such work.
>
> 17. I have personal knowledge that CSC employed persons in the States of Maryland, Texas and California in the position of CSA within the last three years performing the same duties and tasks as described herein.

Nothing in these paragraphs or in any other part of Richards' affidavit establishes his personal knowledge about the work tasks or duties of other CSAs. Sweeping assertions, bereft of facts, about what others say or do are probatively worthless. Schwapp v. Town of Avon, 118 F.3d 106, 111 (2d Cir. 1997). Richards cites no facts showing how he knows what other CSAs do in setting up their work or throughout their work days. Richards has never worked for CSC in Maryland, Texas or California. Richards submits with his affidavit an unauthenticated single document, a one-page job description for the Norwich,

7

Connecticut CSA position. He provides no context for the document or when it was created. His testimony provides no competent evidence about what CSAs in other locations do or how he would know what they do. See, Harper v. Lovett's Buffet, Inc., 185 F.R.D. 358, 362 (M.D. Ala. 1999) (denying 216(b) notice when the supporting affidavits used generalized assertions that others were similarly situated instead of specific, concrete facts). Richards' assertions of personal knowledge in these two paragraphs are bare, unsubstantiated assertions that do not satisfy either Rule 56(e) or FRE 602. Lujan, 497 U.S. at 888; Kamen, 791 F.2d at 1011. Paragraphs 16 and 17 have no probative value and the court must strike or disregard them entirely.

## V. CONCLUSION

This court should reject Plaintiff's conclusory and generalized affidavit testimony about the duties of other employees in the context of Plaintiff's Motion for Class Certification under Section 216(b) of the FLSA. Plaintiff's affidavit is the only testimony in support of his Motion and it is lacking either facts or personal knowledge. His sweeping generalizations must be struck or disregarded.

DEFENDANT,
COMPUTER SCIENCES
CORPORATION

By: *[signature]*
William J. Anthony (ct 17865)
Tasos C. Paindiris (ct 16739)
Jackson Lewis LLP
55 Farmington Avenue, Suite 1200
Hartford, CT 06105
Tel. (860) 522-0404
Fax. (860) 247-1330
E-mail: anthonyw@jacksonlewis.com
E-mail: paindirt@jacksonlewis.com

Lisa A. Schreter (ct17647)
Jackson Lewis LLP
245 Peachtree Center Avenue, N.E.
1900 Marquis One Tower
Atlanta, GA 30303-1226
Tel. (404) 525-8200
Fax. (404) 525-1173
E-mail: schretel@jacksonlewis.com

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent by first class mail, postage prepaid, on this 14th day of October, 2003, to the following:

Michael J. Melly
143 Oneco Avenue
New London, CT  06320

_____
Tasos C. Paindiris