UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM E. MIKE, individually   :
and on behalf of other   :
similarly situated   :
individuals,   :
   :
       Plaintiffs,   :
   :
v.   :   No. 3:02CV2239(DJS)
   :
SAFECO INSURANCE COMPANY OF   :
AMERICA,   :
   :
       Defendant.   :

## MEMORANDUM OF DECISION AND ORDER

Plaintiff, William Mike, brings this action against

defendant Safeco Insurance Company of America ("Safeco") alleging

a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§§ 201-262, and the Connecticut Minimum Wage Act, Conn. Gen.

Stat. §§ 31-58-31-69b.  In Count One of the Second Amended

Complaint, Mike purports to bring claims on behalf of similarly

situated Safeco employees as a collective action pursuant to the

FLSA.  See 29 U.S.C. § 216(b).  Now pending is Mike's motion to

proceed as a collective action (dkt. # 45) regarding his claims

under the FLSA.[1]  For the reasons set forth herein, Mike's motion

is **DENIED**.

---

[1] In Count Three of the Second Amended Complaint, Mike
purports to bring a claim on behalf of a class of Safeco
employees under the Connecticut Minimum Wage Act and other state
minimum wage laws.  Mike has obtained leave to file a motion
pursuant to Rule 23 of the Federal Rules of Civil Procedure to
certify this proposed class on or before August 5, 2003.

## I. FACTS

The merits of this lawsuit concern the application of the administrative exemption from the FLSA's requirement that workers be paid overtime.  See 29 U.S.C. § 213(a)(1).  Application of the administrative exemption to insurance company employees charged with various aspects of claims handling has apparently been fertile ground for litigation, with varying results as applied to specific factual scenarios.  Compare Reich v. American Intern. Adjustment Co., Inc., 902 F. Supp. 321, 325 (D. Conn. 1994) ("AIAC is in the business of resolving damage claims.  The appraisers perform the day-to-day activities of the business through their fact finding and damage evaluations.  The appraisers do not administer the business of AIAC."); Bell v. Farmers Ins. Exchange, 105 Cal. Rptr. 2d 59, 74 (Cal. Ct. App. 2001) ("Our review of the undisputed evidence places the work of the claims representatives squarely on the production side of the administrative/production worker dichotomy."); with Jastremski v. Safeco Ins. Companies, 243 F. Supp. 2d 743, 753 (N.D. Ohio 2003) ("[T]o the extent Bell suggests plaintiff was a production worker, I find that its limited persuasive authority is outweighed by [Palacio v. Progressive Ins. Co., 244 F. Supp. 2d 1040 (C.D. Cal. 2002)] and the Wage and Hour Division's letter, which provide ample support for my finding that plaintiff was an administrative employee."); Palacio v. Progressive Ins. Co., 244

-2-

F. Supp. 2d 1040, 1049 (C.D. Cal. 2002) ("Progressive has met its burden that Palacio, as a claims representative, fell within the FLSA's administrative employee exemption as a matter of law."). A final determination of the merits of this case will involve examining the facts and circumstances of Mike's position with Safeco and applying the eligibility test set forth in the Department of Labor's regulations for the administrative exemption to the FLSA overtime mandate.

From the time of his hire in April of 2000 until December of 2002, Mike worked for Safeco as a Claims Representative. (See Dkt. # 46, Ex. C, Response to Int. # 7 at 10). Mike was a type of Claims Representative called a Field Claims Representative,[2] (see dkt. # 46, Ex. A, ¶ 6), and was "responsible for handling those portions of the claim adjustment process that require the physical presence of a company representative," (dkt. # 46, Ex. D at M0002741). A Field Claims Representative was an "outside"[3] Claims Representative who actually inspected vehicles or property for the purpose of preparing an estimate in order to settle or

---

[2] At times Mike refers to himself as an "auto appraiser" and a "Claims Field Representative". Safeco claims that neither position exists. The court will use the job titles provided by Safeco.

[3] Scott Ables, a Safeco executive, testified that "inside" functions "would be those parts of a claim that would be handled by telephone," such as "coverage determination," "investigation where face-to-face is not required," and other claims investigation and evaluation. (Dkt. # 46, Ex. B at 27:8-19).

adjust the insurance claim.  Generally speaking, Safeco expected
all Claims Representatives to be able to perform some "inside"
and "outside" functions associated with claims adjustment, but,
in practice, depending on the employee's particular skills and
the specific needs of the region where each Claims Representative
worked, certain Claims Representatives would specialize to some
degree.  (See Dkt. # 46, Ex. B at 27-29).

