MARK E. FREEMAN, as himself and all other similarly situatedPlaintiffs, PLAINTIFF v. WAL-MART STORES, INC., dba WAL-MART, WAL-MARTSUPERCENTER, WAL-MART NEIGHBORHOOD MARKET, and SAMS'S WHOLESALE CLUB, DEFENDANTS

CASE NO. 02-5161

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OFARKANSAS, FAYETTEVILLE DIVISION

256 F. Supp. 2d 941; 2003 U.S. Dist. LEXIS 6664; 8 Wage &Hour Cas. 2d (BNA) 1157

April 15, 2003, Filed

DISPOSITION: [**1] Plaintiff's motion for approval denied.

CASE SUMMARY:

PROCEDURAL POSTURE: Plaintiff employee sued defendant employers, seeking overtime pay under the Fair Labor Standards Act (FLSA), 29 U.S.C.S. § 201 et seq. The employee moved for conditional approval to pursue the FLSA claims in a representative capacity for the "other employees similarly situated," 29 U.S.C.S. § 216(b).

OVERVIEW: The employee alleged that the employers routinely engaged in a pattern, practice, and policy of unlawful conduct by failing to properly compensate the employee and the other employees for overtime hours. According to the employee, the employers improperly labeled employees "salaried employees" in order to avoid payment of overtime compensation as mandated by the FLSA, despite knowing that the employees were not exempt employees under the FLSA. The employee sought conditional approval to pursue the FLSA claims in a representative capacity pursuant to 29 U.S.C.S. § 216(b). The employee, however, failed to present sufficient evidence that members of the proposed class were similarly situated. His view seemed to be that all of the employers' salaried employees below officer level were similarly situated no matter what the nature of their duties. The employer, however, had offered affidavits indicating that the class proposed by the employee included more than 7,000 current and former employees and that there were material differences in the duties and responsibilities of those employees.

OUTCOME: The court denied the motion.

CORE TERMS: similarly situated, collective action, notice, duties, overtime, opt-in, overtime compensation, questions of fact, proposed class, authorize, two-part, exempt, exercise discretion, relevant inquiry, reasons stated, commonality, appointing, typicality, discovery, joinder, salaried employees, compensate, salaried

LexisNexis (TM) HEADNOTES - Core Concepts:

Labor & Employment Law: Wage & Hour Laws: Overtime & Work Period
[HN1] The Fair Labor Standards Act, 29 U.S.C.S. § 201 et seq., requires covered employers to compensate non-exempt employees at overtime rates for time worked in excess of statutorily-defined maximum hours. 29 U.S.C.S. § 207(a). The statute exempts from its overtime protections any employee employed in a bona fide executive, administrative, or professional capacity. 29 U.S.C.S. § 213(a)(1). Extensive regulations defining the types of employees who fall within these exemption categories have been promulgated by the Secretary of Labor. 29 C.F.R. pt. 541.

Labor & Employment Law: Wage & Hour Laws: Civil Procedure & Remedies
Civil Procedure: Jury Trials: Province of Court & Jury
[HN2] In a lawsuit filed under the Fair Labor Standards Act (FLSA), 29 U.S.C.S. § 201 et seq., disputes regarding the nature of an employee's duties are questions of fact, but the ultimate question whether an employee is exempt under the FLSA is an issue of law.

Labor & Employment Law: Wage & Hour Laws: Civil Procedure & Remedies
[HN3] Section 16(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C.S. § 201 et seq., provides that an employee may bring an FLSA action on behalf of himself and other "similarly situated" employees. 29 U.S.C.S. § 216(b). These collective actions are intended to serve the interests of judicial economy and to aid in the vindication of plaintiffs' rights. The district courts have discretion, in appropriate cases, to facilitate notice to potential members of the class on whose behalf the collective action has been brought.

