DEBORAH BAUM, JACK H. BAUM, ROSE MARIE CAMPBELL, CARLOSRIVERA, and LUCIA DESAMPER, Plaintiffs, v. SHONEY'S INC., f/k/a TPI, INC.,Defendant,
Case No. 98-423-CV-ORL-19B

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OFFLORIDA, ORLANDO DIVISION

1998 U.S. Dist. LEXIS 21484; 5 Wage & Hour Cas. 2d (BNA) 127

December 3, 1998, Decided
December 3, 1998, Filed

DISPOSITION: [*1] Plaintiffs' Motion for Expedited Court Supervised Notice (Doc No. 9, filed June 5, 1998) DENIED.

CASE SUMMARY:

PROCEDURAL POSTURE: Plaintiffs filed a motion for expedited court supervised notice, seeking approval of the court to send notice to all "similarly situated" individuals in accordance with § 16(b) of the Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C.S. § 201 et seq., in their action brought under the FLSA. Defendant employer opposed the motion.

OVERVIEW: Plaintiffs, sued defendant employer under the Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C.S. § 201 et seq., action on behalf of themselves and numerous others similarly situated. Plaintiffs filed a motion for expedited court supervised notice, seeking approval of the court to send notice to all "similarly situated" individuals in accordance with § 16(b) of the FLSA. Plaintiffs indicated that the class should have included all present and former employees of defendant who were paid on an hourly basis or under a fluctuating pay plan and who were employed by defendant at any time within the three year period preceding the filing of the complaint. The court denied the motion because plaintiffs failed to provide evidence, as they were required to do, that aggrieved individuals existed within the broad class they proposed, and failed to make the required showing that the potential class members were similarly situated to each other.

OUTCOME: Plaintiff's motion for expedited court supervised notice was denied because plaintiffs failed to provide evidence that aggrieved individuals existed within the broad class they proposed, and failed to make the required showing that the potential class members were similarly situated to each other.

CORE TERMS: similarly situated, restaurant, notice, age discrimination, former employees, aggrieved, authorize, fluctuating, non-server, franchise, hourly

LexisNexis (TM) HEADNOTES - Core Concepts:

Labor & Employment Law: Wage & Hour Laws: Civil Procedure & Remedies
[HN1] 29 U.S.C.S. § 216(b) provides that a collective action may be maintained against any employer by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

Labor & Employment Law: Wage & Hour Laws: Civil Procedure & Remedies
[HN2] A court has the discretion to authorize notice to potential class members under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.S. § 201 et seq. Before authorizing such notice, the court must determine whether other employees exist who are "similarly situated" with respect to job requirements and pay provisions. In determining whether potential class members are similarly situated, the United States Court of Appeals for the Eleventh Circuit does not require a showing that potential class members were together the victims of a single decision, policy. However, such a showing is probative in determining whether potential class members are similarly situated.

Labor & Employment Law: Wage & Hour Laws: Civil Procedure & Remedies
[HN3] Before a court authorizes notice to potential class members under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.S. § 201 et seq., plaintiffs, among other requirements, must also demonstrate that aggrieved individuals exist within the broad class they propose.

Labor & Employment Law: Wage & Hour Laws: Civil Procedure & Remedies
[HN4] Plaintiffs may meet the burden of providing evidence to support their allegations by making substantial detailed allegations of class-wide violations

of the Fair Labor Standards Act of 1938, as amended, *29 U.S.C.S. § 201* et seq., supported by affidavits.

COUNSEL: For DEBORAH BAUM, JACK H. BAUM, ROSE MARIE CAMPBELL, CARLOS RIVERA, LUCIA DESAMPER, plaintiffs: H. Clay Parker, IV, Daniel N. Brodersen, Parker, Burke, Landerman, & Parker, P.A., Orlando, FL.

For SHONEY'S INC., defendant: Michael J. Mueller, Joel M. Cohn, T. Cy Walker, Akin, Gump, Strauss, Hauer & Feld, Washington, DC.

For SHONEY'S INC., defendant: Tucker H. Byrd, Gregory W. Herbert, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Orlando, FL.

JUDGES: PATRICIA C. FAWSETT, UNITED STATES DISTRICT JUDGE.

OPINIONBY: PATRICIA C. FAWSETT

OPINION: ORDER

This cause came before the Court on Plaintiffs' Motion for Expedited Court Supervised Notice and Memorandum of Law in Support Thereof (Doc No. 9, filed June 5, 1998) and Defendant's Memorandum in Opposition to Plaintiffs' Motion for Expedited Court Supervised Notice (Doc. No. 28, filed September 4, 1998). Both parties have submitted a number of documents in support of their positions.

Plaintiffs have brought this action against Defendant Shoney's Inc, f/k/a TPI, Inc. n1 under the Fair Labor Standards Act of 1938 ("FLSA"), [*2] as amended, *29 U.S.C. § 201, et seq.*. Plaintiffs have brought this action on behalf of themselves and "numerous other similarly situated TPI employees" pursuant to *29 U.S.C. § 216*(b). (Doc. No. 1 at P 20, filed April 13, 1998).

