ERIC DEAN, Plaintiff, v. PRICELINE.COM, INC., Defendant.

No. 3:00CV1273 (DJS)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

2001 U.S. Dist. LEXIS 24982

June 5, 2001, Decided

DISPOSITION: [*1] Plaintiff's motion to join additional parties denied.

CASE SUMMARY:

PROCEDURAL POSTURE: Plaintiff former employee brought a 12-count action against defendant former employer, alleging two federal claims under *29 U.S.C.S. §§ 207*(a)(1), and 215(a)(3) of the Fair Labor Standards Act (FLSA), and 10 state law claims under various state statutes and the common law. The employee moved for certification of a "collective action" under *29 U.S.C.S. § 216*(b) of the FLSA.

OVERVIEW: The gravamen of the employee's complaint was that the employer violated the FLSA because it did not pay him overtime wages. The employer took the position that the employee was exempt from the overtime provisions of the FLSA. The issue before the court was whether the "appropriate circumstances" existed for the court to exercise its discretion in allowing the action to proceed as a collective action. The employee argued that the employer violated the FLSA by failing to implement a company-wide policy by which it could accurately categorize exempt and non-exempt employees. It was clear that what the employee was really challenging was the employer's determination that the employee was exempt under the FLSA. Collective treatment of the action was inappropriate. From a practical standpoint, litigating this case as a collective action would have been extremely difficult. The exempt or non-exempt status of any particular employee had to be determined on the basis of whether his duties, responsibilities, and salary met all of the requirements of the appropriate section of the regulations.

OUTCOME: The motion was denied.

CORE TERMS: exempt, overtime, similarly situated, collective action, wages, notice, join, duties, Fair Labor Standards Act, properly classified, job duties, non-exempt, authorize

LexisNexis (TM) HEADNOTES - Core Concepts:

Labor & Employment Law: Wage & Hour Laws: Overtime & Work Period
[HN1] See *29 U.S.C.S. § 207*(a)(1).

Labor & Employment Law: Wage & Hour Laws: Exemptions
[HN2] The general mandate for overtime pay in *29 U.S.C.S. § 207*(a)(1) does not apply to persons employed in a bona fide executive, administrative, or professional capacity. *29 U.S.C.S. § 213*(a)(1).

Labor & Employment Law: Wage & Hour Laws: Civil Procedure & Remedies
[HN3] The Fair Labor Standards Act allows one or more employees to pursue an action in a representative capacity for other similarly situated employees. *29 U.S.C.S. § 216*(b). This type of action allows potential class members who are similarly situated to the named plaintiff to "opt in" to the case.

Labor & Employment Law: Wage & Hour Laws: Civil Procedure & Remedies
[HN4] See *29 U.S.C.S. § 216*(b).

Labor & Employment Law: Wage & Hour Laws: Civil Procedure & Remedies
[HN5] It is well settled that district courts have the discretionary power to authorize the sending of notice to potential class members in a collective action brought pursuant to *29 U.S.C.S. § 216*(b) of the Fair Labor Standards Act.

Labor & Employment Law: Wage & Hour Laws: Civil Procedure & Remedies
[HN6] The threshold issue in deciding whether to authorize class notice in an Fair Labor Standards Act action is whether plaintiffs have demonstrated that potential class members are "similarly situated."

Labor & Employment Law: Wage & Hour Laws: Civil Procedure & Remedies

Labor & Employment Law: Wage & Hour Laws: Exemptions
[HN7] To determine which employees are entitled to overtime compensation under the Fair Labor Standards Act depends on an individual, fact-specific analysis of each employee's job responsibilities under the relevant statutory exemption criteria.

Labor & Employment Law: Wage & Hour Laws: Exemptions
[HN8] See 29 C.F.R. § 542.201(b)(2).

Labor & Employment Law: Wage & Hour Laws: Exemptions
[HN9] Determining whether an employee is exempt is extremely individual and fact-intensive, requiring a detailed analysis of the time spent performing administrative duties and a careful factual analysis of the full range of the employee's job duties and responsibilities.

COUNSEL: For Eric Dean, PLAINTIFF: Mark Paul Carey, Carey & Associates, Southport, CT USA.

For Eric Dean, PLAINTIFF: Robert L Cavanaugh, Jr, Rodie & Connolly, Stratford, CT USA.

For Priceline.com Inc, DEFENDANT: Kevin D O'Leary, Joel B Casey, Cummings & Lockwood, Hartford, CT USA.

For Priceline.com Inc, DEFENDANT: Richard Michael Solazzo, Cummings & Lockwood, Stamford, CT USA.

JUDGES: DOMINIC J. SQUATRITO, UNITED STATES DISTRICT JUDGE.

OPINIONBY: DOMINIC J. SQUATRITO

OPINION: RULING

The plaintiff has brought this twelve-count action against the defendant, Priceline.com, Inc. ("Priceline"), alleging two federal claims under the Fair Labor Standards Act ("FLSA"), *29 U.S.C. §§ 207*(a)(1) & 215(a)(3), and ten state law claims under various state statutes and the common law. Count One alleges a failure to pay overtime wages in violation of the FLSA. Count Two alleges that Priceline retaliated against plaintiff in violation of *29 U.S.C. § 215*(a)(3) for filing a complaint with the Department of Labor. Counts Three and Four allege overtime and retaliation claims[*2] in violation of state statutes. See Conn. Gen. Stat. §§ 31-60(a) & 69(b). Counts Five through Twelve allege state common law, contractual, and extra-contractual, claims.

Now pending is the plaintiff's motion to join additional parties pursuant to § 216(b) of the FLSA. For the reasons that follow, the motion is DENIED.

