**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

MARIO RICHARDS,                         :
on behalf of himself and                :      CIVIL ACTION NO.
all others similarly situated           :      3:03 CV00630 (DJS)
          PLAINTIFFS,                   :
                                        :
     v.                                 :
                                        :
COMPUTER SCIENCES                       :
CORPORATION                             :      OCTOBER 20, 2003
          DEFENDANT.                    :

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY

Defendant claims that the plaintiff has failed to comply with discovery. The

defendant's claims are erroneous as the plaintiff, through counsel, Michael J.

Melly, had agreed to provide certain items in production. Plaintiff has, in fact, produced

said items, rendering many of the defendant's claims moot. However, certain of the

plaintiff's objections continue to be maintained in order to prevent discovery of irrelevant

and immaterial items and items that do not presently exist or are not within the

possession or knowledge of the plaintiff. For these reasons plaintiff provided information

and materials without waiving the objection. Further, counsel for the defendant has never

explained defendant's reasoning for continuing to maintain defendant's continued pursuit

of certain interrogatory requests or items of production that have been responded to and

produced as promised.

On June 23, 2003 plaintiff objected to defendant's requests for interrogatories and

production. Exhibits 1 & 2. On July 29, 2003 plaintiff responded to defendant's

interrogatory and production requests. Exhibits 1 & 2. On July 29, 2003, plaintiff served

an email in response to defendant's discovery request. Exhibit 2. Plaintiff provided

supplemental responses to interrogatories and Rule 26 a disclosures on October 13, 2003

[Exhibit 3] and supplemental responses to production on October 20, 2003. Exhibit 4.

On August 22, 2003 Attorney Melly stated to Attorney Paindiris that the plaintiff

would probably be willing to provide a redacted calendar and that he would speak to the

plaintiff further regarding the calendar. On August 28, 2003 Attorney Melly indicated to

Attorney Paindiris that the plaintiff would in fact provide a redacted calendar and emails

related to the issues in this case that are in plaintiff's possession. On September 30, 2003

the plaintiff provided the redacted calendar to the defendant and on September 31, 2003

the plaintiff provided emails to the defendant that had not been previously produced.

## INTERROGATORY NO. 2

For each position which you have worked for the defendant, described the duties you

performed on each day of a typical work week and the amount of time you devoted to

each duty.

Plaintiff responded to this interrogatory on July 29, 2003. see Exhibit 1.

## INTERROGATORY NO. 4

Identify all the persons with whom you have communicated concerning facts, issues, or

other matters involved in this case and describe in detail the substance and date of each

discussion.

Plaintiff responded to this interrogatory On July 29, 2003. Exhibit 2. Further

response was provided on October 13, 2003. Exhibit 3. Defendant did not specifically

state any problems with this interrogatory response during discussions between counsel

regarding plaintiff's objections.

**INTERROGATORY NO. 7**

Identify any statements, reports, memoranda, affidavits or recordings from any person that in any way concern the facts of the case or the matters alleged in your complaint.

Plaintiff filed supplemental response to this request on October 13, 2003. Exhibit 4. Further, these materials were promised to the defendant and were provided on July 29, 2003 and September 31, 2003. Exhibit 4.

Plaintiff continues to object to this request for the reason that items coming within the purview of this request that do not presently exist or that the plaintiff is not currently aware of and may be subject of one of the objections noted. It does not make good sense to waive said objection as the defendant so desires without knowing of the existence of a concrete document. However, without waiving said objection, the plaintiff, on July 29, 2003 and September 31, 2003, provided the defendant with emails generated by both he and the defendant.

The following objection continues to be maintained by the plaintiff.

**Objection**
Overbroad, unduly burdensome, vague, immaterial, irrelevant and not likely to lead to admissible evidence.

Attorney work product. Attorney client privilige. Materials prepared in anticipation of litigation.

**INTERROGATORY NO. 8**

Describe the factual basis for and itemize the precise amount of any damages you claim

to have suffered as a result of any alleged acts or omissions engaged in by the defendant.

The plaintiff responds to this interrogatory in his responses to interrogatory nos.

one through three.

**Objection**

To the extent that part of the damage analysis requires documentation

from the defendant, the plaintiff may not be able to provide a precise analysis. However,

as soon as the necessary documentation is provided the plaintiff will provide a detailed

analysis in accordance with the federal rules and the scheduling order in this case.

The plaintiff may be able to more precisely respond to this interrogatory upon receipt of

time records and records of tickets by the defendant. Defendant has, thus far, failed to

provide these records. Under the FLSA it is the defendant's responsibility to maintain

this information.


**INTERROGATORY NO. 9**

Identify by case name, case number and court each lawsuit in which you have been a

party or given sworn testimony.

**Objection**

Overbroad, unduly burdensome, vague, immaterial, irrelevant and not likely to

lead to admissible evidence.

Defendant's request is over broad. It encompasses law suits that may involve any

and all possible issues and subjects, whether or not the issues are relevant to this case.

Curiously, defendant objects to a similar but much less broad request of the Plaintiff wherein the plaintiff requested complaints and suits of defendant's employees regarding wage claims.

## INTERROGATORY NO. 10

Identify each and every instance in which you have been arrested or convicted of any offense other than a minor traffic violation.

### Objection

Overbroad, vague, immaterial, irrelevant and not likely to lead to admissible evidence. This request violates the plaintiff's fourth and fifth amendment rights to privacy and due process.

Fed. R. Civ. P. 609 (b) limits the admissibility of criminal convictions. It states, evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date... The defendant's interrogatory, as phrased, seeks arrests and convictions occurring over the entire life of the plaintiff. The probative value of a conviction more than ten years old is by definition outweighed by its prejudicial effect. U.S. v. Hamilton, 48 F.3d 149, 154 (5th Cir. 1995).

Fed. R. Civ. P. 401 defines relevant evidence as that evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. "The proposition that the evidence is offered to prove must be 'material' or the evidence may not be received. [FRE 401] requires that the proffered evidence must be relevant to prove

a proposition that is itself 'of consequence to the determination of the action, ie. material to the lawsuit." Neither an arrest nor a conviction of the plaintiff are remotely material to the issues in the present case. Further, the plaintiff responded at his deposition that he had not been arrested or convicted within the last seven years. Any further information beyond seven years is irrelevant and over broad.

The Eighth Circuit once noted, we cannot conceive of any business necessity that would automatically place every individual convicted of an offense, except a minor traffic offense, in the permanent ranks of the unemployed. Green v. Missouri Pacific Railroad Co., 523 F.2d 1290, 1298 (8th Cir. 1975)


**INTERROGATORY NO. 11**

If you have ever filed bankruptcy identify the court in which you have filed and the case number of your filing.

