UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| MARIO RICHARDS, | : | CIVIL NO. 303CV00630 (DJS) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| COMPUTER SCIENCES CORPORATION | : | |
| Defendant. | : | NOVEMBER 3, 2003 |
| | : | |

**DEFENDANT'S MEMORANDUM IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 7(d), Defendant, Computer Sciences Corporation ("Defendant"), respectfully submits this Memorandum in Reply to Plaintiff's Opposition to Defendant's Motion to Compel Discovery. Although Plaintiff has produced supplemental discovery responses since Defendant filed its Motion to Compel, his responses remain incomplete and continue to contain invalid and baseless objections and non-responsive answers. Moreover, Plaintiff's delays in supplementing his responses are inexcusable. Plaintiff has produced four documents in this case (1) a July 15 e-mail; (2) his calendar; (3) a July 18 e-mail; and (4) a July 21 e-mail. Defendant served its discovery requests on May 9, 2003. Plaintiff did not produce his calendar until September 30, 2003, the morning of his deposition. The July 18 and July 21 e-mails were not produced until cross examination by Plaintiff's counsel *after* Defendant concluded its examination of Plaintiff at the deposition. The first time Defendant saw these documents was when Plaintiff marked them

as exhibits. Plaintiff clearly believes they are relevant since he used them as exhibits, yet he intentionally withheld them from Defendants throughout Defendant's portion of the deposition.

Plaintiff also mischaracterizes case law, often fails to address Defendant's arguments or the merits of his own objections, and adds objections not previously asserted. Plaintiff's objections throughout his responses to Defendant's interrogatories and requests for production impermissibly limit the scope of discovery in this matter far beyond what is permitted by the Federal Rules and the decisions interpreting them.

### A. Defendant's First Set of Interrogatories

#### Interrogatory No. 2

In his opposition, Plaintiff simply refers to his July 29, 2003 interrogatory response, without providing any justification for his incomplete answer. While Plaintiff's response to interrogatory number 1 appears to describe the duties Plaintiff performed, it does not include the amount of time Plaintiff devoted to each duty as requested in interrogatory number 2 and is therefore incomplete.

#### Interrogatory No. 4

Although Plaintiff has supplemented his response to interrogatory number 4, the response remains incomplete. The interrogatory also requests a description of the substance and date of each discussion.

#### Interrogatory No. 7

Plaintiff has supplemented his responses and provided some documents purporting to be responsive. However, in his opposition Plaintiff states that he "continues to object to this request for the reason that items coming within the purview of this request that do not presently exist or that the plaintiff is not currently aware of and may be subject of one of the

objections noted. It does not make good sense to waive said objection as the defendant so desires without knowing of the existence of a concrete document." This response appears to mean that Plaintiff does not possess any other responsive documents, but that he wants to maintain his objection just in case he receives a responsive document in the future that might potentially fall within one of his numerous objections. Plaintiff must respond with all of the information he currently possesses and may supplement his response if additional information becomes available.

Plaintiff provides no legal support for his continued objection to this interrogatory based on attorney work product, the attorney-client privilege, or "materials prepared in anticipation of litigation." Consequently, he must identify these statements, reports, memoranda, affidavits, or recordings.

### Interrogatory No. 8

Plaintiff's answer to interrogatory number 8 continues to be non-responsive. Specifically, Plaintiff continues to assert that he cannot respond to this interrogatory until he receives time records from Defendant. Plaintiff must, however, respond with information he currently possesses and may supplement his response if additional information becomes available. In fact, Plaintiff's response to interrogatory 15 states that Plaintiff "recorded [his] hours privately," therefore, to the extent Plaintiff was awaiting time records from Defendant to calculate his claim for damages, he can at least partially respond based on the hours he "privately" recorded. Moreover, Defendant produced time records with its initial disclosures and discovery responses, and Plaintiff should supplement his response.

