UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

_____
                                                        :
MARIO RICHARDS,                          :          CIVIL NO. 303CV00630 (DJS)
        Plaintiff,                                   :
                                                        :
                                                        :
v.                                                      :
                                                        :
                                                        :
COMPUTER SCIENCES CORPORATION.   :          DECEMBER 3, 2003
        Defendant.                               :
_____:

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE OR
DISREGARD PORTIONS OF MARIO RICHARDS' AFFIDAVIT**

        Plaintiff's memorandum in opposition is no opposition at all.  He simply argues

that he was competent to testify under Fed. R. Evid. 601 and so the court should buy whatever he

says in his affidavit as "competent."

        Defendant will not belabor discussing the different meanings of competent that

Richards confuses.  The challenged portions of his affidavit lack any facts to show his personal

knowledge.  Rule 56 governs Richards' affidavit, and he fails that rule abjectly.  Richards argues

that "it cannot be said that the plaintiff could not have perceived or observed that which he

testified to."  That is exactly what Defendant is saying.  It was Richards' burden to prove, with

competent facts, that he knows what he says he knows.  He did not.  Simply being employed at

the Norwich, Connecticut location did not give Richards personal knowledge of the work habits

of others there, or of their prior work experience or education, or of Defendant's hiring criteria at

Norwich.  And, if simply being employed at Norwich is the basis for his personal knowledge

about what others there do or know, it defeats his contention that he knows he is similarly situated to those employees who work or worked in California, Maryland or Texas because Richards has never worked at those facilities.  Richards' bare allegation in his affidavit to the effect that "everyone does the same thing I do" is not competent testimony, both because it is undisputed that they do not do what Richards does, and because he offers nothing to show that he does know what others do.

Richards also makes the implicit argument that his lack of personal knowledge is Defendant's fault because Defendant objected to some of his company-wide discovery requests.  But if it is Defendant's fault, then it undermines Richards' contention that he has the personal knowledge about what others do at Norwich (or anywhere else) simply because he works there.  Richards should not have to conduct discovery to testify to things about which he contends he has personal knowledge in the first place.  Moreover, if discovery was his problem, Richards should have requested additional time to file his 216(b) motion until the discovery dispute was resolved.  What he cannot do is file his class motion and then when it founders blame Defendant for its flaws.  The whole point behind making a motion for a 216(b) class, is that plaintiff has what facts he needs, shown by way of affidavits and not discovery, to conditionally certify such a class.  Mike v. Safeco Ins. Co. of America, 274 F. Supp.2d 216, 219 (D. Conn. 2003).  Richards did not make this showing in his motion.  "A party may not obtain d[iscovery] in order to discover whether it has a cause of action."  Caliper Technologies v. Molecular Devices, 213 F.R.D. 555, 558 (N.D. Cal. 2003).

Richards makes a final argument that he has fixed whatever was wrong with his motion by adding new affidavits with his reply.  In Richards' view of this litigation, he should be allowed to keep submitting evidence until he gets it right.  In other words, he was not required

like everyone else to submit whatever evidence he had with his opening motion, even if it could have been obtained then.  He can simply read Defendant's opposition to each round of his submissions and file more submissions, in a perpetual cycle of sur-replies.  Defendant disagrees and these tardy affidavits that should have been submitted with Plaintiff's original motion should be stricken.

Defendant has shown that the challenged portions of Richards' affidavit are inadmissible and should be struck or disregarded.

DEFENDANT,
COMPUTER SCIENCES
CORPORATION

By:  _____
Tasos C. Paindiris (ct 16739)
William J. Anthony (ct 17865)
Jackson Lewis LLP
55 Farmington Avenue, Suite 1200
Hartford, CT  06105
Tel. (860) 522-0404
Fax. (860) 247-1330

Lisa A. Schreter (ct 17647)
Jackson Lewis LLP
245 Peachtree Center Avenue, N.E.
1900 Marquis One Tower
Atlanta, GA  30303-1226
Tel. (404) 525-8200
Fax. (404) 525-1173

## <u>CERTIFICATION OF SERVICE</u>

This is to certify that a copy of the foregoing was sent by first class mail, postage prepaid, on this 3rd day of December, 2003, to the following:


Michael J. Melly
143 Oneco Avenue
New London, CT 06320


_____

Tasos C. Paindiris

H:\Client Folder\C\Computer Sciences Corp\Richards\Reply to Motion to Strike Richards' Aff.doc