UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIO RICHARDS,<br>on behalf of himself and<br>all others similarly situated<br>PLAINTIFFS, | :<br>:<br>:<br>:<br>: | CIVIL ACTION NO.<br>3:03 CV00630 (DJS) |
| v. | :<br>: | |
| COMPUTER SCIENCES<br>CORPORATION | :<br>:<br>: | DECEMBER 4, 2003 |
| DEFENDANT. | : | |

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO FILE SUR-REPLY RE: PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

The plaintiff, Mario Richards, submits this memorandum in opposition to defendant's motion for permission to file sur-reply to plaintiff's reply memorandum in support of motion for class certification and permission to serve notice to class members.

### Argument

Plaintiff filed a motion for class certification and permission to serve notice to class members on September 2, 2003. Defendant filed a memorandum in opposition on October 14, 2003 and the plaintiff filed a reply memorandum on November 17, 2003. Neither the Local Rules nor the Federal Rules of Civil Procedure provide the right to file a sur-reply brief.

Defendant has not shown prejudice or substantial reason for the court to allow a sur-reply brief. Defendant's sole reason for requiring a sur-reply is that the plaintiff provided additional affidavits in connection with his reply brief in support of class certification. Although the plaintiff did provide additional affidavits, there was not any

substantially new evidence, as the defendant suggests. The affidavits were signed by co-workers of the plaintiff who recited facts pertaining to their position with the company and the circumstances regarding overtime hours. The contents of the affidavits are substantially similar and show that the co-workers are similarly situated to the plaintiff. The affidavits *do not* contain new evidence.

The affidavits clearly show that the plaintiff's affidavit was not a 'sham' as purported by the defendant in its memorandum in opposition. Defendant spent much time and effort attacking the plaintiff's character in its memorandum in opposition. Surely, a sur-reply would be for that sole purpose as well.

The discovery period closes on January 7, 2003 in this case. If the defendant were allowed to file a sur-reply, this case would be closed before it were certified [or not]. Further, the plaintiff may require a response, thus causing even further delay. In the meantime, much of plaintiff's discovery requests were objected to by the defendant on the grounds that the class was not certified. Such bootstrapping of the plaintiff in discovery is unfair and unwarranted.

## Conclusion

The court must deny the defendant's request to sur-reply brief in this matter so that the issues of class certification and discovery be decided prior to the close of discovery.

Plaintiff,
Mario Richards

_____
Michael J. Melly
Fed. Bar No. ct17841
143 Oneco Avenue
New London, CT 06320
Tel: (860) 447-1990
Cell: (860) 989-9613

### CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on 12/4/03
To:
Tasos C. Paindiris, Esq.
William Anthony, Esq.
Jackson Lewis
55 Farmington Avenue
Suite 1200
Hartfrod, Ct 06105

_____
Michael J. Melly