UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUTT

| | | |
|---|---|---|
| MARIO RICHARDS, | * | |
| | * | CIVIL ACTION NO: |
| Plaintiff, | * | |
| | * | |
| v. | * | 3:03 CV 00630 (DJS) |
| | * | |
| COMPUTER SCIENCES CORPORATION, | * | |
| | * | DECEMBER 10, 2003 |
| Defendant. | * | |

### DEFENDANT'S SECOND MOTION TO STRIKE OR DISREGARD PLAINTIFF'S AFFIDAVITS SUBMITTED WITH HIS REPLY BRIEF

With his reply brief, filed well after this court's deadline for plaintiff to move for a conditional class, plaintiff includes several affidavits that he could have filed with his opening brief. The court should strike or disregard these additional affidavits for three reasons: (1) they are untimely, having been filed after the deadline without excuse; (2) they are improper, as a reply brief is confined to replying to defendant's response and is not an opportunity to file what amounts to a second motion; and (3) they are inadmissible because, in significant part, the testimony they contain is without factual support. Accordingly this court should strike or disregard these affidavits.

**I. The Affidavits are Untimely Without Excuse.**

Plaintiff attempts to do in his reply brief what he was obligated to do in his motion's opening brief. A reply brief is for a reply; it is not a second chance at an opening brief. Conn. Local Rule 9(g) states in relevant part: "A reply brief . . . must be

strictly confined to a *discussion* of matters raised by the respondent's brief . . ." (emphasis added). Plaintiff's reply is not so much a discussion as a whole new motion for class certification filed well after this court's deadline for filing such a motion, and without any excuse for his failure to provide this motion testimony when he was obligated to do so.[1] This Court ordered, on August 1, 2003, that plaintiff's motion for notice and certification be filed by August 29, 2003. Plaintiff did not file these affidavits until November 17, 2003, nearly three months later.

Richards' failure to file these additional affidavits with his opening brief is inexcusable. He testified that he knew some of these affiants' were interested in joining his suit as far back as May 2003, that he solicited several names while he was at work, and that they signed a list several months ago. (Richards Depo. pp. 18-22). Having failed to provide these affidavits to the court or to CSC by the deadline for his motion, he should not be permitted to do so now. Disguised as a reply, plaintiff has submitted a new motion for certification, without excuse and out of time. He has even changed the scope of his proposed class in his reply. (Reply p. 3). His new "motion" is untimely and the court should disregard or strike these additional affidavits.

II. **The Affidavits are Improperly Beyond the Scope of a Reply.**

It is improper to file affidavits with a reply brief, at least without a valid reason. *Center Development Venture v. Kinney Shoe Corp.*, 757 F. Supp 34, 35 (E.D. Wisc. 1991) (striking affidavit filed with reply brief). Additionally, as shown above, this court's local rule prohibits it. (LR 9(g)).

---

[1] Plaintiff's reply brief also exceeds the mandatory page limit without approval of this court.

2

### III. The Affidavits are Inadmissible.

#### 1. Richards' Second Affidavit of November 12 is a Sham.

In his second affidavit, Richards goes to some effort to minimize his discretion or experience as primary factors in his ability to do his job. He testifies in paragraph 4: "I am required to refer to the knowledge base containing written procedures and checklists for addressing and fixing problems that may be encountered by the user." In paragraph 5 he continues, "As a CSA, I am not allowed to aid a user with the problem without using the knowledge base and following the procedures therein. I am not allowed to use independent judgment or discretion or be creative in handling the troubleshooting calls from client users in performing my duties." However, Richards' deposition testimony was just the opposite. He testified as follows:

> Q: Okay. Now, with what you do each day, there is a knowledge base, as I understand it; is that right?
>
> A: Yes.
>
> Q: That you use?
>
> A: No, I don't use.
>
> Q: Tell me what this knowledge base is.
>
> A: Knowledge base is basically when you get a certain problem there's steps in it to follow. Things to check. Questions to ask.
>
> Q: Okay. And you don't use that?
>
> A: For the most part, no.
>
> Q: Okay, you don't need to?

3

> A: It's not that I don't need to. A lot of times what I'm looking for is not in there.
>
> Q: Okay, but you're often called upon to come up with solutions that aren't contained in the database if I understand your testimony?
>
> A: Yes.

(Dep. pp. 170-172).

