UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIO RICHARDS, | * | |
| | * | |
| | * | CIVIL ACTION NO: |
| Plaintiff, | * | |
| | * | |
| v. | * | 3:03 CV 00630 (DJS) |
| | * | |
| | * | |
| COMPUTER SCIENCES CORPORATION, | * | |
| | * | DECEMBER 23, 2003 |
| Defendant. | * | |
| | * | |
| | * | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PERMISSION TO SERVE ADDITIONAL INTERROGATORIES

### I.    INTRODUCTION

Pursuant to the Federal Rules of Civil Procedure and the Local Rule of this Court, Defendant Computer Sciences Corporation respectfully submits this Opposition to Plaintiff's Motion for Permission to Serve Additional Interrogatories. Plaintiff provides no legitimate basis for the Court to deviate from the limitations imposed by Rule 33(a) on the number of interrogatories a party may serve. Plaintiff squandered his opportunity to conduct appropriate discovery with his first set of interrogatories and for that reason should not now be permitted to pursue additional discovery beyond that which is provided by the Rules.

### II.    DISCUSSION

Plaintiff has already served in excess of the 25 interrogatories in violation of Fed. R. Civ. P 33(a) in that his first set of interrogatories, including subparts, total 78.

In his first set of interrogatories Plaintiff requested company-wide information regarding
Defendant's employees, policies and practices over a period dating as far back as 1990.
Defendant has approximately 92,000 employees worldwide, and Plaintiff's
interrogatories in many cases seek detailed information as to *all* of Defendant's current
and former employees. These requests are ridiculously overbroad and seek information
which is not relevant to the parties' claims and defenses. For example, Plaintiff requested
the following:

- State the name, title and description of all jobs, titles and positions within CSC from 1999 through the present, including jobs, titles and positions that may no longer exist or have undergone a name or job description change, and state: (a) if the position no longer exists, the date that it ceased to exist; (b) if the position underwent a name or description change or modification, the date of each change/modification; (c) if the position underwent a name or description change or modification, the new name or description, as the case may be.

- State the name, home address, work address, telephone number and job title and department or business unit of all current and former (1999 through the present) employees of CSC and, state: (a) the dates of employment of each; (b) if employee is/was stationed at the premises of a client of CSC, the name and address of the client

- State the name, home address, work address, telephone number and job title and department or business unit of all current and former (1999 through the present) contractors, sub-contractors, vendors and temporary workers of CSC and state: (a) the dates of employment of each; (b) the job title of each; (c) if employee is/was stationed at the premises of a client, the name and address of the client; (d) the name and address of the entity or employer who employed or paid said contractor, sub-contractor, vendor, or temporary worker: (e) if any worker referred to in sub-parts a-d were hired by CSC, state the date, position and work address of hire.

- Describe the job description for all current and former (1999 through the present) job positions and titles at CSC and for each position state: (a) whether and when the position/description ceased to exist at CSC; (b) whether and when the position/description was changed or modified [in title or description] to another position/description at CSC; (c) if modified or changed in title or description, describe the change or modification in

2

title or job description; (d) for all of the above, the date such position was created.

- State the name, home address, work address, job title and department or business unit of all current and former CSC employees who were hired by clients of CSC from 1995 through the present and: (a) State the name, business address of each client of CSC who hired each such employee; (b) the date of hire of each such employee by said client; (c) the date each such employee separated from employment at CSC.

- State the name, home address, work address, telephone number, department, business unit of any current or former employee who worked overtime hours from 1999 through the present, and further state: (a) the date and time of overtime worked for each corresponding employee; (b) the amount of overtime hours worked by the date, week and month; (c) the wage rate for each employee and total overtime paid on an hourly, weekly and yearly basis to each such employee; (d) the position and job title of those employees referred to in subparts a-b; (e) identify all reports, summaries, surveys, statistical analysis or other document, whether recorded on paper, cassette, disc, cd, hard drive or in any other manner, detailing some or all of the following information, either individually or collectively; (f) state the name, address, telephone number, job title, department, or business unit of the person(s) responsible for generating, maintaining, modifying and storing the information referred to in subparts a-e above.

It is precisely this kind of abuse of the discovery process that the Rules intend to stop by requiring a party to request leave of Court to serve more than 25 interrogatories. Pursuant to Rule 26(b)(2), the Court may limit the use of discovery methods if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2). All of these factors in weigh against permitting Plaintiff to serve additional interrogatories.

Plaintiff states in his motion that Mr. Fenter, a manager at Defendant CSC's Norwich, Connecticut facility and the only person Plaintiff has deposed to date, was unable to provide substantial information at his deposition. Specifically, Plaintiff states that Mr. Fenter could not provide the location of Defendant's corporate headquarters and the names of human resources or billing people at the Norwich facility. As set forth in Defendant's corporate disclosure statement, Defendant is a publicly traded Company and its corporate headquarters information, as well as the identity of officers of the Company are readily and publicly available. Additionally, Plaintiff's counsel has notified Defendant's counsel that he intends to depose one of the human resources personnel from Defendant's Norwich facility. Thus, the additional information Plaintiff states he seeks is "obtainable from some other source that is more convenient, less burdensome, or less expensive" and the Court should deny Plaintiff's request in accordance with the provisions of Rule 26(b)(2).

Moreover, at present, this Complaint is comprised of only a single Plaintiff, Mr. Richards, and states a claim for unpaid overtime under the Fair Labor Standards Act. Given the limited nature of the claims presently before Court, information concerning all of Defendant's 92,000 employees throughout the world, including job descriptions and biographical information, as well as employment policies and practices simply is not discoverable. Plaintiff has used many of his permitted 25 interrogatories to request such overbroad, irrelevant information that is far beyond the scope of discovery allowed by the Rules. As such, Plaintiff "has had ample opportunity

by discovery in the action to obtain the information sought" but failed to take advantage of that opportunity. Fed.R.Civ.P. 26(b)(2). He cannot now be permitted to continue the discovery process, beyond the scope set forth in the Rules, to impose unnecessary additional costs and burden upon Defendant.

## III.    CONCLUSION

For all of the foregoing reasons, the Court should deny Plaintiff's Motion for Permission to Serve Additional Interrogatories.

DEFENDANT,
COMPUTER SCIENCES
CORPORATION

By:    _____
Tasos C. Paindiris (ct 16739)
William J. Anthony (ct 17865)
Jackson Lewis LLP
55 Farmington Avenue, Suite 1200
Hartford, CT  06105
Tel. (860) 522-0404
Fax. (860) 247-1330

Lisa A. Schreter (ct 17647)
Jackson Lewis LLP
245 Peachtree Center Avenue, N.E.
1900 Marquis One Tower
Atlanta, GA  30303-1226
Tel. (404) 525-8200
Fax (404) 525-1173

## **CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing was sent by first class mail, postage prepaid, on this 23rd day of December, 2003, to the following:

Michael J. Melly
143 Oneco Avenue
New London, CT  06320

_____
Tasos C. Paindiris