UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARIO RICHARDS,                       :
on behalf of himself and              :    CIVIL ACTION NO.
all others similarly situated         :    3:03 CV00630 (DJS)
      PLAINTIFFS,                  :
                                   :
v.                                    :
                                   :
COMPUTER SCIENCES                     :    JANUARY 7, 2004
CORPORATION                           :
      DEFENDANT.

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AFFIDAVITS

Plaintiff, Mario Richards, submits this memorandum in opposition to defendant's motion to strike[1] the affidavits, or portions thereof, of Mario Richards and other supporting affidavits.

### Procedural

Plaintiff commenced this action for claims of overtime wages pursuant to The Fair Labor Standards Act, 29 U.S.C. 207, et seq. Plaintiff filed a motion for class certification and permission to serve notice to class members on September 2, 2003 and submitted a sworn affidavit in support thereof. Defendant, on October 14, 2003, filed a memorandum in opposition and motion to strike such affidavit [or portions thereof]. Plaintiff filed a reply memorandum on November 17, 2003 and a new affidavit in support. Plaintiff also submitted affidavits of five other analysts in support of class certification. Exhibit 2. Defendant filed a motion to strike the additional affidavits.

---

[1] Motion to strike dated December 12, 2003. It should be noted that the defendant had previously filed a motion to strike dated October 14, 2003 seeking the plaintiff's prior affidavit of September 1, 2003 stricken.

**Argument**

Defendant argues that plaintiff's affidavit is conclusory and the plaintiff is without sufficient personal knowledge of the facts alleged. The defendant further describes plaintiff's affidavit a "sham".[2] This is clearly an attempt to prevent the plaintiff from presenting evidence in support of class certification. This tactic furthers the defendant's discovery tactics preventing discovery of information and materials relevant to plaintiff's claims and class issues.[3]

Whatever the ultimate results of the plaintiff's and the class' claims, claims of such magnitude should not be aborted on such technical grounds, if that result can be legitimately avoided. Lujan v. Nat'l Wildlife Federation, 497 U.S. 871, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990),(Blackmun dissenting). The defendant's position fails to appreciate the spirit and goal of the Federal Rules of Civil Procedure that litigation "shall be construed to secure the just, speedy and inexpensive determination of every action. Fed. R. Civ. P. 1. In this case, the defendant has, thus far, attempted just the opposite, by preventing the plaintiff from obtaining relevant information and documents in discovery and further attempting to prevent the court from receiving relevant factual information contained in affidavits.

Defendant essentially claims that the plaintiff is not competent to testify. This proposition contravenes Fed. R. Civ. P. 601 which declares every person a competent witness, unless shown otherwise. Defendant has failed to properly interpret or understand the statements in plaintiff's affidavit, which do in fact show personal

---

[2] Def brief in opp to class cert. dated October 14, 2003.
[3] Defendant objected to almost all of plaintiff's discovery requests. A motion to compel is pending. The defendant, through Stephen Fenter [manager of Norwich facility], also refused to answer a number of questions at deposition and, curiously, did not know the answers to many other questions.
r

knowledge of the facts to which he testifies. For instance, the defendant ignores that the plaintiff was a customer support analyst at the defendant's Norwich Connecticut facility since February 2001 and further ignores the fact that five other analysts have sworn to facts identical to those the plaintiff describes in his affidavit. Plaintiff described his duties as a customer support analyst and the manner in which he worked overtime without being paid. Exhibit 1 ¶ 5-14. He has worked [and continues to] with other analysts and is aware that other analysts perform the same duties and work the same overtime as does he. Exhibit 1 ¶ 15. Five other customer support analysts testified similarly. These analysts made statements describing their job duties, the manner in which they work overtime, their education and experience in help desk and their lack of company administrative duties. Exhibit 2. These affidavits of the plaintiff and other analysts support one another factually, thus giving credibility to each's affidavit and further supporting class certification.

