UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUTT

| | | |
|---|---|---|
| MARIO RICHARDS, | * | |
| Plaintiff, | * | CIVIL ACTION NO: |
| v. | * | 3:03 CV 00630 (DJS) |
| COMPUTER SCIENCES CORPORATION, | * | JANUARY 21, 2004 |
| Defendant. | * | |

**DEFENDANT'S REPLY IN SUPPORT OF COMPUTER SCIENCES CORPORATION'S MOTION TO STRIKE**

Richards argues that CSC's objections to his affidavits on grounds they are lacking personal knowledge or filled with hearsay, conclusory allegations and speculation are just "technicalities" that defendant is using to try to prevent him from pursuing his case. Richards contends that when he makes the bare assertion in his affidavit that his job duties are just like the other analysts' job duties that this is a fact about which he has personal knowledge. (Richards Nov. 16 Aff. ¶ 15). Richards is mistaken. Such an assertion is not a fact and it does not show personal knowledge. It is a conclusory allegation with no probative value.

In making its motion to strike, CSC did not argue that the various affiants lacked personal knowledge about what they did on their own jobs. What CSC argues is that neither Richards nor the other affiants have shown a factual basis for their assertions that what they are required to do in their own jobs is anything like what other analysts must

do in their jobs. In light of the vast differences CSC has established between the responsibilities and obligations that the different customer service analysts have with respect to the different clients they are servicing, Richards has not established that the affiants are similarly situated to the national class he proposes. He has not even established that the affiants are similarly situated to the other CSRs at the Norwich facility.

Moreover, CSC pointed out that none of the affiants has ever worked at any facility other than Norwich and none has shown any personal knowledge of what customer service personnel do at the other facilities that Richards is attempting to bring into this case. In fact, none of the affidavit testimony Richards attaches to his opposition brief addresses what any CSRs at other facilities do. The only evidence of "similarly situated" Richards has placed in the record concerning CSRs at other facilities is the ISO document he submitted with his opening brief. CSC showed that this document did not even hint at similarities between CSRs, and that it was not a job description at all. Accordingly, there is no evidence in this record, hearsay or otherwise, about what any CSR outside of Norwich does. Richards' affidavits completely fail to support his request for a nationwide class. The ISO document is not competent evidence for Richards' purpose because it does not support his creative speculations on its contents.

Further, CSC has pointed out that nowhere does Richards establish with any facts that anyone outside of the Norwich facility has any interest in participating in his lawsuit. All of the persons who have purportedly expressed an interest in his suit are current or former employees of the Norwich facility. Without a showing of such interest from CSRs at other facilities, Richards may not, in any event, expand his class beyond the

2

Norwich facility. *Bernard v. Household International, Inc.*, 231 F. Supp.2d 433, 436 (E.D. Va. 2002) (confining an FLSA class to the single facility where the affiants worked because no one from outside that facility gave an affidavit or declaration expressing interest in joining the suit).

Even as to the Norwich facility, Richards' affidavits fail and must be disregarded on the question of whether anyone else but the affiants wish to join his suit. Statements such as "others have informed me" are hearsay because they are offered only for their truth – that others have told Richards they wish to join his suit.

Remarkably, Richards argues that hearsay affidavits are acceptable. (Opp. Mem. p. 4). Not in the Second Circuit. *United States v. Couto*, 311 F. 3d 179 (2d Cir. 2002) (hearsay in affidavits must be disregarded); *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639 (2d Cir. 1988) ("a hearsay affidavit is not a substitute for the personal knowledge of a party").

Richards also argues that his contradictory affidavit testimony (with respect to his deposition) should only run to the weight of that testimony and not its admissibility. Fair enough; his affidavit testimony is entitled to no weight. *Hayes v. New York City Dept. of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996) (affidavit testimony contradicting deposition testimony must be disregarded). Richards then argues that the inconsistencies are minimal. A contradiction on key testimony is not minimal. What Richards said in his affidavit, in an attempt to minimize his job discretion, flatly contradicts his deposition testimony, in which he allowed himself significant discretion, without any explanation. Under this Circuit's law, his affidavit is probatively worthless. It cannot meet the evidentiary threshold to support conditional certification for the class he proposes.

Richards next argues that the other affiants' testimony agree with his affidavit testimony. This does not help Richards. It means that Richards' deposition testimony impeaches all the affiants and not just himself. Lastly, he contends that CSC used "fish bowl" testimony from Richards' deposition to show the contradictions with the affidavits. But if there was a sea of other deposition testimony from Richards that supported his affidavits, he makes not a single reference to it in his opposition brief.

CSC's motion to strike or disregard portions or all of the affidavits Richards has submitted is compelling. Richards, in his opposition to that motion, has provided neither record evidence nor case law to show that it should not be granted. The affidavits Richards submitted from six Norwich employees speak under the guise of factless personal knowledge or hearsay about the work performed by the other CSRs at Norwich and cannot support a class, even at that facility, let alone a national class. The affidavits do not challenge CSC's evidence that the duties of each CSR vary with the clients they serve and the service labor agreements they must observe. The affidavits do not provide any facts to show that any CSR outside Norwich has any interest in this suit. The affidavits, in their central contentions, are contradicted by Richards' own deposition testimony about the duties of CSRs and how much or little discretion they have. Finally, the ISO document fails utterly to support a nationwide class.

Richards admits his personal knowledge is confined to just three clients at the Norwich facility: Pratt & Whitney, UTC Sikorsky and Saint Vincent's. (Richards Depo. pp. 143, 350, 451). By contrast, CSC has shown that the individualized fact specificity needed to determine whether any given CSR has the discretion or independent judgment necessary to support an exemption under the FLSA cannot be determined on a class-wide

4

basis because "CSAs are generally assigned to a specific client and are required to become familiar with the technical systems, contractual requirements, and process requirements of the client they serve." (Fenter Aff, ¶ 14). Richards, with his affidavits, has provided nothing to counter CSC's specific, probative evidence. The affidavits are hearsay, lacking in personal knowledge and conclusory. They cannot support the notice he requests. They should be struck or disregarded by this court.

DEFENDANT,
COMPUTER SCIENCES
CORPORATION

By: _____
Tasos C. Paindiris (ct 16739)
William J. Anthony (ct 17865)
Jackson Lewis LLP
55 Farmington Avenue, Suite 1200
Hartford, CT 06105
Tel. (860) 522-0404
Fax. (860) 247-1330
paindirt@jacksonlewis.com

Lisa A. Schreter (ct 17647)
Jackson Lewis LLP
245 Peachtree Center Avenue, N.E.
1900 Marquis One Tower
Atlanta, GA 30303-1226
Tel. (404) 525-8200
Fax. (404) 525-1173
schretel@jacksonlewis.com

## CERTIFICATION OF SERVICE

      This is to certify that a copy of the foregoing was sent by first class mail, postage prepaid, on this 21st day of January, 2004, to the following:

>Michael J. Melly, Esq.
>143 Oneco Avenue
>New London, CT 06320

_____
Tasos C. Paindiris