UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARIO RICHARDS,<br>    Plaintiff, | :<br>:<br>: |
| V. | :   No. 3-03-CV-00630(DJS) |
| | : |
| COMPUTER SCIENCES<br>CORPORATION,<br>    Defendant. | :<br>:<br>: |

### MEMORANDUM OF DECISION

Plaintiff Mario Richards has motioned the court for permission to proceed as a collective action pursuant to 29 U.S.C. §216(b). Richards alleges that he and other Customer Support Analysts ("CSA") are entitled to unpaid regular and overtime wages under the Fair Labor Standards Act. Defendant now seeks to strike portions of the affidavit of Mario Richards submitted in support of the motion to proceed as a collective action. **[doc. # 37]** Computer Sciences Corporation ("CSC") also moves to strike the affidavits of various other CSC employees submitted by Richards in a reply brief intended to support the motion to proceed as a collective action. **[doc. #61]**

### DISCUSSION

The Federal Rules of Civil Procedure do not create a standard for reviewing affidavits submitted in support of motions other than a motion for summary judgment. The court will adopt the language of Rule 56(e) as a guide for purposes of ruling on the present motion. Rule 56(e) succinctly states the general principles that are understood to apply to any testimony that is proffered to this court in support of a legal claim, although that rule explicitly applies only to motions for summary judgment.

-1-

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). See also Union Ins. Soc'y of Canton, Ltd., v. William Gluckin & Co., Inc., 353 F.2d 946, 952 (2d Cir. 1965)(holding "conclusory statements and statements not made on personal knowledge do not comply with the requirements of Fed. R. Civ. P. 56(e) and, therefore, may not be considered").

A motion to strike is appropriate if documents submitted in support of a motion for summary judgment are not made on the basis of personal knowledge or contain inadmissible hearsay or conclusory statements." Pokorne v. Gary, 281 F. Supp. 2d 416, 418 (D. Conn. 2003); Spector v. Experian Info. Sys., No. 3:01-CV-1955, 2004 WL 1242978, at *4 (D. Conn. June 2, 2004). However, the entire affidavit need not be stricken, United States v. Alessi, 599 F.2d 513, 514-515 (2d Cir. 1979), even if a party moves to strike parts of an affidavit that do not comply with the requirements of Fed. R. Civ. P. 56(e). Jewell-Rung Agency, Inc. v. Haddad Org., Ltd., 814 F.Supp 337, 339. (S.D.N.Y. 1993).

**A. The First Motion to Strike**

Defendant contends that paragraphs 3, 15, 16 and 17 of Richards's affidavit should be stricken, as well as portions of paragraph 4 of the affidavit. Paragraph 3 is alleged to be hearsay. The other problematic paragraphs and statements are, CSC argues, not based on personal knowledge. The court will address each argument in turn.

"Hearsay is a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). "Hearsay testimony that would be inadmissible if testified to at trial may not properly be set

forth in a Rule 56 affidavit accompanying a summary judgment motion." Spector, 2004 WL 124978, at *5. Richards's assertion in paragraph 3 that there are many other CSAs who desire to join his suit fits squarely within the definition of hearsay. Richards cannot testify as to the intentions of other employees, where those intentions were allegedly expressed in statements made outside the presence of the court. Richards may testify that other workers told him they were interested in his suit, but only to prove that such statements were made, not that they are true. Richards offers his assertion as proof of the intentions of his co-workers and such testimony is inadmissible hearsay. Paragraph 3 is stricken.

The remaining contested portions of the affidavit are allegedly deficient because they are not based on personal knowledge. "Generally, affiants have personal knowledge to testify about their experiences." Larouche v. Webster, 175 F.R.D. 452, 454 (S.D.N.Y. 1996). Hearsay and secondhand information do not constitute personal knowledge. Isaacs v. Mid Am. Body & Equip. Co., 720 F. Supp. 255, 256 (D. Conn. 1989). Paragraph 4 is a statement regarding CSC's hiring practices as they relate to CSAs and the training and skills required to become a CSA. Paragraphs 15 and 16 assert personal knowledge of the tasks and duties of other CSAs in Norwich–specifically that the other CSAs also perform tasks that are not properly compensated with regular and overtime pay. CSC argues that Richards is not qualified to testify as to CSC's hiring practices and requirements or the job responsibilities of other CSAs.

