

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIO RICHARDS | : | CIVIL ACTION NO. |
| PLAINTIFF | : | 3:03 cv00630 (DJS) |
| | : | |
| V. | : | |
| | : | |
| COMPUTER SCIENCES CORPORATION | : | |
| DEFENDANT | : | |
| | : | NOVEMBER 5, 2004 |

### PLAINTIFF'S PROPOSED SCHEDULING PLAN

The plaintiff, pursuant to order of the Court hereby submits this proposed scheduling plan. The parties attempted, however, on November 5, 2004 it was determined that they were unable to agree upon many of the items herein.

**A.   Names and Addresses**

The defendant (CSC) shall provide the names and addresses of currently employed Level I and II Help Desk Customer Support Analysts (CSAs) of CSC from all locations and facilities in the United States on or before **November 12, 2004**.[1]

The defendant shall provide the names of all individuals formerly employed as Level I and II Help Desk Customer Support Analysts (CSA's) of CSC's

---

[1] Defendant has agreed to this date.

BARTINIK, GIANACOPLOS, BARTINIK, BARTINIK & GRATER, P.C.
P.O. BOX 942 • GROTON, CONNECTICUT 06340-0942 • 860-445-8521 • JURIS NUMBER 01220

for a period of 3 years prior to the institution of this action on or before **November 19, 2004**.[2]

### B.  Notice and Consent

Plaintiff shall send notice and consent forms to those persons whose names and addresses are provided by the defendant on or before 60 days after the names and addesses are provided to the plaintiff. To the extent Defendant supplements the list of names provided to Plaintiff, Plaintiff shall send notice and consent forms to those persons whose names and addresses are provided by the defendant on or before 60 days of receipt of those names and addresses from Defendant.

### Plaintiff's Argument Re: Opt-in Plaintiffs

All potential Opt-in plaintiffs should receive the benefit of notice and opportunity to opt into this case. The potential opt-in plaintiffs shall include those employees for 3 years prior to commencement of action. These current and former employees are potential members of the class who may have similar claims for overtime wages. There was a lengthy time lapse between the filing of the motion for certification and the ruling on said motion for certification.[3] Further, there has been a

---

[2] The defendant has agreed to provide the names and addresses for CSA's going back three years prior to class certification.

[3] The motion for certification was filed on September 3, 2003 and the ruling received on September 28, 2004.

lapse of time in receiving the names and addresses of potential opt-in members.[4] As a result of the lapse of time in receiving the names and addresses of potential opt-in members the plaintiff is yet unable to serve notice and potential opt-in members are unable to give consent to opt-in. As a result of these delays and lapses in time there are many members of the class who are former employees whose claims date back 3 years prior to the commencement of action. These potential opt-in members will suffer prejudice by being unable to make some or all of their claim(s). This lapse of time serves to prejudice many employees who are prospective members of the class. Further, this case is in the early stages of discovery since the date of class certification. Serving notice at this time does not prejudice the defendant, while lack of notice to potential opt-in members would result in substantial prejudice to potential opt-in plaintiffs. Although the court has discretion in management of this case, it should be wary of excluding potential opt-in plaintiffs and their claims at this time.

### C. Opt-In Plaintiffs

Opt-In plaintiffs shall opt-in to this case within **30 days** of the close of discovery.

### D. Discovery and Depositions

Discovery shall close on **September 15, 2005**.

---

[4] Although the plaintiff requested the names and address on or about May 3, 2003 and June 4, 2003 Plaintiff has yet to receive the names and addresses of potential opt-in members, who are current or

F.  **Expert Witnesses**

The Parties shall disclose experts and reports on or before **90 days** before the close of discovery. Parties shall disclose rebuttal experts within 30 days of the expert disclosure of the opposing party. Fed. R. Civ. P. 26(a)(2)(C). The parties shall depose experts on or before the close of discovery.

**Plaintiff's Argument Re: Expert witnesses**

Plaintiff wishes that the parties disclose expert witnesses at the same time so that there is ample opportunity to disclose rebuttal witnesses in accordance with Fed. R. Civ. P. 26a (2)(C). Further, defendant has certain burdens of proof in this FLSA action relative to hours worked, wages paid, willfulness of conduct and its claimed defenses. Plaintiff merely wishes an opportunity to disclose expert witnesses if he so chooses depending upon those witnesses that the defendant discloses.[5]

G.  **Rule 16 Conference**

The parties request a Rule 16 conference as soon as practicable so that they may discuss and attempt to resolve with the Court pending discovery issues prior to the filing of Motions to Compel.

H.  **Settlement Conference/Mediation**

The parties requests a settlement conference before a Magistrate Judge

---

former employees of the defendant, CSC.

after the opt in period has closed.

### I. Motions Relating to the Class

Defendant shall have until **60 days** after the close of discovery to file a Motion to Decertify this matter as a collective action. Plaintiff shall have until 60 days after the close of discovery to file motions relative to additional opt-in class members or other necessary motion.

### J. Dispositive Motions

Defendant shall have until **60 days** after the Court's ruling on a Motion to Decertify, or if no such Motion is filed, until **60 days** after the close of discovery to file Dispositive Motions.

                        Plaintiff,
                        On behalf of the class

By _____
    Michael J. Melly, ct17841
    Bartinik, Gianacoplos, Bartinik,
    Bartinik & Grater, P.C.
    100 Fort Hill Rd.
    Groton, CT 06340
    Tel: (860) 445 8521
    Fax: (Fax) 445-5873

---

[5] Defendant, through counsel, has indicated a desire to disclose expert witnesses.

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed 11/8/04 to:

Tasos C. Paindiris, ct16739
Jackson Lewis
Suite 1200
55 Farmington Avenue
Hartford, CT 06105

_____
Michael J. Melly