UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARIO RICHARDS : | CIVIL ACTION NO. |
| PLAINTIFF : | 3:03 cv00630 (DJS) |
| : | |
| V. : | |
| : | |
| COMPUTER SCIENCES CORPORATION : | |
| DEFENDANT : | |
| : | DECEMBER 15, 2004 |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY

The plaintiff, pursuant to Fed. R. Civ. P. 37(a), submits this memorandum in support of plaintiff's motion to compel responses to discovery and the production of documents sought through discovery requests filed on May 3, 2003 [Interrogatories] and June 4, 2003 [Production]. Exhibits 1 & 2.

### Procedural Background

Plaintiff commenced this action on or about April 7, 2003 pursuant to the Fair Labor Standards Act (29 U.S.C. 201 et seq.), claiming wages owed for overtime hours worked. The plaintiff filed a motion for class certification on or about September 3, 2003. On September 28, 2004 the court granted plaintiff's motion thereby certifying the matter as a class action on behalf of level I & II customer support analysts. Many discovery disputes have arisen out of plaintiff's discovery dated May 3, 2003 and June 4, 2003. Although there are other disputes regarding discovery besides those addressed

herein, the parties have yet to attempt to resolve them. Therefore, those items will not be addressed herein.

**Argument**

    The plaintiff seeks an order compelling the following discovery:

1. Name and address of currently employed Customer Support Analysts (CSA's).

2. Name and addresses of former CSA's for the period 3 years prior to commencement of this action [March 2003] or 3 years prior to plaintiff's filing of motion for class certification [September 3, 2003].

3. All documents relating to investigations and/or inquiries regarding wage issues currently pending/ongoing at the United States Department of Labor.

4. Other investigations or inquiries regarding wage and overtime issues.

5. Names of human resource personnel.

6. Training provided to HR personnel.

7. Organization charts.

8. Names of management and supervisory personnel.

9. Job descriptions of associate technical staff.

10. OPUS reports.

11. Client billing information.

**Interrogatory Nos. 2 & 3**
**Names and Addresses of current and former customer support analysts (CSA)**

The names and addresses of employees are relevant to the issue of which employees (CSA's) are potential opt-in members of the class. On September 28, 2004 the court granted class certification and ordered that notice to potential opt-in members go out. As soon as this matter was certified as a collective action plaintiff's counsel began his attempts to obtain the names and addresses of current and former CSA's. Exhibit 3. The names and addresses of potential opt-in members of the class are necessary so that the plaintiff may send out the appropriate notice. The names and addresses of CSA's are within the exclusive knowledge and possession of the defendant. The Second Circuit has clearly decided this issue, as discovery of the names and addresses are standard discovery requests in collective actions of this nature.

On October 26, 2004 the defendant, through counsel, Tasos Paindiris, agreed that the defendant would provide the names and addresses of current CSA's on or before November 5, 2004 and the names and addresses of former CSA's on or before November 16, 2004. See, Certification of Attorney Melly & Exhibit 4. These due dates were changed by agreement of the parties to November 12, 2004 for current CSA's and

November 16, 2004 for former CSA's.[1] Defendant later reneged on this agreement and has blatantly refused to provide any of the names and addresses of current or former CSA's to the plaintiff.[2] In the interim, the parties were discussing the specifics and content of the notice which was going to be sent to members of the class. Although the parties agreed substantially on the content of the notice, they have been unable to agree on how far back in time those former employees may claim overtime wages. As a result of this disagreement the defendant has refused to provide any names and addresses of current or former employees. The dispute regarding the content of the notice is unrelated to the discovery of the names and addresses of current and former employees. The parties had already agreed upon names and addresses and due dates.[3] There is no harm to the defendant in providing the names and addresses of employees for the purpose of sending notice. Disclosure of names and addresses and notice does not bind the defendant regarding any particular claim.

In the meantime, the defendant has been and continues to engage in communication with the USDOL in an attempt to settle all or part of the claims with the United States Department of Labor (DOL).[4] It is plaintiff's position that any attempted

---

[1] See, Certification of Atty Melly.
[2] See, Certification of Atty Melly.
[3] It should be noted that the parties agreed on the period within which names and addresses would be provided. It was understood that plaintiff would seek court intervention regarding additional names and addresses for periods going back in time that the defendant was not willing to provide at this time.
[4] Counsel for the plaintiff is unaware of and 'in the dark' as to the substance and nature of the communication and dealing with the DOL. In a call by plaintiff's counsel to a contact person at the DOL

settlement of the claims in this case without plaintiff's counsel's representation and approval would be illegal. It appears as that the defendant is making a suspicious and secretive attempt at settling these claims while intentionally leaving plaintiff's counsel and opt-in plaintiffs 'in the dark'. This sneaky dealing with the USDOL is adversely affecting the rights of opt-in plaintiffs. Further, the failure to provide names and addresses of current or former employees (CSA's) is preventing those employees from receiving notice, thereby prolonging their ability to opt into this case. This delay adversely affects each employees rights as the limitation period within which to make his/her claims is further diminished each waning day.

