UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUTT

| | |
|---|---|
| MARIO RICHARDS,<br><br>        Plaintiff,<br><br>v.<br><br>COMPUTER SCIENCES CORPORATION,<br><br>        Defendant. | CIVIL NO: 3:03 CV 00630 (DJS)<br><br><br>MAY 24, 2005 |

## STIPULATED PROTECTIVE ORDER

The parties to this action, Plaintiff Mario Richards, and Defendant Computer Sciences Corporation, jointly move for the entry of this Protective Order concerning confidential information disclosed by any person in the course of this litigation. The parties agree that:

1. The following protective order, restrictions, and procedures shall apply to certain confidential or proprietary documents, information and excerpts from documents produced by Plaintiffs, Defendant or a third party in connection with the above-captioned matter.

2. Counsel for any party may designate any document or information produced during discovery, whether contained in a document, a response to a discovery request, a deposition transcript (including exhibits) or otherwise, as confidential. Documents and information designated by a party as confidential will be labeled "Confidential." The designation of "Confidential" material contained in a deposition transcript may be made at the time of taking the deposition or by written notification to the adverse party within

30 days of the receipt of the deposition transcript containing the confidential information. Any material not so designated may later be so designated by agreement of the parties or by written application to Court.

3. Documents summarizing, discussing or including confidential information or documents shall be treated in the same manner as documents that have been labeled "Confidential" and shall be so designated and treated by attorneys or parties possessing them.

4. Unless otherwise ordered by the Court, or unless otherwise provided for herein, the confidential documents or information disclosed will be held and used by the party receiving such information solely for use in connection with the above-captioned action.

5. Nothing in this Stipulated Protective order constitutes an admission by any party that documents or information disclosed in this case are relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of any or all documents and information disclosed in accordance with applicable law and Court rules.

6. Documents or information designated as "Confidential" shall not be disclosed to any person, except:

   a. the parties and counsel;

   b. employees of such counsel assigned to and necessary to assist in the litigation;

   c. consultants or experts to the extent reasonable and necessary;

   d. person(s) from whom testimony is taken or is to be taken in this action, except that such a person may only be provided the confidential documents or information during and in preparation for her/his testimony, such person must agree to abide by all of the terms of this Stipulated Protective Order, and must

        execute an undertaking (such as the form as attached Exhibit A) stating that they have read this Protective Order and agree to abide by its terms; and

    e.    the Court or the jury at trial.

7. Any "Confidential" documents or information designated by the parties shall be used by the parties and their attorneys only for the purpose of the preparation for trial, or trial, of this matter, and shall not be used for any other purpose, including, but not limited to, disclosure to any third party, including any current or former employees of Defendant, except as provided herein.

8. Each person given access to the confidential documents or information pursuant to this order shall segregate such material, keep it strictly secure, and refrain from disclosing it in any manner, and shall keep the information or documents strictly confidential, except as specifically provided for by the terms of this order.

9. All documents and information subject to confidential treatment in accordance with the terms of this Protective Order that is filed with the Court shall be filed under seal with the legend "CONFIDENTIAL" clearly stamped or written on an envelope or container for the documents, and kept under seal until further order of the Court.

10. All "Confidential" matter and all copies thereof are to be returned to the party claiming confidentiality within thirty (30) days after written request by such party's counsel after trial, appeal, settlement or other final resolution of this action unless the parties agree to destroy the confidential matter and copies.

11. Nothing in this Stipulated Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients.

12. The foregoing is entirely without prejudice to the right of any party to apply to the court for any further protective order relating to confidential documents or information; or to object to the production of documents or information; or to apply to court for an order compelling production of documents or information; or for modification of this order.

DEFENDANT,
COMPUTER SCIENCES CORPORATION

By: _____
Tasos C. Paindiris (ct 16739)
Jackson Lewis LLP
55 Farmington Avenue, Suite 1200
Hartford, CT 06105
Tel: (860) 522-0404
Fax: (860) 247-1330
E-mail: paindirt@jacksonlewis.com

Date: 5/24/05

PLAINTIFF
MARIO RICHARDS

By: _____
Michael J. Melly
Mullins & Michaud LLC
682 Prospect Avenue
Hartford, CT 06105
Tel: (860) 231-7000
Fax: (860) 231-8400
E-mail: mjmelly@aol.com

Date: 5/24/05

## EXHIBIT A

I, _____, hereby affirm that I have read the Stipulated Protective Order appended hereto , understand its terms and agree to be bound by it in relation to any documents or information to which I am exposed in the course of the referenced litigation.

Signed: _____

Dated: _____

## CERTIFICATE OF SERVICE

This is to certify that on May 25, 2005 the undersigned sent a copy of the foregoing via first class mail, postage pre-paid, to the following:

>Tasos C. Paindiris
>Jackson Lewis LLP
>55 Farmington Avenue
>Suite 1200
>Hartford, CT 06105

_____
Michael J. Melly