UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIO RICHARDS, | : | CIVIL NO: 3:03 CV 00630 (DJS) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| COMPUTER SCIENCES CORPORATION, | : | NOVEMBER 29, 2005 |
| Defendant. | : | |

## MOTION OF ENTRY OF DEADLINE TO OPT IN
## AND FOR ENTRY OF A REVISED SCHEDULING ORDER

The Defendant respectfully moves the Court for an Order to enter an immediate deadline for individuals to "opt in" to this case, a collective action under the Fair Labor Standards Act; and to enter a revised scheduling order for discovery to be completed.

Specifically, the Defendant seeks a revised scheduling order for discovery as follows: (1) Defendant will serve limited written discovery on the plaintiffs who opt in by the Court ordered deadline; (2) the plaintiffs will have 45 days to respond to the written discovery; (3) after plaintiffs respond to the written discovery the parties will attend a mediation conference; (4) if the matter is not resolved in mediation, the parties will have 90 days after the mediation conference to conduct any additional discovery and depositions; (5) the parties will have 45 days after the close of discovery to file any dispositive motions or motions to decertify the class.

In support of this Motion the Defendant states the following:

1.    On September 28, 2004, the Court granted Plaintiff's Motion to Proceed as a Collective Action under the Fair Labor Standards Act ("FLSA"). The Court's ruling also authorized Plaintiff to send Notice to the members of the class. Such Notice would inform potential plaintiffs of the existence of this action and instruct them on the procedure for participating in this suit. The Court also ordered that the Parties submit a proposed Scheduling Order.

2.    After numerous attempts to reach agreement, the Parties could not agree on certain terms for the Scheduling Order and could not agree on certain language for the Notice to the class. As to the Notice, the Parties could not agree on the period of time potential opt in plaintiffs would have to submit their consent to participate in this action.

3.    On March 16, 2005, the Court held a conference by telephone to discuss these outstanding issues relating to scheduling, the Notice and certain discovery disputes. Plaintiff advocated for the opt in period to end at the close of discovery and the Court specifically rejected Plaintiff's proposal. The Court instead ordered the Plaintiff to send Notice to the class with the addition of the following provisions: (1) language informing the potential opt in plaintiffs that they would not incur attorney's fees or costs if they elect to opt in, and (2) that the potential opt in plaintiff's shall have 90 days from the date the Notice form is postmarked to submit their consent to participate in this action. This Order was docketed by the Court on March 24, 2005.

4.    Following the entry of the aforementioned Order, Defendant requested on numerous occasions for Plaintiff to provide it with the revised Notice to be sent to the potential opt in plaintiffs. In addition to telephone discussions, these requests included correspondence to Plaintiff's counsel on April 6, 2005, April 27, 2005 and May 31, 2005.

5.    To date, Plaintiff has not provided Defendant with the revised Notice form, nor has Plaintiff sent any form of Notice to the potential opt in plaintiffs.

6.      Plaintiff's failure to send the Notice violates the Court's order that potential opt in plaintiffs be provided certain information regarding their rights in this action, and that the opt in period end 90 days after the Notice was sent.

7.      Despite failing to provide the required Notice to potential opt in plaintiffs, Plaintiff filed Consents to Join the Class on behalf of certain individuals on August 23, 2005, November 10, 2005 and November 23, 2005.

8.      By Order dated March 22, 2005, the Court entered a scheduling order establishing deadlines for discovery on January 15, 2006 and dispositive motions on February 16, 2006. This Order reflects the discussions that occurred during the March 16, 2005 conference in which the Court agreed that the opt in period end prior to the close of discovery, and that the parties have a reasonable period of time to conduct discovery once the members of the class are known.

9.      Defendant has attempted to contact Plaintiff's counsel, Michael Melly, on numerous occasions by telephone and in writing to discuss this Motion and to try to resolve the issues set forth herein, but has been unable to reach him. In fact, the most recent pleadings filed by Plaintiff's counsel contain an address in New London, Connecticut with no firm name while Attorney Melly's address of record in this case is with the firm of Mullins & Michaud in Hartford, Connecticut. Plaintiff's counsel has not filed a notice of address change with the Court nor has he provided any such document to Defendant. Defendant has tried to reach Plaintiff's counsel at both addresses and telephone numbers but with no success.

10.     Plaintiff's failure to send Notice to the potential opt in plaintiffs disregards the Court's Order and circumvents the Court's establishment of a 90 day deadline after notice is sent for individuals to opt in to this action;

11.     Plaintiff's filing of Consents to Join this action at this late stage in the case prejudices Defendant's ability to conduct discovery and to prepare its case as to a defined class. With no deadline, Plaintiff could continue to file Consents to Join this action right up to the last day of discovery or even dispositive motions and trial.

WHEREFORE, Defendant respectfully moves for an Order by this Court as follows:

1.     To enter an immediate deadline for individuals to opt in to this case;

2.     To enter a revised scheduling order as follows: (1) Defendant will serve limited written discovery on the plaintiffs who opt in by the Court ordered deadline; (2) the plaintiffs will have 45 days to respond to the written discovery; (3) after plaintiffs respond to the written discovery the parties will attend a mediation conference before a U.S. Magistrate Judge; (4) if the matter is not resolved in mediation, the parties will have 90 days after the mediation conference to conduct any additional discovery and depositions; (5) the parties will have 45 days after the close of discovery to file any dispositive motions or motions to decertify the class.

RESPECTFULLY SUBMITTED,
DEFENDANT,
COMPUTER SCIENCES CORPORATION

By:   _____
Tasos C. Paindiris (ct 16739)
William J. Anthony (ct 17865)
Jackson Lewis LLP
90 State House Square, 8th Floor
Hartford, CT  06103
Tel: (860) 522-0404
Fax: (860) 247-1330
E-mail: PaindirT@jacksonlewis.com

4

## CERTIFICATE OF SERVICE

This is to certify that on November 29, 2005 the undersigned sent a copy of the

foregoing via first class mail, postage pre-paid, to the following:

Michael J. Melly
143 Oneco Avenue
P.O. Box 771
New London, CT 06320

_____
Tasos C. Paindiris