A Field Claims Representative received work assignments in
one of two ways.  (See Dkt. # 46, Ex. D at M0002746).  First, a
Field Claims Representative could receive a "team assignment,"
which is "a specific task on a claim that belongs to another
adjuster."  (Id.).  Second, a Field Claims Representative could
receive a "direct assignment," which is the assignment of an
entire claims file and is usually done when there "would be
little added value from being assigned to an inside adjuster."
(Id.).

On July 16, 2001, Safeco reclassified all Claims
Representatives, including the sub-class of Field Claims
Representatives, as non-exempt.  (See Dkt. # 46, Ex. C, Response
to Int. # 3 at 6).  Mike claims that, given his day-to-day job
responsibilities, which he alleges consisted primarily of
appraising auto damage and estimating the cost of repair,[4] Safeco

---

[4] Safeco argues that the court should disregard several
statements in Mike's affidavit filed in support of his motion.
These statements refer to discussions with unidentified Safeco

erroneously classified him as exempt prior to July 16, 2001.
Mike claims that other Safeco employees were also erroneously
classified, and he now seeks leave from the court to invite these
employees to join this lawsuit.

## II. DISCUSSION

The FLSA states that no employer within the meaning of the
Act "shall employ any of his employees . . . for a workweek
longer than forty hours unless such employee receives
compensation for his employment in excess of the hours above
specified at a rate not less than one and one-half times the
regular rate at which he is employed." 29 U.S.C. § 207(a)(1).
This general mandate, however, does not apply to persons employed
in a bona fide executive, administrative, or professional
capacity. See 29 U.S.C. § 213(a)(1).

Mike moves for certification of a "collective action" under
§ 216(b) of the FLSA.[5] The FLSA allows one or more employees to

---

employees regarding what Mike deems common job responsibilities.
Although the court does not order these statements stricken from
the record, the probative value of these statements is minimal.
In rendering a decision, the court has relied only upon
statements in Mike's affidavit that reflect his personal
knowledge of company practices.

[5] Section 216(b) of the FLSA provides in pertinent part:

An action . . . may be maintained against any employer
. . . by any one or more employees for and in behalf of
himself or themselves and other employees similarly
situated. No employee shall be a party plaintiff to any
action unless he gives his consent in writing to become
such a party and such consent is filed in the court in

pursue an action in a representative capacity for other similarly situated employees.  See 29 U.S.C. § 216(b).  This type of action allows potential class members who are similarly situated to the named plaintiff to "opt in" the case.  Id.

"It is well settled that district courts have the discretionary power to authorize the sending of notice to potential class members in a collective action brought pursuant to § 216(b) of the FLSA."  Hoffman v. Sbarro, Inc., 982 F.Supp. 249, 261 (S.D.N.Y. 1997) (citing Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165 (1989); Braunstein v. Eastern Photographic Laboratories, Inc., 600 F.2d 335, 336 (2d Cir. 1978)).

Thus, the issue presently before this court is whether the "appropriate circumstances" exist for the court to exercise its discretion and allow this action to proceed as a collective action.  Id.  The weight of authority from other jurisdictions appears to hold that the court should engage in a two-step inquiry: first, the court should allow plaintiff to proceed on a provisional basis upon a minimal evidentiary showing that plaintiff can meet the substantive requirements of 29 U.S.C. § 216(b); and, second, the court should render a final decision regarding the propriety of proceeding as a collective action with the benefit of all evidence gathered in discovery including any

---

which such action is brought.

29 U.S.C. § 216(b).

additional plaintiffs.[6]  See <u>Hipp v. Liberty Nat'l. Life Ins.</u>
<u>Co.</u>, 252 F.3d 1208, 1219 (11th Cir. 2001).

The threshold issue in deciding whether to authorize class
notice in an FLSA action is whether the plaintiff has
demonstrated that potential class members are "similarly
situated."  <u>Id.</u> (citing 29 U.S.C. § 216(b)).  "[C]ourts have held
that plaintiffs can meet this burden by making a modest factual
showing sufficient to demonstrate that they and potential
plaintiffs together were victims of a common policy or plan that
violated the law."  <u>Hoffman</u>, 982 F. Supp. at 261 (citing cases);
see <u>Roebuck v. Hudson Valley Farms, Inc.</u>, 239 F. Supp. 2d 234,
238 (N.D.N.Y. 2002); <u>Realite v. Ark Restaurants Corp.</u>, 7 F. Supp.
2d 303, 306 (S.D.N.Y. 1998).  In other words, the court must be
satisfied that there is a basis to conclude that questions common
to a potential group of plaintiffs would predominate a
determination of the merits in this case.