Labor & Employment Law: Wage & Hour Laws: Civil Procedure & Remedies
[HN4] The affirmative permission given by *29 U.S.C.S. § 216*(b) for employees in a lawsuit under the Fair Labor Standards Act (FLSA), *29 U.S.C.S. § 201* et seq., to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure. *Fed. R. Civ. P. 83*. It follows that, once an FLSA action is filed, the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way.

Legal Ethics: Client Relations: Client Solicitation
Labor & Employment Law: Wage & Hour Laws: Civil Procedure & Remedies
[HN5] Although, in a lawsuit filed under the Fair Labor Standards Act, *29 U.S.C.S. § 201* et seq., a district court has discretion to authorize notice to similarly situated employees of the opportunity to opt-in to a class, the giving of such notice is not mandatory. The court has a responsibility to avoid the "stirring up" of litigation through unwarranted solicitation.

Labor & Employment Law: Wage & Hour Laws: Civil Procedure & Remedies
[HN6] Eighth Circuit precedent does not provide the procedure a court should utilize in deciding whether a collective action under the Fair Labor Standards Act, *29 U.S.C.S. § 201* et seq., should be approved and/or whether to exercise discretion and authorize notice to the potential opt-in class. Other courts that have confronted these issues have used one of two tests. First, there is a two-part ad hoc test. Applying the two-part test, the court first uses a lenient standard to determine whether similarly situated persons exist, and if appropriate, the class is conditionally certified. The second step occurs after notice, time for opting-in, and discovery have taken place. Applying a stricter standard, the court makes a factual determination on the similarly situated question. The second inquiry is usually conducted upon a defendant's motion for decertification. The alternative to the two-part test is to resort to the analysis applicable to *Fed. R. Civ. P. 23* class action certification: the court looks at numerosity, commonality, typicality, and adequacy of representation. Whatever test is employed, the relevant inquiry is whether the members of the proposed class are similarly situated.

Labor & Employment Law: Wage & Hour Laws: Civil Procedure & Remedies
[HN7] In a lawsuit filed under the Fair Labor Standards Act (FLSA), *29 U.S.C.S. § 201* et seq., a plaintiff bears the burden of establishing that he is similarly situated with the class he wishes to represent. The plaintiff's burden is not heavy and may be met by making substantial allegations of class-wide discrimination that are supported by affidavits. Plaintiff need not show that his position is or was identical to the putative class members' positions; a class may be certified under the FLSA if the named plaintiff can show that his position was or is similar to those of the absent class members. However, unsupported assertions of widespread violations are not sufficient to meet plaintiff's burden.

Civil Procedure: Trials: Pretrial Conferences
[HN8] A court's responsibility to intervene in the management of litigation begins when the case is filed.

Labor & Employment Law: Wage & Hour Laws: Civil Procedure & Remedies
[HN9] In cases brought under the Fair Labor Standards Act, *29 U.S.C.S. § 201* et seq., disputes regarding the nature of an employee's duties are questions of fact. In order for a court to conclude that the plaintiff is similarly situated to the proposed class and/or that all claims have common questions of fact and are typical of one another, it is necessary to make a preliminary determination that the plaintiff's duties are generally comparable to those he seeks to represent.

COUNSEL: For Plaintiff: Franklin Azar, Gerald L. Bader, Jr., Renee B. Taylor, Bader & Associates, LLC, Denver, CO.

For Plaintiff: Shawn B. Daniels, Kincaid, Horne, Trumbo & Daniels, Brian D. Wood, Benson, Robinson & Wood, PLC, Fayetteville, AR.

For Defendants: Kevin A. Crass, Friday, Eldredge & Clark, LLP, Little Rock, AR.

For Defendants: Clifford W. Plunkett, Friday, Eldredge & Clark, LLP, Fayetteville, AR.

For Defendants: Weyman Johnson, Paul, Hastings, Janofsky & Walker, Atlanta, GA.

JUDGES: Robert T. Dawson, United States District Judge.