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n1 According to the Defendant, the correct entity is TPI Restaurants, Inc. ("TPIR"), not TPI Inc.. Before September 1996, TPIR was a separately owned corporation that operated approximately 175 Shoney's concept restaurants in eleven states under franchise agreements. In September 1996, Shoney's Inc. acquired TPIR including all the Shoney's concept restaurants previously owned and operated by TPIR. (Doc. No. 28).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - -

Plaintiffs allege three distinct claims. First, Plaintiffs allege that hourly employees were not compensated for all of the time they worked. Second, they contend Defendant used the fluctuating workweek method of overtime payment but violated the requirements for this method of payment. n2 Third, Plaintiffs allege Defendant required servers to perform non-server duties but[*3] failed to pay the corresponding non-server rate.

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - -

n2 See *29 C.F.R. § 778.114*.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - -

Plaintiffs seek approval of the Court to send a notice to all "similarly situated" individuals in accordance with section 16(b) of the FLSA, *29 U.S.C. § 216*(b). Plaintiffs indicate that the class should include "all present and former employees of Shoney's Inc. who were paid on an hourly basis or under a fluctuating pay plan and who were employed at a Shoney's Inc. /TPI, Inc. restaurant at any time within the three year period preceding the filing of the Complaint." (Doc. No. 9 at 4, filed June 5, 1998). After consideration of the motion and Defendant's response, the Court denies the motion.

[HN1] Section 16(b) of the FLSA provides that a collective action "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." *29 U.S.C. § 216*(b). [HN2] The Court has the discretion to authorize notice to potential class members under the FLSA. See *Dybach* [*4] *v. State of Florida Dep't of Corrections, 942 F.2d 1562, 1567 (11th Cir. 1991)*.

Before authorizing such notice, the Court must determine whether other employees exist who are "similarly situated" with respect to job requirements and pay provisions. See *id. at 1567-68*. In determining

whether potential class members are similarly situated, the Eleventh Circuit does not require a showing that potential class members were together the victims of a single decision, policy, or plan. See *Grayson, 79 F.3d 1086 at 1095* (interpreting § 216(b) in an age discrimination case). However, such a showing is probative in determining whether potential class members are similarly situated. See e.g. *Sperling v. Hoffman-La Roche, Inc., 118 F.R.D. 392, 406 (D.N.J.)*, aff'd in relevant part, *862 F.2d 439 (3d Cir. 1988)*, aff'd, *493 U.S. 165 (1989)*; see *Brooks v. Bellsouth Telecomms. Inc., 164 F.R.D. 561, 566-67 (N.D. Ala. 1995)*, aff'd, *114 F.3d 1202 (11th Cir. 1997)*.

[HN3] Before the Court authorizes notice, Plaintiffs must also demonstrate that aggrieved individuals exist within the broad class they propose. *Haynes v. Singer Co., Inc., 696 F.2d 884, 888 (11th Cir. 1983)*. In Haynes,[*5] the Eleventh Circuit held that notice should not have been authorized where the judge was only presented counsel's unsupported assertions that FLSA violations were widespread. See id.

Plaintiffs assert that the allegations in their Complaint are sufficient to demonstrate the existence of other potential class members who are similarly situated. This assertion is a misstatement and misunderstanding of the law. n3 The Eleventh Circuit has clearly indicated that Plaintiffs must provide evidence to support their allegations. See id. [HN4] Plaintiffs may meet this burden by making substantial detailed allegations of class-wide violations of the FLSA supported by affidavits. See generally *Grayson v. K Mart Corp., 79 F.3d 1086, 1097-99 (11th Cir. 1996)* (finding court authorized notice proper under *29 U.S.C. § 216(b)* in an age discrimination case where plaintiffs provided affidavits containing statistics and company executive statements that supported the allegations that the potential class members were "similarly situated").

------------------Footnotes------------------

n3 This argument calls into question whether Plaintiffs and their counsel are suitable representatives for their potential class.

---------------End Footnotes----------------

[*6]

In this case, Plaintiffs propose a class that includes all employees and former employees of Shoney's Inc./TPI, Inc.. This would include employees at approximately 175 Shoney's concept restaurants in eleven states that were under separate franchise agreements. (Doc. 29, filed September 4, 1998). In support of their motion, Plaintiffs have provided five affidavits that are almost identical to each other. (Doc. No. 18, Doc. No. 19, Doc. No. 20, Doc. No. 21, Doc. No. 22). The affidavits are limited to employees who work or have worked at Shoney's restaurants in Orange County, Florida. n4 Id. Plaintiffs have not provided any evidence that employees in restaurants outside of Orange County are similarly situated to Plaintiffs. Plaintiffs also have not provided evidence, other than general statements within their own affidavits, that FLSA violations have occurred to employees at restaurants outside Orange County. Further, Plaintiffs have not shown that potential class members were together the victims of a single decision, policy, or plan.

------------------Footnotes------------------

n4 Defendants note that the affidavits are also substantially similar to affidavits filed in a different case against Shoney's in Nashville, Tennessee. (Doc. 28, Exh. 3, filed September 4, 1998).

---------------End Footnotes----------------

[*7]

Based on the foregoing, the Court denies Plaintiffs' motion. Plaintiffs have failed to provide evidence, as they are required to do, that aggrieved individuals exist within the broad class they propose. See *Haynes, 696 F.2d at 888*. Plaintiffs also have failed to make the required showing that the potential class members are similarly situated to each other. See *Dybach, 942 F.2d at 1567-68*.

CONCLUSION

Accordingly, Plaintiffs' Motion for Expedited Court Supervised Notice (Doc No. 9, filed June 5, 1998) is DENIED.

DONE AND ORDERED at Orlando, Florida this, 3rd day of December, 1998.

PATRICIA C. FAWSETT                                    UNITED STATES DISTRICT JUDGE