FACTS

The plaintiff was employed by the defendant as a Senior Database Administrator from April 15, 1999, until he resigned on June 14, 2000. The plaintiff claims that he often was called upon to perform tasks in the evening, the early morning hours, and on weekends from April through December of 1999, and, thereafter, every third week from January 2000 until his resignation in June of 2000. The gravamen of his complaint is that the defendant violated the FLSA because it did not pay him overtime wages during his tenure as a Priceline employee. n1

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - -

n1 The Fair Labor Standards Act states that no employer within the meaning of the Act [HN1] "shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." *29 U.S.C. § 207*(a)(1). [HN2] This general mandate, however, does not apply to persons employed in a bona fide executive, administrative, or professional capacity. See *29 U.S.C. § 213*(a)(1).

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

[*3]

The defendant has taken the position that the plaintiff is exempt from the overtime provisions of the FLSA. It claims that from the outset of his negotiations with Priceline, the plaintiff understood that he would not receive overtime, but would be a salaried professional-level employee instead. Further, Priceline claims that the position for which plaintiff was hired, and at which he worked, was one that required him regularly and consistently to exercise discretion and independent judgment in, inter alia, identifying and solving problems; planning, scheduling, and coordinating activities; and developing problem-solving systems.

In light of these duties, Priceline maintains that the plaintiff is exempt from the overtime mandate of the FLSA on two independent grounds. First, the defendant argues that the plaintiff is an exempt computer-related professional employee within the meaning of the FLSA. Second, the defendant asserts that the plaintiff's job description also meets the definition of an administrative employee, another exempt category. The plaintiff, of course, disagrees with both arguments and has moved this court for permission to give notice of this suit to other Priceline[*4] employees who also were not payed overtime wages and to allow them to join the litigation.

DISCUSSION

The plaintiff moves for certification of a "collective action" under § 216(b) of the FLSA. n2 [HN3] The FLSA allows one or more employees to pursue an action in a representative capacity for other similarly situated employees. See *29 U.S.C. § 216*(b). This type of action allows potential class members who are similarly situated to the named plaintiff to "opt in" to the case. Id.

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n2 Section 216(b) of the FLSA provides in pertinent part:

[HN4] An action ... may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*29 U.S.C. § 216*(b).

- - - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - - -

[HN5] "It is well settled that district courts[*5] have the discretionary power to authorize the sending of notice to potential class members in a collective action brought pursuant to § 216(b) of the FLSA." *Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)* (citing *Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 107 L. Ed. 2d 480, 110 S. Ct. 482 (1989); Braunstein v. Eastern Photographic Laboratories, Inc.,*

*600 F.2d 335, 336 (2d Cir. 1978))*. Thus, the issue presently before this court is whether the "appropriate circumstances" exist for the court to exercise its discretion in allowing this action to proceed as a collective action. Id.  [HN6] The threshold issue in deciding whether to authorize class notice in an FLSA action is  whether plaintiffs have demonstrated that potential class members are "similarly situated." Id. (citing *29 U.S.C. § 216*(b)).

According to the plaintiff, the putative class members are similarly situated because all were denied overtime pay as a result of being misclassified as exempt. The plaintiff argues that the defendant violated the FLSA by failing to implement a company-wide policy by which it could accurately categorize[*6] exempt and non-exempt employees. It is clear that "what plaintiff [is] really challenging here is defendant's determination that [plaintiff is] exempt under the FLSA." *Morisky v. Public Service Electric and Gas Co., 111 F. Supp. 2d 493, 498 (D.N.J. 2000)* (denying plaintiff's motion for collective action under § 216(b)). This court finds the following language, employed by Judge Pisano in Morisky, particularly persuasive given the factual similarities between these two cases:

[HN7] To determine which employees are entitled to overtime compensation under the FSLA depends on an individual, fact-specific analysis of each employee's job responsibilities under the relevant statutory exemption criteria. Therefore, "similarly situated" in this case must be analyzed in terms of the nature of the job duties performed by each class member, as the ultimate issue to be determined is whether each employee was properly classified as exempt ... The scope of the class is dependent upon the answer to the question that is at the heart of this case -- which employees are properly classified as exempt? ... The proposed class consists of a group of individuals with different jobs [*7]and different job responsibilities who believe they have been improperly classified as exempt and denied overtime wages ... Thus, plaintiffs are seeking to have this Court certify a class based upon their own belief as to which employees do not satisfy any of the exemption criteria -- the very issue to be litigated in this action.

*Id. at 498-99*. Given the pending legal issues and the current posture of this matter, the court concludes that collective treatment of this action would be inappropriate.

Further, from a practical standpoint, litigating this case as a collective action would be extremely difficult, at best. [HN8] "The exempt or non-exempt status of any particular employee must be determined on the basis of whether his duties, responsibilities and salary meet all

the requirements of the appropriate section of the regulations." 29 C.F.R. § 541.201(b)(2). [HN9] Determining whether an employee is exempt is extremely individual and fact-intensive, requiring "a detailed analysis of the time spent performing administrative duties" and "a careful factual analysis of the full range of the employee's job duties and responsibilities." *Cooke v. General Dynamics Corp., 993 F. Supp. 56, 59-61 (D. Conn. 1997).*[*8] For these reasons, the court declines to exercise its discretion to allow a collective action in this case.

CONCLUSION

The plaintiff's motion to join additional parties [doc. # 69 (3:00CV1273 (DJS))] is DENIED.

So ordered this 5th day of June, 2001.

DOMINIC J. SQUATRITO

UNITED STATES DISTRICT JUDGE