    **Objection**
    Overbroad, unduly burdensome, vague, immaterial, irrelevant and not likely to lead to admissible evidence. Violates privacy and credit reporting laws.

The financial information requested seeks enormous quantities of private information which are irrelevant and immaterial to the issues in this case. Justice Douglas noted in, California Bankers Ass'n v. Schultz, 416 U.S. 21, 85, 95 S.Ct. 1494, 1529, 39 L. Ed. 2d 812 (1974).

> In a sense a person is defined by the checks he writes. By examining them [one] gets to know his doctors, lawyers, creditors, political allies, social connections, religious affiliation, educational interests, the papers and magazines he reads, and so on ad infinitum....[T]he banking transactions of an individual give a fairly accurate account of his religion, ideology, opinions and interests.

Similarly, the defendant's request for bankruptcy information involves the same intrusion into the plaintiffs personal privacy.

## INTERROGATORY NO. 13

If you contend that any party to this action has at any time made any admission identify the admission and by whom it was made.

### Objection

This request is vague and broad as it encompasses all possible issues and subjects within the plaintiff's work related life. Defendant should be more specific as to which issues and topics it refers within this request in order for the plaintiff to intelligibly respond. Also regarding conversations counsel may have had with individuals constitute work product. . F.R.C.P. 26 (b) (3); see, Hickman v. Taylor, 329 U.S. 495, 510, 67 S.Ct. 385, 393 (1947); U.S. v. Adelman, 68 F. 3d 1495, 1501 (2d Cir. 1995).

## INTERROGATORY NO. 15

For the period of time that is the subject of this lawsuit, describe in detail the method by which you have recorded the hours you have worked; and identify the location of any such records.

Plaintiff responded to this request on July 29, 2003 and further provided the defendant with his calendar on September 30, 2003, which detailed for a portion of time his hours and work performed on a daily basis. Exhibits 2 and 3. Plaintiff, through counsel, promised this information and provided it. Plaintiff further provided a

supplemental response dated October 13, 2003, which noted the existence of said

calendar. Exhibit 3. Defendant failed to mention in its memorandum that the plaintiff

promised to provide this information and did in fact provide it.


## **PRODUCTION**

1.    All documents that refer or relate in any way to your employment with defendant,

including but not limited to employment applications, resumes, job assignments,

disciplinary action taken, against you, complaints made by to managerial individuals, and

notes or letters between you and defendant concerning any matter relating to your claims

in this case.

Without waiving said objection the plaintiff, on July 29, 2003 and September 31,

2003, provided the defendant with emails generated by both he and the defendant. See

Exhibit 4.[1]

Regarding the defendant's request for resumes see production No. 14.

Plaintiff further, continues to object to this request for the reason that items

coming within the purview of this request that do not exist or that the plaintiff is not

currently aware of and may be subject to one of the objections noted. However, It does

not make good sense to waive said objection as the defendant so desires without knowing

of the existence of a concrete document.

Plaintiff maintains the following objection.

### **Objection**
Overbroad, vague, immaterial, irrelevant and not likely to lead to admissible

---

[1] Plaintiff's supplemental responses to production dated October 20, 2003. It should be noted that the items referred to in supplemental responses were provided on July 29, 2003, September 30, 2003 and September 31, 2003. The items provided on September 30 & 31 2003 were done so pursuant to discussion between counsel regarding plaintiff's discovery objections.

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on 8/11/03

To:
Tasos C. Paindiris, Esq.
William Anthony, Esq.
Jackson Lewis
55 Farmington Avenue
Suite 1200
Hartfrod, Ct 06105

_____
Michael J. Melly

evidence.

The information requested encompasses private and confidential information and the information contained therein is not related to the issues in the case.

2.    All documents or other written or recorded statements given by persons contacted or interviewed by you, your attorneys, or anyone on your behalf which in any way relate to your claims.

Without waiving said objection the plaintiff provided the defendant with emails generated by both he and the defendant.  Plaintiff further provided a supplemental response to this request. Exhibit 4.

Plaintiff, however, continues to maintain said objection.

**Objection**
Attorney work product and/or materials prepared in anticipation of litigation.  Irrelevant and not likely to lead to admissible evidence.

Plaintiff continues to object to this request for the reason that items coming within the purview of this request that do not exist or that the plaintiff is not currently aware of and may be the subject of one of the objections noted.  It does not make good sense to waive said objection as the defendant so desires without knowing of the existence of a concrete document.

3.    All documents you maintain or maintained, including, but not limited to, personnel records, newspaper articles, e-mails, tapes, notes, calendars, and/or diaries, regarding your claims in this case.

**Objection**
Overbroad, vague, immaterial, irrelevant and not likely to lead to admissible evidence.

Without waiving said objection the plaintiff provided the defendant with emails generated by both he and the defendant and his personal calendar on July 29, 2003, September 30 & 31 2003. Exhibit 4.

Plaintiff continues to object to this request for the reason that items coming within the purview of this request that do not exist or that the plaintiff is not currently aware of and may be the subject of one of the objections noted. It does not make good sense to waive said objection as the defendant so desires without knowing of the existence of a concrete document.

4. All documents that you relied on or referred to in any way to prepare your answers to defendant's first interrogatories.

Objection waived. Plaintiff provided a supplemental response. Exhibit 4.

5. Any documents that reflect or relate to your claim that you did not receive full compensation during any work week during the term of the employment that is the subject of this dispute.

**Response:**
Pay stubs and other wage or time records in possession of or accessible by the defendant, which plaintiff has requested from the defendant in discovery.

Plaintiff further provided, on September 30, 2003, his personal calendar which detailed

for a period of time his hours and work performed during overtime hours on a daily basis.

Exhibit 4.


6.   Any documents that support any damages that claim to have suffered as a result of the

alleged unlawful conduct that is the subject of this dispute.

   Objection  waived

Plaintiff further provided, on September 30, 2003, his personal calendar which detailed

for a period of time his hours and work performed during overtime hours on a daily basis.

Exhibit 4.



7.   Any documents that reflect or relate to any communication between you or your

attorney and any other putative class member.

   **Objection**
      Overbroad, vague, immaterial, irrelevant and not likely to lead to admissible

evidence.  Attorney work product.  Attorney client privilege.  The defendant has clearly

sought attorney work product.  F.R.C.P. 26 (b) (3);  see, Hickman v. Taylor, 329 U.S.

495, 510, 67 S.Ct. 385, 393 (1947); U.S. v. Adelman, 68 F. 3d 1495, 1501 (2d Cir. 1995).