### Interrogatory No. 9

In his opposition, Plaintiff continues to object to this interrogatory on the ground that it is overbroad, claiming that "[i]t encompasses laws suits that may involve any and all possible issues and subjects, whether or not the issues are relevant to this case."  Rule 26 permits discovery of matters that are reasonably calculated to lead to the discovery of admissible evidence.  Prior sworn testimony regarding facts that are at issue in this case may be admissible as to those facts.  Additionally, prior testimony may be used to impeach a witness' testimony in a current proceeding; therefore the interrogatory seeks discoverable information.

### Interrogatory No. 10

In his opposition, Plaintiff asserts that this interrogatory violates the plaintiff's fourth and fifth amendment rights to privacy and due process, but provides no legal analysis for this assertion.  The fourth amendment relates to people's rights against unreasonable search and seizure and the fifth amendment provides that no person can be deprived of life, liberty, or property, without due process of law.  Neither amendment applies here.

Plaintiff also cites to Fed. R. Evid. 609(b) for the proposition that evidence of a conviction over ten years old is not admissible.  He omits a key phrase from this rule, however, which clearly provides an exception to this rule.  Specifically, a conviction more than ten years old is inadmissible "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."  This determination cannot be made unless the relevant evidence is produced.  Moreover, discovery is not limited to matters that are admissible at trial.  To the contrary, Rule 26(b)(1) of the Federal Rules of Civil Procedure permits discovery regarding any "relevant" matter, which has been broadly defined to include information that is "reasonably calculated to lead to the discovery of admissible evidence."  Land Ocean Logistics, Inc. v. Aqua Gulf Corp.,

181 F.R.D. 229, 237 (W.D.N.Y. 1998), citing Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991).

Plaintiff also asserts that he "responded at his deposition that he had not been arrested or convicted within the last seven years. Any further information beyond seven years is irrelevant and over broad." Why Plaintiff limits the Rule 609(b) ten-year limitation to seven years is unclear. Plaintiff's credibility is clearly at issue in this case, and information regarding arrests and convictions may lead to the discovery of admissible evidence, regardless how old. Moreover, information regarding arrests and convictions is not privileged. The information requested in this interrogatory is therefore discoverable under Rule 26 and should be produced.

**Interrogatory No. 11**

In his opposition, Plaintiff asserts that the financial information requested by this interrogatory "seeks enormous quantities of private information which are irrelevant and immaterial to the issues in this case." In support of this proposition, he cites to language taken completely out of context from Justice Douglas' dissenting opinion in California Bankers Ass'n v. Schultz, 416 U.S. 21, 85, 95 S. Ct. 1494, 1529 (1974), that has nothing to do with the question at issue here. California Bankers Ass'n upheld the constitutionality of the Bank Secrecy Act of 1970. It says nothing about the relevance or materiality of information about Plaintiff's bankruptcy proceedings. Moreover, Plaintiff's opposition does not even address Defendant's argument that information concerning whether Plaintiff has filed for bankruptcy is relevant in that he could be judicially estopped from pursuing this action if he failed to disclose the pendency of this action in any prior or concurrent bankruptcy proceedings. See, e.g., Burns v. Pemco Aeroplex, Inc., 291 F.3d 1281 (11th Cir. 2002); De Leon v. Comcar Industries, Inc., 321 F.3d 1289 (11th Cir. 2003).

Plaintiff also asserts that this interrogatory "involves the same intrusion into the plaintiff's personal privacy." As asserted in Defendant's motion to compel, Plaintiff still fails to identify which privacy or credit reporting laws he claims interrogatory number 11 violates. Moreover, under Rule 26, Defendant is entitled to obtain discovery regarding "any matter, not privileged, that is relevant to" its defense. Information regarding bankruptcies is not privileged and is relevant as discussed above. The information is therefore discoverable under Rule 26.