In paragraph 20 of his November Affidavit, he testifies: "Prior to becoming a CSA at Computer Sciences Corporation, I did not have computer experience which related to the duties of a CSA." Yet at his deposition he testified just the opposite:

> Q: Okay. So if I understand correctly with respect to the document, you have to decide what's going to be important for the person who may review this ticket later on?
>
> A: Yes.
>
> Q: That's going to be critical things?
>
> A: Yes.
>
> Q: Not necessarily everything that you did?
>
> A: And beyond that I was a tech. I worked for Hallmark Inacom at Pratt & Whitney in East Hartford, so the thing is that I relate in that ticket as a tech. Someone with experience.
>
> Q: And you use that experience every day as a CSR don't you?
>
> A: Are you asking do I use that experience?
>
> Q: Yes.
>
> A: Yes I do.

4

(Dep. pp. 169-170).

It is well settled in the Second Circuit, as in every other circuit, that a party cannot contradict his deposition testimony with his affidavit testimony to salvage his case. *Hayes v. New York City Dept. of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996); *Herring v. Canada Life Assurance Co.*, 207 F.3d 1026, 1030 (8th Cir. 2000); *Rohrbough v. Wyeth Labs, Inc.*, 916 F.2d 970 (4th Cir. 1990) (holding that a party cannot establish a fact question by forcing the court to choose between two conflicting versions of a party's testimony). Richards' second affidavit as cited above flatly contradicts his deposition and this court should disregard or strike this affidavit testimony.

Richards' attempt to portray himself as a blind functionary, bereft of technical judgment and discretion with respect to his daily job duties, is belied by his testimony that he daily relies on his prior technical training at a former job to perform as a CSR Level I at CSC. Further, his testimony that he must rely on the database to troubleshoot computer problems is contradicted by his sworn testimony that he does not use that database.

In addition to his contradictions, key assertions in his second affidavit are inadmissible. Virtually nothing Richards says concerning his job duties is fact based; his testimony is wholly conclusory. To simply aver that he has no discretion, cannot be creative or has to rely on the database or telephone to do his job does nothing to undermine CSC's contention that he is exempt under the FLSA. It is simply a litany of legal conclusions packaged as facts. Richards' second affidavit is a sham and conclusory, his first affidavit was inadmissible hearsay, conclusory, and without personal knowledge. Both Richards' affidavits should be struck or disregarded by the court.

5

### 2.     The other reply affidavits are also inadmissible under Rule 56.

Richards submits six virtually identical affidavits from other CSRs at the Norwich facility. Each affiant baldly claims to exercise "no discretion" in the performance of his or her job, a purely legal conclusion, without any facts to show why they have no discretion or more importantly, to rebut CSC's evidence that CSRs have widely diverse job responsibilities and discretion depending on who their clients are. The affidavits then jump from a conclusory assertion about the affiant's job duties to a conclusory assertion about the entire class' job duties, based on the affiants' observations and conversations with unidentified employees. These affidavit assertions are inadmissible under Rule 56 and should be struck or ignored. *See, e.g. Mike v. Safeco Ins. Co. of America*, 274 F. Supp.2d 216, 219 (D. Conn. 2003) (rejecting "statements [that] refer to discussions with unidentified Safeco employees regarding what Mike deems common job responsibilities"); *H & R Block, Ltd. V. Housden*, 186 F.R.D. 399 (E.D. Tex. 1999) (rejecting conclusory affidavits in support of a 216(b) motion). A sweeping legal allegation is not a substitute for a fact-based showing of "similarly situated" or "commonly aggrieved." *Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 362 (M.D. Ala. 1999). The belated affidavits fail to pass muster under Rule 56 and should be struck or disregarded.

## CONCLUSION

Richards' affidavits should be struck or disregarded for three reasons: (1) they are late without excuse; (2) they are improperly included within a reply brief; and (3) they are inadmissible under Rule 56.

DEFENDANT,
COMPUTER SCIENCES
CORPORATION

By: _____
Tasos C. Paindiris (ct 16739)
William J. Anthony (ct 17865)
Jackson Lewis LLP
55 Farmington Avenue, Suite 1200
Hartford, CT  06105
Tel. (860) 522-0404
Fax. (860) 247-1330

Lisa A. Schreter (ct 17647)
Jackson Lewis LLP
245 Peachtree Center Avenue, N.E.
1900 Marquis One Tower
Atlanta, GA  30303-1226
Tel. (404) 525-8200
Fax. (404) 525-1173

## CERTIFICATION OF SERVICE

      This is to certify that a copy of the foregoing was sent by first class mail, postage prepaid, on this 10th day of December, 2003, to the following:

      Michael J. Melly
      143 Oneco Avenue
      New London, CT 06320

_____
Tasos C. Paindiris