  Clearly, the plaintiff and other analysts have personal knowledge of these items which are related to their own job. This is not one of those cases where the plaintiff and other analysts do not have personal knowledge of the facts to which they testify [in an affidavit]. see, U.S. v. Roman, 884 F. Supp. 126, 127 (S.D.N.Y. 1995), ("Whether a witness is competent to testify depends on the individual's ability to observe, remember, to communicate, and to understand that the oath imposes a duty to tell the truth."); Beyah v. Coughlin, 789 F.2d 986 (attorney executed affidavit on behalf of prison official without personal knowledge); Copiers Typewriters Calculators, Inc. v. Toshiba Corp., 576 F.Supp. 312 (affiant was advised of certain facts; however, affidavit was nevertheless allowed and improper portion stricken); United States v. Lyon, 567 F.2d 777 (8th Cir.

1977) (witness must have the ability to observe); It defies logic for the defendant in this case to allege and hypothesize that the plaintiff or other analysts are not in a position to observe and know their own job duties or even the duties of others with whom they work on a daily basis. The court should allow the affidavits and accord them the weight that they are due. Barron v. Henry County School System, 242 F.Supp. 2d 1096 (M.D. Ala 2003). (plaintiff's affidavit allowed where plaintiff stated the he was aware of others who worked more than 40 hours per week.)

It cannot be said that the plaintiff could not have perceived or observed that which he testified to. U. S. v. Sinclair, 109 F.3d 1527, 1536 (10th Cir. 1997). The court can reasonably believe here, that the plaintiff had personal knowledge of the facts to which he testified. Folio Impressions v. Byer Cal., 937 F.2d 759, 764 (2d Cir. 1991), see, SEC v. Singer, 786 F. Supp. 1158, 1167 (S.D.N.Y. 1992) (witness' testimony admissible despite a certain degree of memory, recollection or perception loss). The evidence contained in plaintiff's affidavit is relevant, as the statements make the issue of similarly situated more probable than without the evidence. See, Fed. R. Civ. P. 401. Rule 401's "basic standard of relevance…is a liberal one." Daubert v. Merell Dow Pharms., Inc., 509 U.S. 579, 587, 113 S. Ct. 2786, 2794 (1993); see, Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1518 (10th Cir. 1995) (while giving judges great freedom to admit evidence, diminishes substantially their authority to exclude evidence as irrelevant."). Hearsay statements contained in affidavits are admissible as well. Fed. R. Civ. P. 803 (3); see, Source Services Corp. v. Source Telecomputing, 635 F. Supp. 600, 612 (N.D. Ill. 1986); Programmed Tax Systems, Inc. v. Raython Co., 439 F.Supp. 1128, 1131 n. 1 (SDNY 1977). (statements of others were not offered for the truth of the matter asserted).

Inconsistencies between witness' affidavits and deposition testimony affect credibility and not admissibility. Hon-Meng Tang v. Republic Parking System, 734 F. Supp. 486 (N.D. GA 1989). See, City of Chanute Kan. v. Williams Natural Gas Co., 743 F. Supp. 1437, affd. 955 F.2d 641, rehearing denied, cert, denied 113 S. Ct. 96, 506 U.S. 831, 121 L. Ed. 2d 57. Thus the alleged inconsistencies in plaintiff's affidavit go to credibility only. It should be noted that the alleged inconsistencies between plaintiff's affidavit and deposition testimony is minimal, at best. The court must take into consideration that the responses at deposition are highlighted in a 'fish bowl' without the benefit of other follow-up testimony adduced at deposition, thereby deceiving the court as to the true nature of plaintiff's duties. It is telling that other analysts have testified to facts similar to those in the plaintiff's affidavit.[4] Further, inconsistencies do not render an affidavit meritless. Cowan v. Prudential Ins. Co., 141 F.3d 751, 756 (7th 1998).

The cases cited by the defendant in support of its argument to strike these affidavits are unavailing to the defendant as the circumstances are not analogous. In Mike v. Safeco Ins. Co. of America, 274 F.Supp. 216, 219 (D.Conn 2003), the court did not strike the plaintiff's affidavit or even address such issue. Similarly, in H & R Block v. Housden, 186 F.R.D. 399 (E.D.Tex 1999) the defendant misconstrued the opinion of the court. The H & R Block court did not strike affidavits. The court did, however, comment on the conclusory nature of the affidavits which failed to identify potential plaintiffs or submit affidavits of potential plaintiffs. The supporting affidavits in H & R Block simply stated that they believed other workers to be discriminated against in similar ways. The court opined that there were no facts in support of similarly situated

---

[4] It is curious that the defendant has not yet gone so far as to call the other analysts liars and their affidavits shams. Clearly, their affidavits deal a severe blow to the defendant's allegations of sham.

plaintiffs. The H & R Block case actually supports plaintiff's claims, as it is so distinguishable from the present. The inadequacies of the H & R Block affidavits do not exist here as plaintiff has submitted affidavits of potential plaintiffs who have stated facts [rather than conclusions] involving their job duties, the manner in which they work overtime, their education and experience in help desk and their lack of company administrative duties.