The court finds that the contested portions of paragraph 4 are not supported by personal knowledge and should be stricken. Richards does not establish that his own experiences with hiring, qualifications and training are reflective of other employees or that he could reasonably have knowledge of company policy in this area. It is possible that Richards is aware of the

experiences of other CSAs hired with him or during his term of employment, but he does not establish the basis for his assertions or his own qualifications to address CSC hiring policies.

Paragraphs 15 and 16 are not stricken. The statements made in paragraph 15 regarding the duties of other CSAs can obviously have a basis in the personal observations of Richards during his work day. CSC's disagreement with the statements made in the affidavit does not invalidate the testimony. The conclusory nature of paragraph 15 serves only to lessen its probative value, not to render the testimony inadmissible. Similarly, paragraph 16 is absolutely something that the plaintiff could observe–and according to his testimony, did observe–during the course of his work day. Again, disputed testimony is not necessarily improper.

Finally, CSC is correct in arguing that paragraph 17 must be stricken. There is no basis in the plaintiff's arguments or his affidavit for his assertion that the CSAs in other parts of the country face the same conditions that allegedly exist in Norwich. The court finds there is no evidence of personal knowledge to support Richards's statement in paragraph 17.

### B. The Second Motion to Strike

Defendant raises two arguments in its second motion to strike affidavits. First, defendant claims that affidavits may not be included in a reply brief. Second, CSC contends that Richards's affidavit is contradicted by his deposition testimony and so should be disregarded. CSC also rehashes some of its arguments from the first motion to strike.

The court finds that Richards's affidavit is appropriate and should not be stricken. The court does not consider the affidavit and deposition testimony to be in direct conflict. Further, even if a conflict did exist, the defendant's use of the summary judgment standard of proof is inappropriate. The standard for proceeding with discovery and notice as a collective action under

the Fair Labor Standards Act is lower than the bar imposed on non-movants attempting to show a genuine issue of material fact at the summary judgment stage. Obviously, Richards cannot establish facts through affidavits that contradict his sworn testimony, but he can allege facts, which is all the burden that the law places on him at this stage of the proceedings. Richards does not need to prove anything at present but need only make a modest factual showing supported by substantial allegations and affidavits. See, Grayson v. K-Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996); Hoffman v. Sbarro, Inc., 982 F.Supp. 249, 261 (S.D.N.Y. 1997). Thus, even if there were a clear contradiction it would not necessarily require the court to strike the affidavit, but would only be one factor in the court's assessment of Richards's success in meeting the burden of proof required to prevail on his motion.

The court also finds the defendant's reliance on the local rules unavailing. First, the court notes that the proper local rule is D.Conn.L.Civ.R.7(e), not 9(g) as the defendant claims. The rule does not prohibit the inclusion of affidavits with a reply brief. It does limit the reply to a discussion of the matters raised by the opposition, but there is no reason for this court to hold that the discussion contemplated cannot include further evidentiary support. Indeed, the interests of justice demand that the court consider any and all appropriate materials when deciding a matter, and the affidavits submitted by Richards are appropriate. There is nothing in the local rules that prevents Richards from including an affidavit and no precedent cited to the court that interprets the rules in the manner desired by the defendant.

Finally, the court finds that none of the arguments raised against the supporting affidavits attached to the Richards reply brief has merit. The affidavits contain statements of personal experience and knowledge that are intended to support the plaintiff's motion and are entirely appropriate.

**CONCLUSION**

The court finds that certain paragraphs of Mario Richards's affidavit submitted with his motion for permission to proceed as a collective action are improper hearsay and not based on personal knowledge. Paragraphs 3 and 17 and a portion of paragraph 4 are stricken accordingly. The defendant's motion to strike **[doc. #37]** is **GRANTED in part**. The second motion to strike **[doc. #61]** is **DENIED**.

**IT IS SO ORDERED** at Hartford, Connecticut, this   28th   day of September, 2004.

              /s/DJS
              **DOMINIC J. SQUATRITO**
              **UNITED STATES DISTRICT JUDGE**