### Investigations and Inquiries
### Interrogatory No. 19

The documents regarding the investigations and inquiries in connection with wage and overtime issues are directly related to the wage claims in this case.

The defendant [through counsel] has also stated that it will provide documents regarding the investigations/inquiries, however, to date the defendant has provided the plaintiff only two items of correspondence. At this time the Department of Labor has commenced an inquiry for the apparent purpose of aiding the defendant in settling plaintiff's claims and the claims of other members of the class. There are many more documents that the defendant has withheld from production that are relevant to the DOL involvement. For instance, the defendant conducted a 'self-audit', wherein the defendant

---

counsel was informed that information of the DOL matter is not available to outsiders. At this point

audited the time of employees. As a result of the self-audit the defendant has determined that there are monies owed to the employees.[5] The results of the audit have been provided to the DOL. Documentation relative to the self-audit is relevant to this case, as it goes to the heart of the overtime wage claims of both opt-in and potential opt-in plaintiffs in this case. It is anticipated that the defendant will provide spread sheet containing information of the self-audit, as it has been promised by opposing counsel. However, plaintiff seeks more than this, as the materials and documents containing the information from which the spreadsheet is prepared would be quite informative for the plaintiff.

It flies in the face of Rule 26 that there have been, for many months, communication with the DOL regarding the very claims made in this case without the knowledge of and behind the back of counsel for the plaintiff. Not only does Rule 26 require that this information be provided, but the plaintiff sought this information 19 months ago.

## Other Investigations/inquiries are relevant and discoverable

There have been other investigations or inquiries in this case which go to the heart of the wage and overtime issues in this case. The defendant should be required to disclose all investigations regarding wage and overtime issues as they are relevant to this case. Should the defendant claim a privilege it is required to provide a privilege log.

One such investigation or inquiry was conducted in 2003. The defendant required many of its CSA's at the Norwich facility to take part in what was described to employees as an 'HR survey'. According to CSA's who participated in the survey, the

---

counsel for the plaintiff has no knowledge as to what is going on at the DOL.
[5] Plaintiff is unaware of the precise details or purpose of the self-audit.

survey involved overtime related issues. The Plaintiff has a right to know the specifics of the survey. Since the defendant has not provided a privilege log the information and documents must be provided.

Plaintiff further seeks the names of the employees who took part in the study so that further discovery may be accomplished by way of discussion with those persons with information. It would be unfair for the defendant to have this information and names of potential witnesses without the plaintiff having an opportunity to discover the very same important information. This sort of information is clearly required to be disclosed by Fed. R. Civ. P. 26 (a).

Recently there has been furtehr investigations/inquiries at the Norwich facility, As, there have been outsiders conducting inquiries at the Norwich, Connecticut facility. Plaintiff has reason to believe that these persons may be conducting inquiries related to the issues and claims in this case. Plaintiff has a right to discover information relative to any investigation/inquiry relative to wage or overtime issues that have been conducted or are currently ongoing. Certainly, there must be information, documents and witnesses that should be disclosed in this regard pursuant Fed. R. Civ. P. 26.

The defendant may claim that certain investigations/inquiries are privileged. Unless an appropriate privilege was stated and a privilege log provided, the defendant may not avail itself to a privilege at this time. Further, an employer may not prevent discovery of attorney investigations on the basis of work product or attorney client

privilege. <u>Susan Pray, Barbara Baird and Liane Marston v. The New York City Ballet Company</u>, 96 Civ. 5723; 1997 U.S. Dist. Lexis 6995 (May 19, 1997); see also, <u>Harding v. Dana Transport</u>, 914 F. Supp. 1084, 1094 (D.N.J. 1996); <u>Walsh v. Westminister Bankcorp, Inc.</u>, 921 F.Supp. 168, 172-73 (S.D.N.Y. 1995).

In summary, it is unfair and violative of the federal rules of Civil Procedure to hide these investigations and inquiries form the plaintiff.

**Interrogatory No. 7:**
**Names of HR employees**

Defendant has agreed to provide this information, however, to date has not provided it.

**Interrogatory No. 9:**
**Training provided to human resource (HR) employees**

The plaintiff requested training of HR employees. See interrogatory No. 9. defendant stated that he would speak to his client and let counsel know. To date counsel for the defendant has neither provided information nor let plaintiff's counsel know whether the information would be provided.