Mike has not met his burden of demonstrating that there are
other similarly situated individuals who should be invited to
join this action.  The gravamen of Mike's claim is that Mike
spent the majority of his time as a Field Claims Representative
performing non-administrative tasks, and therefore he should not

---

[6] There is no decision by the Court of Appeals for the Second
Circuit regarding the proper procedure for determining whether
appropriate circumstances exist to allow a plaintiff to proceed
as a collective action.  For the purpose of this decision, the
court will apply this analysis.

be considered an administrative employee.  Mike claims that, even though the job description furnished by Safeco lists both administrative and non-administrative tasks, the majority of the actual tasks he performed were non-administrative.  Scott Ables, a Safeco executive, acknowledged that specialization is possible within the broad title of Field Claims Representative.  Also, the materials disseminated by Safeco regarding the assignment of work to Field Claims Representatives allow for specialization.

As Mike has framed his claim, the central question in determining Safeco's liability will be whether the balance of tasks Mike performed on a day-to-day basis were administrative or non-administrative.  The exemption status of any employee must "be determined on the basis of whether his duties, responsibilities and salary meet all the requirements of the appropriate section of the regulations."  29 C.F.R. § 542.201(b)(2).  Determining whether an employee is exempt is extremely individual and fact-intensive, requiring "a detailed analysis of the time spent performing administrative duties" and "a careful factual analysis of the full range of the employee's job duties and responsibilities."  Cooke v. General Dynamics Corp., 993 F. Supp. 56, 59-61 (D. Conn. 1997).  Applying the regulations interpreting the FLSA, an employee may be exempt if he or she spends more than 50% of his or her time performing executive, administrative, or professional work, or if he or she

-8-

spends less than 50% of his or her time on these tasks, but these
tasks nevertheless predominate or define his or her job.  See 29
C.F.R. § 541.103; see also 29 C.F.R. § 541.206 (applying 29
C.F.R. § 541.103 to the administrative exemption).  Therefore,
the court must hear evidence regarding Mike's day-to-day tasks,
roughly estimate how much time Mike spent performing
administrative tasks, and then decide whether the administrative
tasks define or predominate his job.

    Because the proof in this case is specific to the
individual, Mike has not provided evidence of a common thread
binding his proposed class of employees.  Mike seeks leave to
proceed on behalf of "[a]ll current and former employees" of
Safeco who were employed by Safeco on July 16, 2001 and

        whose primary duties were to appraise damaged
        automobiles by inspecting and estimating of auto losses
        including but not limited to the positions of (1)
        Claims Field Representatives- PD (Physical Damage)
        Representative, or (2) Field Claims Representative- PD
        (Physical Damage) Representative, or (3) Field
        Representative- PD (Physical Damage) Representative. .
        . .

(Second Am. Compl. ¶ 5).  Regardless of the possibility that
another employee's "primary duties were to appraise damaged
automobiles," any other plaintiff would also have to present
specific evidence of his or her daily tasks, and the court would
have to apply the regulations on an individual basis.  Further,
in order to determine membership in the class Mike identifies in
his Second Amended Complaint, the court would have to engage in

-9-

an ad hoc inquiry for each proposed plaintiff to determine whether his or her job responsibilities were similar to Mike's. As such, Mike has not presented a firm basis for the court to identify similarly situated individuals and has failed to meet his burden under the FLSA.

The fact that Safeco decided to re-classify all Claims Representatives, including all Field Claims Representatives, does not provide the necessary common thread. Field Claims Representatives shared a common job description and were expected to perform the tasks enumerated in that specific job description. However, Mike does not rely on Safeco's job description as evidence in support of his claim; in fact, Mike expressly disavows this job description and claims that, on a task-to-task, day-to-day basis, he spent the balance of his time performing non-administrative functions despite the fact that his job description calls for him to perform some administrative functions. The merits of Mike's claim will turn upon evidence relating to Mike's day-to-day tasks, and not upon any Safeco company policy or decision.

The nature of Mike's claim necessarily precludes proceeding on a collective basis. Mike does not challenge a Safeco policy, but rather asserts that Safeco treated him in a certain way. There is no way for the court to conclude that resolution of the claims of many plaintiffs at the same time would be sensible.

### III. CONCLUSION

For the reasons set forth herein, Mike's motion to proceed as a collective action (dkt. # 45) is **DENIED**. Any reference to a collective action under the FLSA in the Second Amended Complaint is stricken. Safeco's motions to strike (dkt. #s 30 & 51) are **DENIED**.

So ordered this 15th day of July, 2003.

DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE

-11-