OPINIONBY: Robert T. Dawson

OPINION: [*943] MEMORANDUM OPINION & ORDER

This is an action for damages brought under the Fair Labor Standards Act of 1938, as amended, *29 U.S.C. §§ 201, et seq.*, (FLSA or the Act). Plaintiff also alleges

state law claims for breach of contract, unjust enrichment, and quantum meruit. The FLSA claims, brought on behalf of plaintiff Mark E. Freeman, individually, and as a representative of all those similarly situated, arise out of the defendants' (Wal-Mart's) alleged failure to pay overtime compensation to Plaintiff and the group of individuals whom[**2] Plaintiff seeks to represent. Now pending before the Court is Plaintiff's motion for approval of collective action, (doc. # 25). For the reasons stated herein, the Court finds that the motion should be and hereby is DENIED.

I. Background

The second amended complaint alleges that Plaintiff and other salaried Wal-Mart employees, below officer-level, worked in excess of 40 hours per week without overtime compensation. It is alleged that Wal-Mart routinely engaged in a pattern, practice, and policy of unlawful conduct by failing to properly compensate Plaintiff and the other employees for overtime hours. According to Plaintiff, Wal-Mart improperly labeled Plaintiff and other employees "salaried employees" in order to avoid payment of overtime compensation as mandated by the FLSA, despite knowing that Plaintiff and other employees were not exempt employees under the FLSA.

Plaintiff now seeks conditional approval to pursue the FLSA claims in a representative capacity for the "other employees similarly situated." *29 U.S.C. § 216(b).* The Court is asked to enter an order permitting the FLSA claims to proceed as a collective action; appointing Plaintiff as[**3] representative of the collective action; appointing Plaintiff's collective action counsel; directing discovery of all similarly situated persons; and authorizing Plaintiff to send to all the similarly situated persons notice of the opportunity to opt-in to the collective action. Plaintiff contends that, although the precise number of potential members is unknown, the class is so numerous that a joinder of all members is impracticable; that there are a number of factual and legal questions common to each member of the class; and that the claims are typical of one another in that they all arise from the same events and course of conduct and because the members of the class all seek the same relief. In addition, Plaintiff alleges that he is an adequate representative of the class. Wal-Mart filed a response in opposition to the motion.

II. Collective Action Status

[HN1] The FLSA requires covered employers to compensate non-exempt employees [*944] at overtime rates for time worked in excess of statutorily-defined maximum hours. See *29 U.S.C. §§ 207(a).* The statute exempts from its overtime protections "any employee employed in a bona fide executive, administrative, [**4]or professional capacity." *29 U.S.C. §§ 213(a)(1).* Extensive regulations defining the types of employees who fall within these exemption categories have been promulgated by the Secretary of Labor. See *29 C.F.R. pt. 541; Fife v. Harmon, 171 F.3d 1173, 1175-76 (8th Cir. 1999).* [HN2] Disputes regarding the nature of an employee's duties are questions of fact, but the ultimate question whether an employee is exempt under the FLSA is an issue of law. *Jarrett v. ERC Properties, Inc. 211 F.3d 1078, 1081 -1082 (8th Cir. 2000)*(citing *Icicle Seafoods, Inc. v. Worthington, 475 U.S. 709, 714, 106 S. Ct. 1527, 89 L. Ed. 2d 739 (1986)).*

[HN3] *Section 16(b) of the Act* provides that an employee may bring an FLSA action on behalf of himself and other "similarly situated" employees. *29 U.S.C. §§ 216(b).* These collective actions are intended to serve the interests of judicial economy and to aid in the vindication of plaintiffs' rights. *Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989).* The district courts have discretion, in appropriate cases, to facilitate[**5] notice to potential members of the class on whose behalf the collective action has been brought. *Id. at 169, 110 S. Ct. at 486.*

*Section 216(b)*'s [HN4] affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure. See *Fed.Rule Civ.Proc. 83.* It follows that, once an [FLSA] action is filed, the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way.