8.   Any documents that reflect or relate to any communication between you or your

attorney and any other individual regarding this lawsuit.

**Objection**
Overbroad, vague, immaterial, irrelevant and not likely to lead to admissible evidence. Attorney work product. . F.R.C.P. 26 (b) (3); see, <u>Hickman v. Taylor</u>, 329 U.S. 495, 510, 67 S.Ct. 385, 393 (1947); <u>U.S. v. Adelman, 68 F. 3d 1495, 1501 (2d Cir. 1995).</u>

9.    All diaries, daytime planners, and calendars that you maintained for the calendar years 2000 to the present.

Plaintiff provided, on September 30, 2003, his personal calendar which detailed for a period of time his hours and work performed during overtime hours on a daily basis. Exhibit 4. Plaintiff promised this to the defendant, however, the defendant failed to mention this in its memorandum.

Plaintiff continues to object to this request for the reason that items coming within the purview of this request that do not exist or that the plaintiff is not currently aware of and may be the subject of one of the objections noted. It does not make good sense to waive said objection as the defendant so desires without knowing of the existence of a concrete document. Plaintiff further maintains this objection, as there are personal items of information contained in the calendar that was provided. The copy provided was redacted of the plaintiff's personal effects that have no bearing or relevance to the issues in this case.

**Objection**
Over broad, vague, immaterial, irrelevant and not likely to lead to admissible evidence. Materials prepared in anticipation of litigation.

10.    Any documents that have not been previously requested but relate to your classification under the Fair Labor Standards Act and applicable regulations and your allegations that you were unlawfully denied compensation for overtime work

**Objection**
Overbroad, vague, immaterial, irrelevant and not likely to lead to admissible evidence.  Plaintiff is not aware of the court's classification of him in this case. This is an overbroad request.  It appears to request everything under the sun and is not specific as to what information or items it seeks.  Plaintiff continues to object to this request for the reason that items coming within the purview of this request that do not exist or that the plaintiff is not currently aware of and may be the subject of one of the objections noted.  It does not make good sense to waive said objection as the defendant so desires without knowing of the existence of a concrete document.

Without waiving said objection the plaintiff provided the defendant with emails generated by both he and the defendant and his personal calendar on July 29, 2003, September 30 &  31 2003.  Exhibit 3.


11.    Any documents including documents that may otherwise qualify as work product or privileged provided to or relating to any experts with whom you have consulted on any matter relating to this case and whom you expect to call as a witness at trial including documents referring or relating to the subject matter of any such expert's testimony, as well as the substance of all facts and opinions and grounds for such opinions to be presented in connection with such expected testimony.

**Objection**
Overly broad, vague, immaterial, irrelevant and not likely to lead to admissible evidence. Attorney work product. This request violates F.R.C.P 26 and the court's scheduling order in this case regarding the disclosure of expert witnesses. Plaintiff's report form expert witnesses shall be provided in accordance with the rules and scheduling order in this case.

Information and materials regarding consultations with persons and experts who are not disclosed as experts in this case in accordance with the rules and scheduling order constitute attorney work product. See F.R.C.P. 26 (b)(3). Rule 26 does not provide for discovery of this information. See USM Corp. v. American Aerosols, Inc. 631 F.2d 420, 424 (6th Cir. 1980). See also, Hickman v. Taylor, 329 U.S. 495, 510, 67 S.Ct. 385, 393 (1947); U.S. v. Adelman, 68 F. 3d 1495, 1501 (2d Cir. 1995).

12.    All documents relied upon referred to or used in preparing your allegations contained in the complaint.

**Objection waived**
See plaintiff's supplemental response. Exhibit 4.

13.    A copy of your current resume.

**Objection**
Overly broad, vague and  immaterial irrelevant and not likely to lead to admissible evidence.

.  This request is irrelevant to the issues in this case ie. overtime hours worked and wages

owed for such overtime. Defendant already had in its possession a copy of a resume of

the plaintiff and failed to provide it to the plaintiff yet referred to it in the plaintiff's

deposition.

Without waiving said objection, see supplemental response. Exhibit 4.


14.    Copies of employment applications resumes and cover letters that you submitted to

current or prospective employers from 2000 to the present.

**Objection**

Overly broad, vague, immaterial, irrelevant and not likely to lead to admissible

evidence.

This is irrelevant to the issues in this case ie. overtime hours worked and wages owed for

such overtime. Defendant already had in its possession a copy of a resume of the plaintiff

and failed to provide it to the plaintiff, yet referred to it in the plaintiff's deposition.

Without waiving said objection see supplemental response. Exhibit 4.

15.    Copies of any applications, letters, forms, or any other documents sent or otherwise

provided to financial institutions including banks credit card companies, mortgage

holders, or any other institution that sought or received information pertaining to your

financial status gross income, ability to pay or loan status.


**Objection**

Overly broad, vague, immaterial, irrelevant and not likely to lead to admissible

evidence. Request violates privacy rights and laws.

The documents encompassed within this request have no bearing on the

consequences or the issues in this case. They are irrelevant as they do not add any

probative value to the issues of this case; ie. Overtime hours worked and wages for such hours worked.

The financial information requested seeks enormous quantities of private information which are irrelevant and immaterial to the issues in this case. Justice Douglas noted in, <u>California Bankers Ass'n v. Schultz</u>, 416 U.S. 21, 85, 95 S.Ct. 1494, 1529, 39 L. Ed. 2d 812 (1974).

> In a sense a person is defined by the checks he writes. By examining them [one] gets to know his doctors, lawyers, creditors, political allies, social connections, religious affiliation, educational interests, the papers and magazines he reads, and so on ad infinitum….[T]he banking transactions of an individual give a fairly accurate account of his religion, ideology, opinions and interests.

Similarly, the defendant's request for financial information involves the same intrusion into the plaintiffs personal privacy.

16.    Copies of documents not previously referred to by the above requests that support your assertion that defendant violated the Fair Labor Standards Act, thereby entitling you to damages described in your prayer for relief.

**Objection**
Overly broad, vague, immaterial, irrelevant and not likely to lead to admissible evidence. Request is unintelligible. Plaintiff cannot decipher precisely what items the defendant seeks in this request.

Without waiving said objection the plaintiff provided the defendant with emails generated by both he and the defendant and his personal calendar on July 29, 2003, September 30 &  31 2003. Exhibit 4.