**Interrogatory No. 13**

In his opposition, Plaintiff asserts that "[t]his request is vague and broad as it encompasses all possible issues and subjects within the plaintiff's work related life." As a preliminary matter, the interrogatory seeks only admissions of any facts relevant to this action by any party, not all possible issues within Plaintiff's work-related life. Moreover, Plaintiff adds an additional objection to this interrogatory not previously asserted, that "conversations counsel may have had with individuals constitute work product." Plaintiff waived this objection by failing to assert it in his original objections to interrogatory number 13. If Plaintiff or his counsel is aware of any such admissions he must provide a response. If he is not aware of any such admissions, he must state this in his response.

**Interrogatory No. 15**

Plaintiff states in his opposition that he provided Defendant with his calendar on September 30, 2003 and that Defendant failed to mention this in its Memorandum. Defendant filed its Motion to Compel on September 24, therefore, Plaintiff had not produced the document at the time, despite repeated requests by Defendant for Plaintiff to do so.

B.    **Defendant's First Requests for Production**

In his opposition, Plaintiff responded to request numbers 1, 2, 3, 9 and 10 by asserting, "Plaintiff . . . continues to object to this request for the reason that items coming within the purview of this request that do not presently exist or that the plaintiff is not currently aware of and may be subject of one of the objections noted. However, it does not make good sense to waive said objection as the defendant so desires without knowing of the existence of a concrete document." This response appears to mean that Plaintiff does not possess any responsive documents, but that he wants to maintain his objection just in case he receives a responsive document in the future that might potentially fall within one of his numerous objections. If Plaintiff or his counsel is aware of any such documents, he must provide a response. If he is not aware of any such documents, he must state this in his response. Plaintiff also made the following arguments:

### Document Request No. 1

In his opposition, Plaintiff adds an objection to request number one that he has not previously asserted, that "[t]he information requested encompasses private and confidential information." Plaintiff waived this objection by failing to assert it in his original objections to request number 1. Plaintiff must respond with information he currently possesses and may supplement his response if additional information becomes available.

### Document Request No. 2

In his opposition, Plaintiff made no attempt to support his previous objection that this request seeks "attorney work product and/or materials prepared in anticipation of litigation." Documents and other written or recorded statements given to Plaintiff's attorney or Plaintiff by third parties relating to Plaintiff's claims are not privileged and should be produced.

### Document Request Nos. 7 & 8

In his opposition, Plaintiff cites to Hickman v. Taylor, 329 U.S. 495, 510, 67 S. Ct. 385, 393 (1947), and U.S. v. Adlman, 68 F.3d 1495, 1501 (2d Cir. 1995), for the proposition that these requests seek attorney work product. Hickman simply established the work product doctrine, before it was codified in Fed. R. Civ. P. 26(b)(3), to protect the interests of an attorney's clients. It does not protect the interests of third parties. Adlman simply rejects the proposition that the work product doctrine cannot apply to documents created before the litigation or the events giving rise to it have occurred, a question that is not at issue here. Although documents such as Plaintiff's attorney's notes, internal memos, and correspondence with Plaintiff may be privileged, communications with third parties relating to Plaintiff's claims are not privileged and should be produced. Unless Plaintiff's counsel has been retained by any particular individuals, communications between him and putative class members or other non-parties are not privileged.

**Document Request No. 10**

Plaintiff objected to this request on the grounds that it is "overbroad, vague, immaterial, irrelevant and not likely to lead to admissible evidence." Plaintiff's objections are not valid. Obviously, a request for documents relating to Plaintiff's classification under the FLSA and his allegations that he was unlawfully denied compensation for overtime work is a "matter, not privileged, that is relevant to the claim or defense" of a party. Plaintiff has no basis whatsoever for this objection and it was clearly not made in good faith.

On October 20, 2003, Plaintiff responded to this request without waiving his objections. Plaintiff's response to this request should not have been limited in any way by his objections. To the extent that they were limited, Plaintiff should be compelled to respond completely.