Completely diminishing the defendant's arguments regarding plaintiff's affidavit and giving credibility to plaintiff's statements and assertions are affidavits from five co-workers, testifying that they [as customer support analysts] perform the same duties as the plaintiff and are required to work similar overtime without being paid. See Exhibits 2-6, (attached to plaintiff's memorandum in response to defendant's memorandum in opposition to class certification and permission to give notice). Further, plaintiff submitted another affidavit containing additional information. See Exhibit 1 (attached to plaintiff's reply brief dated November 17, 2003; See also, Schedule A, attached to affidavit of Mario Richards dated November 12, 2003.[5]

Defendant further argues that the plaintiff, by his reply memorandum, has filed a new motion for certification. This is a new and unique argument which is not based in fact or reality. There has not been any new motion. Plaintiff's reply brief merely responds to issues, claims and accusations asserted in defendant's memorandum in opposition. Plaintiff has not raised new issues or topics in his reply memorandum.

---

[5] The November 12, 2003 is a new and different affidavit of the plaintiff attached as exhibit 1 to plaintiff's reply memorandum dated November 17, 2003. Schedule A contains the names of several co-workers who wish to opt-in to this case and make similar overtime claims as the plaintiff. Query, should this sign on list and the affidavits of these analysts be completely ignored and disregarded as suggested by the defendant. Plaintiff contends not.

Regardless, the defendant filed a sur-reply, which addressed issues that it deemed necessary and appropriate to respond.

## Conclusion

The defendant's request to strike plaintiff's and other affidavits, thereby preventing the plaintiff from presenting relevant information to the court regarding the issues of class certification and notice, do not comport with the spirit of the Federal Rules and contravene the remedial purpose of the Fair Labor Standards Act 29 U.S.C. 207, et seq. The court should allow the affidavits and accord them the weight that they are due. Barron v. Henry County School System, 242 F.Supp. 2d 1096 (M.D. Ala 2003). For the foregoing reasons the defendant's motion to strike plaintiff's and other affidavits in support of class certification dated September 2, 2003 must be denied.

 

 

Plaintiff,
Mario Richards

By _____
Michael J. Melly
Fed. Bar No. ct17841
143 Oneco Avenue # 4
New London, CT 06320
Tel: (860) 447-1990

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on  1/7/04

To:
Tasos C. Paindiris, Esq.
William Anthony, Esq.
Jackson Lewis
55 Farmington Avenue
Suite 1200
Hartford, Ct 06105

_____
Michael J. Melly

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIO RICHARDS,<br>on behalf of himself and<br>all others similarly situated<br>PLAINTIFFS,<br><br>vi.<br><br>COMPUTER SCIENCES<br>CORPORATION<br>DEFENDANT. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.<br>3:03 CV00630 (DJS)<br><br><br><br>JANUARY 7, 2004 |

### PLAINTIFF'S NOTICE OF EXHIBITS

Plaintiff hereby gives notice that the following exhibit is attached to Plaintiff's Memorandum In Opposition to Defendant's Motion To Strike Affidavit Of Mario Richard's.

    **Exhibit 1**    Affidavit of Mario Richards dated November 12, 2003

    **Exhibit 2**    Affidavits of Shlomo Katz, William Jergensen, Jeffrey Chabotte, Jessica Justis and Julie Blasiak

                                            Plaintiff,
                                            Mario Richards

                                By_____
                                      Michael J. Melly
                                      Fed. Bar No. ct17841
                                      143 Oneco Avenue # 4
                                      New London, CT 06320
                                      Tel: (860) 447-1990

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on 1/7/04
To:
Tasos C. Paindiris, Esq.
William Anthony, Esq.
Jackson Lewis
55 Farmington Avenue
Suite 1200
Hartford, Ct 06105

Michael J. Melly