The training provided to HR employees is relevant as it is the HR people who have the greatest knowledge of and implement the defendant's policies. The most appropriate and efficient manner of discovering company policies is through those HR employees who implement them.

### Production Nos. 8, 9 & 10
### Organization Charts

Defendant would look into which charts exist. To date defendant has not provided any organization charts. It is inconceivable that organization charts do not exist in a company this size.[6]

Plaintiff seeks organization charts for the corporate facilities located at Falls Church, Virginia and El Segundo, California. Plaintiff further seeks an organization chart for any and all facilities employing help desk employees.

It should be noted that an organization chart was previously provided in discovery, however, at deposition Steven Fentner stated that the chart was old and not reflective of the true organizational nature of the defendant. Further, he was unable to testify regarding the chart. This makes no sense, as Fentner was the manager of the Norwich facility. Had the organization chart provided been the proper chart, Fentner would have been able to testify and the parties would not have had to waste valuable time at his deposition.

### Management or supervisory persons
### Interrogatory No. 10

Plaintiff seeks the names and addresses of management persons at the above described facilities and locations of the defendant company. Plaintiff cannot conceive

---

[6] CSC's website shows the company as having 90,000 employees.

of any reason why this information has not been provided.

### Job descriptions
### Interrogatory No. 11

The defendant has provided the job description for the CSA position. Plaintiff also seeks the description for all positions coming within the purview of "Associate Technical Staff." These are relevant as the defendant has many times alluded to associate technical leaving the plaintiff without an understanding as to the specifics of the classification. It is only fair that plaintiff know and understand the nature of positions within the associate technical staff classification, which has been interjected into this case by the defendant.

### OPUS Reports

Since the institution of this action the defendant implemented a new system [OPUS reports], wherein the number and timing of customer calls is tracked. This new system was instituted as a direct result of this action and the claims made in this action. The OPUS reports are relevant to the claims in this action as they are also used in tracking an employees' time. Counsel for the defendant was going to look into these reports, however, to date has failed to do so.

### Billing rate and method information
### Interrogatory No. 12

Plaintiff seeks billing rate, method and frequency information relative to the

billing of clients. Billing rate information is relevant as, presumably, defendant bills clients for the work performed by its employees (CSA's). It is inconceivable that the defendant would not be paid for the troubleshooting calls and work undertaken by its CSA's. The fact that the defendant requires CSA's to perform overtime without pay while billing and being paid by clients for said work is unconscionable and relevant to intent, willfulness, fairness and liquidated damages.

**<u>Plaintiff Has Attempted to Resolve Disputes</u>**

Counsel for the plaintiff, Michael J. Melly, has spoken to counsel for the defendant, Tasos Paindiris, on November 5, 2004 and November 9, 2004 in an attempt to resolve outstanding discovery disputes. Certification of Atty Melly; Exhibit 3-5.

The parties were able to resolve some of the disputes, however, plaintiff has yet to receive anything [accept for copies of two letters to/from USDOL] pursuant to the agreement. Further, counsel for the defendant has not communicated back to counsel for the plaintiff regarding whether or not other items would be forthcoming. See Certification of Atty Melly.

At this point, *one year and seven months* after discovery was served, the plaintiff is yet not aware of whether or not certain relevant information and items will be forthcoming. Further, the plaintiff does not know when promised items will be forthcoming.

Defendant promised to provide other items on or before December 9, 2004.[7] To date the items and information promised has not been provided. The federal scheme, as espoused by Rule 26, is to encourage broad discovery. F.R.C.P. 26 (a)(1)(B) requires the parties to provide a copy of or description by category and location of, all documents, data compilations and tangible things in the possession, custody or control of the party that are relevant to disputed facts alleged with particularity in the pleadings. As a global leader in computer information and technology, it is inconceivable that nearly everything that the plaintiff requests is unduly burdensome.

## Sanctions Should Be Imposed

Plaintiff seeks that sanctions be imposed against the defendant for its dilatory discovery tactics. Fed. R. Civ. P. 37; see, Indus. Aircraft Lodge 707 v. United technologies, 104 F.R.D. 471, 473 (D. Conn. 1985)

---

[7] See, Certification of Attorney Melly.

Plaintiff
Mario Richards

By _____
Michael J. Melly, ct17841
Mullins & Michaud, LLC
682 Prospect Avenue
Hartford, CT 06105
Tel: (860) 231-7000
Fax: (860) 231-8400

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on 12/15/04 to:

Tasos C. Paindiris Esq.
William Anthony, Esq.
Jackson Lewis
55 Farmington Avenue Suite 1200
Hartford, CT 06105

_____
Michael J. Melly