*Hoffmann-La Roche Inc. v. Sperling, 493 U.S. at 170-171, 110 S. Ct. at 486.* [HN5] Although a district court has discretion to authorize notice to similarly situated employees of the opportunity to opt-in to a class, the giving of such notice is not mandatory. *Id., 493 U.S. at 169;* see also *Camper v. Home Quality Mgmt., Inc., 200 F.R.D. 516, 519 (D.Md. 2000)*(holding that the relevant inquiry "is[**6] not whether the Court has discretion to facilitate notice, but whether this is an appropriate case in which to exercise discretion"); *Hall v. Burk, 2002 U.S. Dist. LEXIS 4163, 2002 WL 413901, *2 (N.D.Tex. 2002); Harrington v. Education Management Corp., 2002 U.S. Dist. LEXIS 8823, 2002 WL 1009463, *1-2 (S.D.N.Y. 2002)*(decision to authorize opt-in notice to potential plaintiffs under the FLSA is an issue within the discretion of the district court). This Court has a "responsibility to avoid the 'stirring up' of litigation

through unwarranted solicitation." *Severtson v. Phillips Beverage Co., 137 F.R.D. 264, 266-67 (D.Minn.1991).*

[HN6] Eighth Circuit precedent does not provide the procedure we should utilize in deciding whether a collective action should be approved and/or whether to exercise discretion and authorize notice to the potential opt-in class. Other courts that have confronted these issues have used one of two tests aptly described by the Fifth Circuit Court of Appeals in *Mooney v. Aramco Services Co., 54 F.3d 1207, 1213 (5th Cir. 1995).* First, there is the two-part ad hoc test set out in *Lusardi v. Xerox Corp., 118 F.R.D. 351 (D.N.J. 1987).* Applying[**7] the two-part test, the Court first uses a lenient standard to determine whether similarly situated persons exist, and if appropriate, the class is conditionally certified. See *Mooney, 54 F.3d at 1214.* [*945] The second step occurs after notice, time for opting-in, and discovery have taken place. Applying a stricter standard, the Court makes a factual determination on the similarly situated question. The second inquiry is usually conducted upon a defendant's motion for decertification. *Id.* The alternative to the two-part test is to resort to the analysis applicable to *Rule 23* class action certification: the Court looks at numerosity, commonality, typicality, and adequacy of representation. See *Shushan v. University of Colorado, 132 F.R.D. 263 (D.Colo. 1990).*

This Court does not find it necessary to predict which test would be endorsed by the Eighth Circuit Court of Appeals. Whatever test is employed, the relevant inquiry is whether the members of the proposed class are similarly situated. [HN7] Plaintiff bears the burden of establishing that he is similarly situated with the class he wishes to represent. See *Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996).*[**8] The plaintiff's burden is not heavy and may be met by making substantial allegations of class-wide discrimination that are supported by affidavits. *Id. at 1097.* Plaintiff need not show that his position is or was identical to the putative class members' positions; a class may be certified under the FLSA if the named plaintiff can show that his position was or is similar to those of the absent class members. *Id. at 1096; Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1214 (5th Cir.1995).* However, unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden. See *Haynes v. Singer Co., Inc., 696 F.2d 884, 887 (11th Cir. 1983).*

Plaintiff has failed to present sufficient evidence that members of the proposed class are similarly situated.

Plaintiff's view seems to be that all salaried Wal-Mart employees below officer level are similarly situated no matter what the nature of their duties: the employees are similarly situated simply because they claim violations of the law by the same employer. Adopting Plaintiff's position would require us to conclude that if an employer has two or more non-officer, [**9] salaried employees who allegedly are not being paid overtime as required by the Act, then a collective action would be appropriate under *216(b).* On the other hand, Wal-Mart has offered affidavits indicating that the class proposed by Plaintiff includes more than 7,000 current and former employees and that there are material differences in the duties and responsibilities of those employees. Plaintiff does not dispute this, but contends that it is inappropriate to engage in such detailed analysis at this stage of the litigation. We do not agree. [HN8] The Court's responsibility to intervene in the management of this litigation began when the case was filed.