Plaintiff,
Mario Richards

By_____
      Michael J. Melly
      Fed. Bar No.  ct17841
      143 Oneco Avenue Suite
      New London, CT 06320
      Tel:  (860) 447-1990
            (860) 989-9613

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed on $10/20/03$

To:
Tasos C. Paindiris, Esq.
William Anthony, Esq.
Jackson Lewis
55 Farmington Avenue
Suite 1200
Hartfrod, Ct 06105

_____
Michael J. Melly

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MARIO RICHARDS,** | : | |
| **on behalf of himself and** | : | **CIVIL ACTION NO.** |
| **all others similarly situated** | : | **3:03 CV00630 (DJS)** |
| **PLAINTIFFS,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **COMPUTER SCIENCES** | : | |
| **CORPORATION** | : | **JULY 29, 2003** |
| | : | |
| **DEFENDANT.** | : | |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S INTERROGATORIES

Plaintiff, Mario Richards, responds herein to defendant, Computer Science

Corporation's, interrogatories dated May 9, 2003.   Plaintiff responds herein without

waiving previously served objections to defendant's requests.

## INTERROGATORY NO. 1

For the period of time that is the subject of this dispute, describe in detail each and every

workweek in which you actually worked in excess of forty hours.

## Response:

Each day, prior to the commencement of the workday, the plaintiff must perform

set-up functions on his computer.  Typical set-up functions include: a)  Logging on to his

domain or domains of the business units of the clients that he is required to support;

b)  Logging onto each application and components of those applications applicable to the

business units of the clients that he supports;  c)  The plaintiff may be required to open as

Exhibit 1

many as eighteen or more applications and components determined by the business units of the clients he supports; The applications include run disk clean-up, pass keep, remedy w/pw, IE w/pw, citrix user manager w/pw, Microsoft outlook, sap log-on pa, trillion, cass w/pw, Sikorsky PDC w/login & pw, Sikorsky user manager, lotus note w/pw, exceed w/pw, Sikorsky back w/pw, Sikorsky sun unix w/pw, Sikorsky thneen w/pw, teleview ims w/pw, jphone, RCO, SMS, Qw53270, read lotus.

Also, prior to the commencement of the workday the plaintiff has been and continues to be required to log into his e-mail programs and applications, which include Lotus Notes and MicroSoft Outlook. Upon logging into e-mail, the plaintiff is required to read and respond appropriately to each email.

Plaintiff, in his capacity as analyst, was and continues to be required to trouble shoot computer, printer, mainframe and applications problems and malfunctions for clients of the defendant. The troubleshooting functions include taking incoming troubleshooting calls from end users of the client, learning the equipment of the end user, listening to the complaint, and performing the necessary troubleshooting functions to remedy the problem.

Upon completion of his workday the plaintiff was and continues to be required to break down the computer at which he works, requiring the following tasks to be performed: a) closing out each application and component signed on throughout the day; and b) using operating procedures to shut down the computer, waiting for the computer to write all files to the hard drive and re-booting the computer.

The plaintiff was required to perform the foregoing set-up, trouble shooting and breakdown functions in order to perform his daily tasks and duties as an analyst. CSC

mandates that set-up functions are performed before his assigned scheduled start time. CSC also requires that break-down functions be performed after completing the plaintiff's eight and one-half (8 ½) hour work day.

Plaintiff can provide more detail to these tasks upon receipt of documents requested of the defendant in discovery.

**INTERROGATORY NO. 2**

For each position which you have worked for the defendant, described the duties you performed on each day of a typical work week and the amount of time you devoted to each duty.

**Response:**

See response to interrogatory No. 1

## INTERROGATORY NO. 3

Identify the facts, which support your contention that you are entitled to overtime for hours you worked over forty hours for the period of time subject to your complaint

## Response:

The set up and break down functions described in the response to interrogatory No. 1 have been and continue to be required to be performed prior to and after the scheduled shift hours. Additionally, the plaintiff as a C SA is required to continue calls beyond the scheduled eight and one half) (8 ½)  hours.

## INTERROGATORY NO. 4

Identify all the persons with whom you have communicated concerning facts, issues, or other matters involved in this case and describe in detail the substance and date of each discussion.

## Response:

Nate McMilliam
Jeff Chabotta
Lakisha O'Neill
Heather Smith
Chris Bramwell
Andrew McKoy
Bill Jergensen
Dan O'Leary
Dan Deteau
Mark Chenette
Bryan Champagne
June Ramsey
Mark Vinchesi
Charles Downes
Carlo Marchio
Kieth Benoit
Sherrianne Thomas
Mark Rutter

There are probably others who I have spoken to which do not come to mind at this time.

## INTERROGATORY NO. 5

Identify all persons with whom you have directed to speak with an attorney regarding any of the allegations involved in this litigation.

### Response:

See response to interrogatory No. 4.

## INTERROGATORY NO. 6

Identify all persons having personal knowledge of any facts or matters that support your contentions in this litigation.

### Response:

See response to interrogatory No. 4.

Those persons listed in response to interrogatory No. 4 and all CSA's are aware of the duties of the position and the log on, break down and troubleshooting functions as described in interrogatory No. 1, as each CSA has identical duties. While some CSA's are assigned to different clients and sometimes use different applications the duties are identical.

## INTERROGATORY NO. 7

Identify any statements, reports, memoranda, affidavits or recordings from any person that in any way concern the facts of the case or the matters alleged in your complaint.

## Response:

See objection previously served

## INTERROGATORY NO. 8

Describe the factual basis for and itemize the precise amount of any damages you claim to have suffered as a result of any alleged acts or omissions engaged in by the defendant.

## Response:

For the factual basis see response to interrogatory No. 1. Plaintiff awaits information and documents from the defendant, pursuant to plaintiff's discovery request in order to appropriately respond.

## INTERROGATORY NO. 9

Identify by case name case number and court each lawsuit in which you have been a party or given sworn testimony.

### Objection

Overbroad, unduly burdensome, vague, immaterial, irrelevant and not likely to lead to admissible evidence.

## INTERROGATORY NO. 10

Identify each and every instance in which you have been arrested or convicted of any offense other than a minor traffic violation.

### Objection

Overbroad, vague, immaterial, irrelevant and not likely to lead to admissible evidence. This request violates privacy laws.

**INTERROGATORY NO. 11**

If you have ever filed bankruptcy identify the court in which you have filed and the case number of your filing.

    **Objection**

        Overbroad, unduly burdensome, vague, immaterial, irrelevant and not likely to lead to admissible evidence. Violates privacy and credit reporting laws.

**INTERROGATORY NO. 12**

Identify each person having personal knowledge of any facts or matters that support your contention that any action taken by any defendant were improper or unlawful for any of the reasons claimed in your complaint and describe in detail the nature and extent of the relevant knowledge possessed by each such person.