**Document Request No. 11**

Case 3:03-cv-00630-DJS    Document 47    Filed 11/03/2003    Page 9 of 12

In his opposition, Plaintiff asserts that this request "violates F.R.C.P. 26." In fact, this request is specifically allowed by Rule 26(b)(4)(B) and specifically required by Rule 26(a)(2). Plaintiff's deadline for producing this information has been extended to November 7, 2003.

### Document Request No. 13

In his opposition, Plaintiff simply asserts that this request is irrelevant to the issues in this case and fails to respond to Defendant's argument relating to relevance. Plaintiff's resume is relevant and likely to lead to admissible evidence regarding Plaintiff's job duties as he has described them. The request is therefore reasonably calculated to lead to the discovery of admissible evidence.

On October 20, 2003, Plaintiff responded to this request without waiving his objections by asserting that he has no responsive documents at this time. Plaintiff's response to this request should not have been limited in any way by his objections. To the extent that they were limited, Plaintiff should be compelled to respond completely.

### Document Request No. 14

Since Defendant filed its motion to compel, Plaintiff filed a supplemental response to this discovery request by asserting that he "does not have copies of application in his possession." This response is incomplete as it does not provide information concerning resumes and cover letters. These documents are relevant insofar as they are likely to include Plaintiff's description of his job duties.

### Document Request No. 15

In his opposition, Plaintiff asserts that the financial information requested by this request "seeks enormous quantities of private information which are irrelevant and immaterial to

9

the issues in this case." In support of this proposition, Plaintiff again cites to language taken completely out of context from Justice Douglas' dissenting opinion in <u>California Bankers Ass'n v. Schultz</u>, 416 U.S. 21, 85, 95 S. Ct. 1494, 1529 (1974). <u>See</u> discussion <u>supra</u> p. 5. <u>Schultz</u> says nothing about the relevance or materiality of Plaintiff's financial status, gross income, ability to pay, or loan status. Moreover, Plaintiff's opposition does not even address Defendant's argument that the information requested in request number 15 is relevant in that it is likely to contain information regarding Plaintiff's employment. It is therefore discoverable under Rule 26.

Plaintiff also asserts that this interrogatory "involves the same intrusion into the plaintiff's personal privacy." As asserted in Defendant's motion to compel, Plaintiff still fails to identify which privacy or credit reporting laws he claims request number 15 violates. Moreover, although Defendant agreed to enter into an appropriate protective order to address Plaintiff's concerns regarding confidentiality, Plaintiff made no effort to do so. Under Rule 26, Defendant is entitled to obtain discovery regarding "any matter, not privileged, that is relevant to" its defense. The documents requested in this request are relevant in that they are likely to contain information about Plaintiff's employment. It is therefore discoverable under Rule 26. Plaintiff should therefore be compelled to produce all documents responsive to this request.

**Document Request No. 16**

In his opposition, Plaintiff fails to address the merits of his objections to Request No. 16. Instead, he simply restates the objections and asserts that he has already produced responsive documents. If Plaintiff or his counsel is aware of any additional documents, he must provide a response. The objection is invalid and cannot limit Plaintiff's responses. If he is not aware of any such documents, he must state this in his response.

                                        DEFENDANT,
                                        COMPUTER SCIENCES CORPORATION

By: _____
       Tasos C. Paindiris (ct 16739)
       William J. Anthony (ct 17865)
       Jackson Lewis LLP
       55 Farmington Avenue, Suite 1200
       Hartford, CT  06105
       Tel: (860) 522-0404
       Fax: (860) 247-1330
       E-mail: paindirt@jacksonlewis.com

## **CERTIFICATION OF SERVICE**

      This is to certify that a copy of the foregoing was sent by first class mail, postage prepaid, on this 3rd day of November, 2003, to the following:

        Michael J. Melly
        143 Oneco Avenue
        New London, CT  06320


_____
William J. Anthony