[HN9] In FLSA cases, disputes regarding the nature of an employee's duties are questions of fact. In order for this Court to conclude that Plaintiff is similarly situated to the proposed class and/or that all claims have common questions of fact and are typical of one another, it is necessary to make a preliminary determination that Plaintiff's duties are generally comparable to those he seeks to represent. In light of the fact that Wal-Mart is one of the largest employers in the world, it is incumbent upon Plaintiff to propose a class that[**10] is sufficiently defined and manageable from the outset. It would be a waste of the Court's and the litigants' time and resources to notify a large and diverse class only to later determine that the matter should not proceed as a collective action because the class members are not similarly situated.

III. Conclusion

For the reasons stated herein, the Court finds that Plaintiff has not satisfied either [*946] the commonality or typicality elements of *Rule 23(a)*, or made a separate demonstration that the employees to whom he seeks to represent in the proposed collective action "similarly situated." Accordingly, Plaintiff's motion for approval should be and hereby is DENIED.

IT IS SO ORDERED.

Robert T. Dawson

United States District Judge

```
     DATE: OCTOBER 10, 2003

  CLIENT: 66136 COMPSCI 9120DT TCP
 LIBRARY: LEXSEE
CITATION:  186 F.R.D. 399
```

H&R BLOCK, LTD., PLAINTIFF vs. BRENDA HOUSDEN AND KAREN K. BEARD, DEFENDANTS
No. 1:97-CV-0646

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, BEAUMONT DIVISION

186 F.R.D. 399; 1999 U.S. Dist. LEXIS 10468

June 23, 1999, Decided
June 23, 1999, Opinion Filed

DISPOSITION: [**1] Counter-plaintiffs' Motion for Approval of Notice of Pending Action and Right to Participate DENIED.

CASE SUMMARY:

PROCEDURAL POSTURE: Defendant employees, who sought to bring a collective action against defendant employer under the Fair Labor Standards Act, 29 U.S.C.S. § 201 et seq., moved for approval of notice of pending action and right to participate under 29 U.S.C.S. § 216(b).

OVERVIEW: Plaintiff employer filed suit against two defendant employees for violation of non-competition and non-solicitation clauses in their employment contracts. Defendants counterclaimed for failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C.S. § 201 et seq. Defendants moved for approval of notice of pending action and right to participate under 29 U.S.C.S. § 216(b). Under this motion, defendants sought to bring a collective action on behalf of themselves and other employees similarly situated. The court denied the motion. Defendants had not satisfied the requirements of either of two methods for certifying class actions pursuant to 29 U.S.C.S. § 216(b). Under the "two-step" method, defendants failed to present sufficient evidence that similarly situated employees existed. Defendants had only submitted affidavits making conclusory allegations. They had not identified potential plaintiffs, submitted affidavits of potential plaintiffs, or submitted any other evidence to show that widespread discrimination existed. Defendants also failed under the "spurious" method to present evidence of numerosity, commonality, typicality, or adequacy of representation.

OUTCOME: The court denied defendants' motion for approval of notice of pending action and right to participate in their proposed class action against plaintiff employer. Defendants had failed under both the "two-step" method and the "spurious" method to present sufficient evidence that similarly situated employees existed.

CORE TERMS: movants, class action, two-step, similarly situated, first step, counter-plaintiff, spurious, opt-in, Fair Labor Standards Act, failed to present, unsupported, putative

LexisNexis (TM) HEADNOTES - Core Concepts:

Civil Procedure: Class Actions: Prerequisites
Labor & Employment Law: Wage & Hour Laws: Civil Procedure & Remedies
[HN1] Under the "two-step" method of class certification under 29 U.S.C.S. § 216 (b), there are two phases a court considers. First, the court must decide whether a party has presented significant evidence that similarly situated potential plaintiffs exist. This decision is made after the plaintiff has petitioned for judicially-certified notification of putative class members and come forward with competent evidence suggesting that such class members exist. Second, the court must provide adequate time for other parties to opt-in and for discovery to be conducted, at which point the court considers, generally upon defendant's motion, whether the action should be decertified. If the court decides that a collective class action is inappropriate, then it dismisses the opt-in plaintiffs and the case proceeds on the named plaintiffs' individual claims.