**Response:**

See responses to interrogatory Nos. 1 & 4.

**INTERROGATORY NO. 13**

If you contend that any party to this action has at any time made any admission identify

the admission and by whom it was made.

**Objection**

Vague and unintelligible.

**INTERROGATORY NO. 14**

Identify any record or document concerning this action or its subject matter that you

contend has been altered or destroyed.

**Response:**

None by plaintiff.

**INTERROGATORY NO. 15**

For the period of time that is the subject of this lawsuit, describe in detail the method by

which you have recorded the hours you have and identify the location of any

such records.

**Response:**

I have provided a partial record of hours when entering hours into TES.  This

record is incomplete, as I did not record the  hours worked over eight hours per day, per

order of CSC management.  However, for a brief period during my employment I did

record all hours worked into TES.  During this period I also recorded my hours privately.

Plaintiff,
Mario Richards

By _____
Michael J. Melly
Fed. Bar No. ct17841
8 Lunar Drive
Woodbridge, CT 06525
Tel: (203) 389-6526
Fax: (203) 389-2656

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on 8/31/03
To:
Tasos C. Paindiris, Esq.
William Anthony, Esq.
Jackson Lewis
55 Farmington Avenue
Suite 1200
Hartfrod, Ct 06105

_____
Michael J. Melly

<div align="center">

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

</div>

MARIO RICHARDS,                    :
on behalf of himself and           :        CIVIL ACTION NO.
all others similarly situated      :        3:03 CV00630 (DJS)
    PLAINTIFFS,    :
                                   :
    v.             :
                                   :
COMPUTER SCIENCES                  :
CORPORATION                        :        JUNE 23, 2003
                                   :
    DEFENDANT.     :

<div align="center">

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S INTERROGATORIES

</div>

    Plaintiff, Mario Richards, objects to defendant, Computer Science Corporation's,

interrogatories dated May 9, 2003.

## INTERROGATORY NO. 1

For the period of time that is the subject of this dispute, describe in detail each and every work week in which you actually worked in excess of forty hours.

    **Objection**
        Overbroad, unduly burdensome, vague, immaterial, irrelevant and not likely to lead to admissible evidence.

## INTERROGATORY NO. 2

For each position which you have worked for the defendant, described the duties you performed on each day of a typical work week and the amount of time you devoted to each duty.

    **Objection**
        Overbroad, unduly burdensome, vague, immaterial, irrelevant and not likely to lead to admissible evidence.

## INTERROGATORY NO. 3

Identify the facts which support your contention that you are entitled to overtime for hours you worked over forty hours for the period of time subject to your complaint

### Objection

Information seeks in part information that is within the knowledge of persons other than the plaintiff.

However, plaintiff shall provide the information within his personal knowledge.

## INTERROGATORY NO. 4

Identify all the persons with whom you have communicated concerning facts, issues, or other matters involved in this case and describe in detail the substance and date of each discussion.

### Objection

Overbroad, unduly burdensome, vague, immaterial, irrelevant and not likely to lead to admissible evidence.

Attorney client privilege

## INTERROGATORY NO. 5

Identify all persons with whom you have directed to speak with an attorney regarding any of the allegations involved in this litigation.

### Objection

Overbroad, unduly burdensome, vague, immaterial, irrelevant and not likely to lead to admissible evidence.

## INTERROGATORY NO. 6

Identify all persons having personal knowledge of any facts or matters that support your contentions in this litigation.

## INTERROGATORY NO. 7

Identify any statements, reports, memoranda, affidavits or recordings from any person that in any way concern the facts of the case or the matters alleged in your complaint.

**Objection**
Overbroad, unduly burdensome, vague, immaterial, irrelevant and not likely to lead to admissible evidence.
Attorney work product.
Attorney client privilige.
Materials prepared in anticipation of litigation.

## INTERROGATORY NO. 8

Describe the factual basis for and itemize the precise amount of any damages you claim to have suffered as a result of any alleged acts or omissions engaged in by the defendant.

**Objection**
To the extent that part of the damage analysis requires documentation from the defendant, the plaintiff may not be able to provide a precise analysis. However, as soon as the necessary documentation is provided the plaintiff will provide a detailed analysis in accordance with the federal rules and the scheduling order in this case.

## INTERROGATORY NO. 9

Identify by case name case number and court each lawsuit in which you have been a party or given sworn testimony.

**Objection**
Overbroad, unduly burdensome, vague, immaterial, irrelevant and not likely to lead to admissible evidence.

## INTERROGATORY NO. 10

Identify each and every instance in which you have been arrested or convicted of any offense other than a minor traffic violation.

**Objection**
Overbroad, vague, immaterial, irrelevant and not likely to lead to admissible evidence. This request violates privacy laws.

## INTERROGATORY NO. 11

If you have ever filed bankruptcy identify the court in which you have filed and the case number of your filing.

**Objection**
Overbroad, unduly burdensome, vague, immaterial, irrelevant and not likely to lead to admissible evidence. Violates privacy and credit reporting laws.

## INTERROGATORY NO. 12

Identify each person having personal knowledge of any facts or matters that support your contention that any action taken by any defendant were improper or unlawful for any of the reasons claimed in your complaint and describe in detail the nature and extent of the relevant knowledge possessed by each such person.

## Objection

Information seeks in part information that is within the knowledge of persons other than the plaintiff.
However, plaintiff shall provide the information within his personal knowledge.

## INTERROGATORY NO. 13

If you contend that any party to this action has at any time made any admission identify the admission and by whom it was made.

### Objection
Shall be provided when plaintiff becomes aware of such.

## INTERROGATORY NO. 14

Identify any record or document concerning this action or its subject matter that you contend has been altered or destroyed.

**Objection**
Information seeks in part information that is within the knowledge of persons other than the plaintiff.
However, plaintiff shall provide the information within his personal knowledge when it becomes available and/or known to him.

**INTERROGATORY NO. 15**

For the period of time that is the subject of this lawsuit, describe in detail the method by which you have recorded the hours you have worked; and identify the location of any such records.