Civil Procedure: Class Actions: Prerequisites
Labor & Employment Law: Wage & Hour Laws: Civil Procedure & Remedies
[HN2] Although the standard for satisfying the first step of the "two-step" method of class certification under 29 U.S.C.S. § 216(b) is lenient, a court still requires at least substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination. Courts who have faced the question of whether movants established substantial allegations have considered factors such as whether potential plaintiffs were identified, whether affidavits of potential plaintiffs were submitted, and whether evidence of a widespread discriminatory plan was submitted.

Labor & Employment Law: Wage & Hour Laws: Civil Procedure & Remedies
[HN3] Unsupported assertions of widespread Federal Labor Standard Act (FLSA) violations do not satisfy the movant's burden under § 216(b) of the FLSA.

Civil Procedure: Class Actions: Prerequisites
Labor & Employment Law: Wage & Hour Laws: Civil Procedure & Remedies
[HN4] Under the "spurious" method of class certification under 29 U.S.C.S. § 216 (b), a court considers factors similar to those considered in Fed. R. Civ. P. 23(c) cases, that is, "numerosity," "commonality," "typicality," and "adequacy of representation," to determine whether a class should be certified.

COUNSEL: For PLAINTIFF: STEPHANIE DONEAN SURRATT, JOHN W. NEWTON III, J.HOKE PEACOCK II, HOWARD L. CLOSE, ORGAIN BELL & TUCKER, BEAUMONT, TX.

For DEFENDANT: WILLIAM H. YOES, BEAUMONT, TX.

JUDGES: HOWELL COBB, UNITED STATES DISTRICT JUDGE.

OPINIONBY: HOWELL COBB

OPINION: [*399] MEMORANDUM OPINION

Before this Court is a Motion for Approval of Notice of Pending Action and Right to Participate. This is essentially a motion to alert potential class members of the ongoing suit pursuant to 29 U.S.C. § 216(b)(hereinafter Section 216(b)). Unlike the standard form of bringing a class action, namely Federal Rule of Civil Procedure 23(c), Section 216(b) provides parties bringing a claim under the Fair Labor Standards Act (FLSA) with an opt-in, rather than an opt-out, procedure.

[*400] BACKGROUND

In March 1997, Plaintiff H&R Block filed suit in state court against Defendants Karen K. Beard and Brenda Housden for violation of non-competition and non-solicitation clauses contained in their respective employment contracts. In October 1997, Beard and Housden brought a counterclaim against plaintiff [**2]alleging failure to pay overtime in violation of the Fair Labor Standards Act, codified at 29 U.S.C. § 201 et seq. Beard and Housden now seek to maintain a Section 216(b) collective action on behalf of "themselves and other employees similarly situated" as provided by § 216(b) of the FLSA.

ANALYSIS

The circuits have developed two approaches to certifying class actions brought pursuant to § 216(b). The Fifth Circuit has expressly refused to endorse either method over the other. *Mooney v. Aramco Services, 54 F.3d 1207, 1216 (5th Cir. 1995)*. This Court will therefore look at plaintiff's claim from within the context of both.