Plaintiff,
Mario Richards

By _____
Michael J. Melly
Fed. Bar No. ct17841
8 Lunar Drive
Woodbridge, CT 06525
Tel: (203) 389-6526
Fax: (203) 389-2656

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on

To:                                    6/24/03

Tasos C. Paindiris, Esq.
William Anthony, Esq.
Jackson Lewis
55 Farmington Avenue
Suite 1200
Hartfrod, Ct 06105

_____

Michael J. Melly

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MARIO RICHARDS,                    :
on behalf of himself and           :         CIVIL ACTION NO.
all others similarly situated      :         3:03 CV00630 (DJS)
      PLAINTIFFS,       :
                  :
      v.                 :
                  :
COMPUTER SCIENCES                  :
CORPORATION                        :         JULY 29, 2003
                  :
      DEFENDANT.         :

## PLAINTIFF'S RESPONSE TO DEFENDANT'S PRODUCTION

Plaintiff, Mario Richards, objects to the defendant's requests for production dated May 9, 2003 in the following manner. Plaintiff does not, by these responses, waive objections previously filed.

1.   All documents that refer or relate in any way to your employment with defendant, including but not limited to employment applications, resumes, job assignments, disciplinary action taken, against you, complaints made by to managerial individuals, and notes or letters between you and defendant concerning any matter relating to your claims in this case.

   **Objection**
   Overbroad, vague, immaterial, irrelevant and not likely to lead to admissible evidence.

**Response:**

Without waiving said objection, see attached emails.

E xhibit 2

2.    All documents or other written or recorded statements given by persons contacted or interviewed by you, your attorneys, or anyone on your behalf which in any way relate to your claims.

> **Objection**
> Attorney work product and/or materials prepared in anticipation of litigation.  Irrelevant and not likely to lead to admissible evidence.

3.    All documents you maintain or maintained, including, but not limited to, personnel records, newspaper articles, e-mails, tapes, notes, calendars, and/or diaries, regarding your claims in this case.

> **Objection**
> Overbroad, vague, immaterial, irrelevant and not likely to lead to admissible evidence.

4.·   All documents that you relied on or referred to in any way to prepare your answers to defendant's first interrogatories.

> **Objection**
> Overbroad, vague, immaterial, irrelevant and not likely to lead to admissible evidence.

5.    Any documents that reflect or relate to your claim that you did not receive full

compensation during any work week during the term of the employment that is the

subject of this dispute.

**Response:**

Pay stubs and other wage records in possession of defendant, which plaintiff has

requested from the defendant in discovery.

6.    Any documents that support any damages that claim to have suffered as a result of the

alleged unlawful conduct that is the subject of this dispute.

**Objection**
    Overbroad, vague, immaterial, irrelevant and not likely to lead to admissible

evidence.

7.    Any documents that reflect or relate to any communication between you or your

attorney and any other putative class member.

**Objection**
    Overbroad, vague, immaterial, irrelevant and not likely to lead to admissible

evidence.  Attorney work product.  Attorney client privilege.

8.    Any documents that reflect or relate to any communication between you or your

attorney and any other individual regarding this lawsuit.

**Objection**
Overbroad, vague, immaterial, irrelevant and not likely to lead to admissible

evidence.  Attorney work product.

9.    All diaries, daytime planners, and calendars that you maintained for the calendar

years 2000 to the present.

**Objection**
Over broad, vague, immaterial, irrelevant and not likely to lead to admissible

evidence.  Materials prepared in anticipation of litigation.

10.    Any documents that have not been previously requested but relate to your

classification under the Fair Labor Standards Act and applicable regulations and your

allegations that you were unlawfully denied compensation for overtime work

**Objection**
Overbroad, vague, immaterial, irrelevant and not likely to lead to admissible

evidence.  Plaintiff is not aware of the court's classification of him in this case.

13.    A copy of your current resume.

**Objection**
Overly broad, vague, immaterial, irrelevant and not likely to lead to admissible

evidence.

14.    Copies of employment applications resumes and cover letters that you submitted to

current or prospective employers from 2000 to the present.

**Objection**
Overly broad, vague, immaterial, irrelevant and not likely to lead to admissible

evidence.

15.    Copies of any applications, letters, forms, or any other documents sent or otherwise

provided to financial institutions including banks credit card companies, mortgage

holders, or any other institution that sought or received information pertaining to your

financial status gross income, ability to pay or loan status.

**Objection**
Overly broad, vague, immaterial, irrelevant and not likely to lead to admissible

evidence.  Request violates privacy rights and laws.

16.  Copies of documents not previously referred to by the above requests that support

your assertion that defendant violated the Fair Labor Standards Act, thereby entitling you

to damages described in your prayer for relief.

**Objection**
Overly broad, vague, immaterial, irrelevant and not likely to lead to admissible

evidence.  Request is unintelligible.

Plaintiff,
Mario Richards

By _____
Michael J. Melly
Fed. Bar No.  ct 7841
8 Lunar Drive
Woodbridge, CT 06525
Tel:  (203) 389-6526
Fax:  (203) 389-2656

11.   Any documents including documents that may otherwise qualify as work product or privileged provided to or relating to any experts with whom you have consulted on any matter relating to this case and whom you expect to call as a witness at trial including documents referring or relating to the subject matter of any such expert's testimony, as well as the substance of all facts and opinions and grounds for such opinions to be presented in connection with such expected testimony.

**Objection**
Overly broad, vague, immaterial, irrelevant and not likely to lead to admissible evidence. Attorney work product. Request violates F.R.C.P 26.

12.   All documents relied upon referred to or used in preparing your allegations contained in the complaint.

**Objection**
Overbroad, vague, immaterial, irrelevant and not likely to lead to admissible evidence. Attorney work product.

**Stephen H Fenter**
**/GIS/CSC**
07/15/2003 01:49 PM

To: GIS EC Norwich Helpdesk Members
cc: Peter Inness/TMG/CSC@CSC
Subject: Proper "Time Entry System" Procedures.

Folks,

It has come to our attention that some employees have questions about TES and may not be TES'ing correctly. Based on these recent question about TES, I would like to take this opportunity to clarify the proper process for recording your time in TES.

First off, entering your time correctly into TES requires that you understand when your shift starts and stops. You are all scheduled for a specific shift. If you are not aware of exactly when your shift is, contact your manager. Your work day starts at your shift start time and ends at your scheduled shift end time unless your manager has previously approved you to start earlier than scheduled or work later than scheduled.

Your TES start time will start at your scheduled start time when you are logged into the phones and ready to accept inbound calls, or are starting your prescribed work duties. Your TES stop time will be at the end of your scheduled shift time when you have logged off the phones or have stopped your prescribed work duties. No time should be entered for, lunch or breaks.

As stated above, time entered in excess of your shift schedule must be approved in advance by your manager. As per CSC policy, failure to TES correctly may result in disciplinary action, up to and including separation of employment.

Any other questions or concerns please see me.