[HN1] According to the first method, developed in *Lusardi v. Xerox Corp., 118 F.R.D. 351 (D. N.J. 1987)* and known as the "two-step" method, the court considers certification in two phases. First, the court must decide whether the plaintiff has presented significant evidence that similarly situated potential plaintiffs exist. This decision is made after the plaintiff has petitioned for judicially-certified notification of putative class members and come forward with competent evidence suggesting that such[**3] class members exist. *Mooney, 54 F.3d at 1213-14.*

Second, the court must provide adequate time for other parties to opt-in and for discovery to be conducted, at which point the court considers, generally upon defendant's motion, whether the action should be decertified. If the court decides that a collective class action is inappropriate, then it dismisses the opt-in plaintiffs and the case proceeds on the named plaintiffs' individual claims. *Id. at 1214.*

Following the two-step approach, this court finds that counter-plaintiff has failed to present sufficient evidence that similarly situated plaintiffs exist, and therefore failed to pass the first step of the test. [HN2] Although the standard for satisfying the first step is lenient (see *Id. at 1214*), the court still requires at least "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Id. at 1214 n.8* (citing *Sperling v. Hoffmann-La Roche, Inc., 118 F.R.D. 382 at 407*). Courts who have faced the question of whether movants established substantial allegations have[**4] considered factors such as whether potential plaintiffs were identified (*Garner v. G.D. Searle Pharmaceuticals, 802 F. Supp. 418 (M.D. Ala. 1991)*); whether affidavits of potential plaintiffs were submitted (*Belcher v. Shoney's, Inc., 927 F. Supp. 249, 252 (M.D. Tenn. 1996)*); and whether evidence of a widespread discriminatory plan was submitted (*Klegerman v. F.G. Apparel Inc., 1986 U.S. Dist. LEXIS 29447, 1986 WL 2531, *5 (N.D. Ill. Feb. 10, 1986)*). In this case, movants have failed to do all of the above. They have failed to identify potential plaintiffs, submit affidavits of potential plaintiffs or submit any other evidence that might show a widespread plan of discrimination existed.

All movants have done is submit affidavits making conclusory allegations. They present, for example, affidavits of the two counter-plaintiffs which simply state that they believe other workers were discriminated against in similar ways (see Affidavit of Karen Beard, p. 2 and Affidavit of Brenda Housden, p. 2). In 1983, the 11th Circuit ruled that [HN3] unsupported assertions of wide-spread FLSA violations, such as the ones made here, did not satisfy the movant's 216(b) burden. *Haynes v. Singer Co., Inc., 696 F.2d 884 (11th Cir. 1983).*[**5] Likewise, in 1995 a district court in Maryland determined that even where potential plaintiffs were listed, a factual showing suggesting that they were similarly situated was required. *D'Anna v. M/A-Com, Inc., 903 F. Supp. 889, 894 (D. Md. 1995).* Movants in this case make no such factual showing, nor do they go beyond the level of making unsupported factual assertions. Consequently, under the "two-step" approach, their petition fails to satisfy the requirements of the first step.

Apart from the "two-step" approach, there is one other method by which Section 216(b) class actions can be certified. This method, employed by the district court in *Shushan v. [*401] University of Colorado, 132 F.R.D. 263 (D.Colo. 1990),* derives from the "spurious" class action procedure previously eliminated from Fed.R.Civ.P. 23. *Mooney, 54 F.3d at 1214.* [HN4] Under this approach, the court considers factors similar to those considered in Rule 23(c) cases, i.e. "numerosity," "commonality," "typicality," and "adequacy of representation," to determine whether a class should be certified. Id. Movants in this case have completely failed to present a factual showing on[**6] these matters and, consequently, fail the "spurious" class action test.

In deciding whether the movants of this case have met the requirements of either the "spurious" class action procedure or the "two-step" approach, this court is mindful that it, like practicing attorneys, has a responsibility to refrain from stirring up unwarranted litigation. *D'Anna, 903 F. Supp. at 894.* Further, "employers should not be unduly burdened by a frivolous fishing expedition conducted by the plaintiff at the employer's expenses." Id. For this reason, and for the reasons set forth above, counter-plaintiffs' Motion for Approval of Notice of Pending Action and Right to Participate should be DENIED.

SIGNED this 23rd day of June, 1999.

HOWELL COBB

UNITED STATES DISTRICT JUDGE