Stephen Fenter
Senior Manager Customer Support Services Norwich
Office 860-425-5109
Cell 860-705-5530

-------------------------------------------------------------------
This is a PRIVATE message. If you are not the intended recipient, please delete without copying and kindly advise us by e-mail of the mistake in delivery. NOTE: Regardless of content, this e-mail shall not operate to bind CSC to any order or other contract unless pursuant to explicit written agreement or government initiative expressly permitting the use of e-mail for such purpose.
-------------------------------------------------------------------

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MARIO RICHARDS, on behalf of himself and all others similarly situated PLAINTIFFS, | : : : : | CIVIL ACTION NO. 3:03 CV00630 (DJS) |
| v. | : : | |
| COMPUTER SCIENCES CORPORATION | : : : | JUNE 23, 2003 |
| DEFENDANT. | : | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PRODUCTION**

Plaintiff, Mario Richards, objects to the defendant's requests for production dated May 9, 2003 in the following manner.

1.    All documents that refer or relate in any way to your employment with defendant, including but not limited to employment applications, resumes, job assignments, disciplinary action taken, against you, complaints made by to managerial individuals, and notes or letters between you and defendant concerning any matter relating to your claims in this case.

**Objection**
Overbroad, vague, immaterial, irrelevant and not likely to lead to admissible evidence.

2.    All documents or other written or recorded statements given by persons contacted or interviewed by you, your attorneys, or anyone on your behalf which in any way relate to your claims.

**Objection**

Attorney work product and/or materials prepared in anticipation of litigation. Irrelevant and not likely to lead to admissible evidence.

3.   All documents you maintain or maintained, including, but not limited to, personnel records, newspaper articles, e-mails, tapes, notes, calendars, and/or diaries, regarding your claims in this case.

**Objection**

Overbroad, vague, immaterial, irrelevant and not likely to lead to admissible evidence.

4.   All documents that you relied on or referred to in any way to prepare your answers to defendant's first interrogatories.

**Objection**

Overbroad, vague, immaterial, irrelevant and not likely to lead to admissible evidence.

5.   Any documents that reflect or relate to your claim that you did not receive full compensation during any work week during the term of the employment that is the subject of this dispute.

6.   Any documents that support any claim that you have suffered as a result of the alleged unlawful conduct that is the subject of this dispute.

**Objection**

Overbroad, vague, immaterial, irrelevant and not likely to lead to admissible evidence.

7.    Any documents that reflect or relate to any communication between you or your attorney and any other putative class member.

**Objection**
Overbroad, vague, immaterial, irrelevant and not likely to lead to admissible evidence.
Attorney work product
Attorney client privilege

8.    Any documents that reflect or relate to any communication between you or your attorney and any other individual regarding this lawsuit.

**Objection**
Overbroad, vague, immaterial, irrelevant and not likely to lead to admissible evidence.
Attorney work product

9.    All diaries, daytime planners, and calendars that you maintained for the calendar years 2000 to the present.

**Objection**
Over broad, vague, immaterial, irrelevant and not likely to lead to admissible evidence.
Materials prepared in anticipation of litigation.

10.    Any documents that have not been previously requested but relate to your classification under the Fair Labor Standards Act and applicable regulations and your allegations that you were unlawfully denied compensation for overtime work

**Objection**
Overbroad, vague, immaterial, irrelevant and not likely to lead to admissible evidence.  Plaintiff is not aware of the court's classification of him in this case.

11.   Any documents including documents that may otherwise qualify as work product or privileged provided to or relating to any experts with whom you have consulted on any matter relating to this case and whom you expect to call as a witness at trial including documents referring or relating to the subject matter of any such expert's testimony, as well as the substance of all facts and opinions and grounds for such opinions to be presented in connection with such expected testimony.

**Objection**
Overly broad, vague, immaterial, irrelevant and not likely to lead to admissible evidence. Attorney work product. Request violates F.R.C.P 26.

12.   All documents relied upon referred to or used in preparing your allegations contained in the complaint.

**Objection**
Overbroad, vague, immaterial, irrelevant and not likely to lead to admissible evidence. Attorney work product.

13.   A copy of your current resume.

**Objection**
. Overly broad, vague, immaterial, irrelevant and not likely to lead to admissible evidence.

14.   Copies of employment applications resumes and cover letters that you submitted to current or prospective employers from 2000 to the present.

**Objection**
Overly broad, vague, immaterial, irrelevant and not likely to lead to admissible evidence.

15.    Copies of any applications, letters, forms, or any other documents sent or otherwise

provided to financial institutions including banks credit card companies, mortgage

holders, or any other institution that sought or received information pertaining to your

financial status gross income, ability to pay or loan status.

**Objection**
Overly broad, vague, immaterial, irrelevant and not likely to lead to admissible
evidence.  Request violates privacy rights and laws.

16.    Copies of documents not previously referred to by the above requests that support

your assertion that defendant violated the Fair Labor Standards Act, thereby entitling you

to damages described in your prayer for relief.

**Objection**
Overly broad, vague, immaterial, irrelevant and not likely to lead to admissible
evidence.  Request is unintelligible.

Plaintiff,
Mario Richards

By: _____
Michael J. Melly
Fed. Bar No./ct17841
8 Lunar Drive
Woodbridge, CT 06525
Tel: (203) 389-6526
Fax: (203) 389-2656

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on 1/24/03

To:
Tasos C. Paindiris, Esq.
William Anthony, Esq.
Jackson Lewis
55 Farmington Avenue
Suite 1200
Hartford, Ct 06105

_____
Michael J. Melly

*Exhibit 3*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIO RICHARDS, | : | |
| on behalf of himself and | : | CIVIL ACTION NO. |
| all others similarly situated | : | 3:03 CV00630 (DJS) |
| PLAINTIFFS, | : | |
| | : | |
| v. | : | |
| | : | |
| COMPUTER SCIENCES | : | |
| CORPORATION | : | OCTOBER 13, 2003 |
| | : | |
| DEFENDANT. | : | |

**SUPPLEMENTAL RESPONSES TO DEFENDANTS INTERROGATORIES**

Plaintiff, Mario Richards, hereby serves supplemental responses to defendant's Interrogatories dated May 9, 2003.

**INTERROGATORY NO. 4**

Identify all the persons with whom you have communicated concerning facts, issues, or other matters involved in this case and describe in detail the substance and date of each discussion.

**Response:**

See response to part A. of plaintiff's Rule 26 (a) (1) disclosures dated October 13, 2003.

## INTERROGATORY NO. 6

Identify all persons having personal knowledge of any facts or matters that support your

contentions in this litigation.

**Response:**

See Part A. to plaintiff's Rule 26 (a) (1) disclosures.

## INTERROGATORY NO. 7

Identify any statements, reports, memoranda, affidavits or recordings from any person

that in any way concern the facts of the case or the matters alleged in your complaint.

**Response**

a.   plaintiff's day timer calendar

b.   email from Stephen Fenter July 15, 2003

c.   email Mario Richards to Peg Depino July 21, 2003

Plaintiff,
Mario Richards

By: _____
Michael J. Melly
Fed. Bar No. ct17841
8 Lunar Drive
Woodbridge, CT 06525
Tel: (203) 389-6526
Fax: (203) 389-2656

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed on 10/21/03

To:
Tasos C. Paindiris, Esq.
William Anthony, Esq.
Jackson Lewis
55 Farmington Avenue
Suite 1200
Hartford, Ct 06105

_____
Michael J. Melly

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIO RICHARDS, on behalf of himself and all others similarly situated PLAINTIFFS, | : : : : | CIVIL ACTION NO. 3:03 CV00630 (DJS) |
| v. | : : | |
| COMPUTER SCIENCES CORPORATION | : : : | OCTOBER 13, 2003 |
| DEFENDANT. | : : | |

## PLAINTIFF'S RULE 26 (a) (1) DISCLOSURES

Plaintiff, Mario Richards, requests pursuant to Fed. R. 26 (a) (1), discloses the following information and items relevant to plaintiff's claims:

A.    The name and if known the address and telephone number of each individual likely to have discoverable information , that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**Response:**

Jeffrey Chabotte
Mark Vinchesi
Christopher Bramwell
Mark Charette
Charles Downs
Carlo Marchio
Heather Smith
William Jergensen
Nate McMillian
Tanil O'Leary
Kieth Benoit
Sherriann Thomas
Lakisha O'Neill

Hilda Morales
Jessica Justis
Mark Rutter
June Ramsey
Peter Duffy
Julie Blasiak
Shlomo Katz
Andrew McCoy
Tammy Przygoda
Adam Wunsch
Lavon Woods
Roy Whitehouse
Dan O'Leary
John Pier
Debra Caruso
Tara Bolton

The foregoing individuals are/were computer support analysts at the Norwich Connecticut facility [100 Winneden Road Norwich, Connecticut]. Each individual supports the plaintiff's claims and makes similar regular and overtime wage claims as the plaintiff for hours worked in excess of forty hours per week. There are also individuals who desire and intend to make similar claims in this case, however, are afraid to do so at this time for fear of retaliation and reprisal by the defendant company. Further, there will likely be additional individuals who are former employees who will likely make similar claims, however, these individuals are not known at this time. The plaintiff served the defendant with discovery requests for the names and addresses of current and former employees of Computer Sciences Corporation.

Work address of the foregoing employees:

100 Winneden Road
Norwich, CT 06040

Telephone:        (860) 823-2000

B.    A copy of or description by category and location of all documents, data compilations and tangible things that are in the possession custody and control of the party and that the disclosing party may use to support its claims or defense, unless solely for impeachment.

**Response:**

a.    plaintiff's day timer calendar

b.    email from Stephen Ferten July 15, 2003

c.    email Mario Richards to Peg Depino July 21, 2003

Plaintiff,
Mario Richards

_____
Michael J. Melly
Fed. Bar No. ct17841
143 Oneco Avenue Suite 4
New London, CT 06320
Tel: (860) 447-1990
(860) 989-9613

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed on 10/13/03

To:
Tasos C. Paindiris, Esq.
William Anthony, Esq.
Jackson Lewis
55 Farmington Avenue
Suite 1200
Hartfrod, Ct 06105

Michael J. Melly

Exhibit 4

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIO RICHARDS, on behalf of himself and all others similarly situated PLAINTIFFS, | : : : : | CIVIL ACTION NO. 3:03 CV00630 (DJS) |
| v. | : : | |
| COMPUTER SCIENCES CORPORATION DEFENDANT. | : : : : | OCTOBER 20, 2003 |

SUPPLEMENTAL RESPONSES TO DEFENDANT'S PRODUCTION REQUESTS

Plaintiff, Mario Richards, hereby serves supplemental responses to defendant's

Request for Production dated May 9, 2003. Plaintiff does not, by these reponses waive

objections already placed on the record.

**Production No. 2.**

All documents or other written or recorded statements given by persons contacted

or interviewed by you, your attorneys, or anyone on your behalf which in any way relate

to your claims.

None.

**Production No. 3.**

All documents you maintain or maintained, including, but not limited to, personnel

records, newspaper articles, e-mails, tapes, notes, calendars, and/or diaries, regarding

your claims in this case.

**Production No. 4.**

All documents that you relied on or referred to in any way to prepare your answers to
defendant's first interrogatories.

None.

**Production No. 5.**

Any documents that reflect or relate to your claim that you did not receive full
compensation during any work week during the term of the employment that is the
subject of this dispute.

See calendar provided on September 30, 2003.

**Production No. 6.**

Any documents that support any damages that claim to have suffered as a result of the
alleged unlawful conduct that is the subject of this dispute.

See emails and calendar provided on July 29, 2003, September 30, 2003 and
September 31, 2003.

**Production No. 9.**

All diaries, daytime planners, and calendars that you maintained for the calendar
years 2000 to the present.

See emails and calendar provided on July 29, 2003, September 30, 2003 and September
31, 2003.

See emails and calendar provided on July 29, 2003, September 30, 2003 and September 31, 2003.

**Production No.10.**

See emails and calendar provided on July 29, 2003, September 30, 2003 and September 31, 2003.

**Production No. 12.**

All documents relied upon referred to or used in preparing your allegations contained in the complaint.

None.

**Production No. 13.**

A copy of your current resume.

None at this time.

**Production No. 14.**

Copies of employment applications resumes and cover letters that you submitted to current or prospective employers from 2000 to the present.

Plaintiff does not have copies of application in his possession.

**Production No. 16.**

Copies of documents not previously referred to by the above requests that support your assertion that defendant violated the Fair Labor Standards Act, thereby entitling you to damages described in your prayer for relief.

See emails and calendar provided on July 29, 2003, September 30, 2003 and September 31, 2003.

Plaintiff,
Mario Richards

By

Michael J. Melly
Fed. Bar No. ct17841
8 Lunar Drive
Woodbridge, CT 06525
Tel: (203) 389-6526
Fax: (203) 389-2656

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed on 10/20/03

To:
Tasos C. Paindiris, Esq.
William Anthony, Esq.
Jackson Lewis
55 Farmington Avenue
Suite 1200
Hartfrod, Ct 06105

Michael J. Melly