UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

---

| | | |
|---|---|---|
| MARIO RICHARDS, | : | CIVIL NO. 3:03CV00630 (DJS) |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COMPUTER SCIENCES CORPORATION | : | |
| Defendant. | : | MAY 12, 2006 |
| | : | |

---

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant, Computer Sciences Corporation ("Defendant"), respectfully moves this Court for an order compelling Plaintiffs' responses to Defendant's First Set of Interrogatories and Defendant's First Request for Production dated December 8, 2005; December 22, 2005; and January 11, 2006. Defendant also moves for an Order compelling production of the Notice forms sent to the potential opt ins as well as the date the forms were sent in accordance with this Court's previous Order. Defendant further moves this Court to award it the reasonable fees and expenses incurred in making this Motion.

## I.    STATEMENT OF THE NATURE OF THE CASE

Plaintiff filed an eight count complaint on April 7, 2003 alleging violation of the Fair Labor Standards Act, 29 U.S.C.§201 *et seq.* ("FLSA"), on behalf of himself and others he claims to be similarly situated. Plaintiff claims that Defendant failed to pay regular wage and overtime

wage to employees who worked in excess of forty hours per week, in violation of the FLSA and he seeks liquidated and attorneys fees for the willful violations of FLSA for himself and on behalf of all others allegedly similarly situated. The Plaintiff alleges that this matter is appropriate for class certification under Section 216(b) of the FLSA and under Rule 23 of the Federal Rules of Civil Procedure. The Plaintiff filed a motion for class certification and permission to serve notice on September 2, 2003. The Court issued a Memorandum of Decision and Order granting Motion to Certify Class on September 28, 2004.

## II.    PROCEDURAL HISTORY

In accordance with the Court's Order to certify class, eighty-four Plaintiffs joined suit. Defendant served its first set of interrogatories and requests for production on December 8, 2005 to Plaintiffs 1 – 71. Plaintiffs' responses were due on January 7, 2006. Plaintiffs responded with invalid and baseless objections on January 8, 2006. Plaintiffs' objections to Defendant's interrogatories and requests for production impermissibly limit the scope of discovery in this matter far beyond what is permitted by the Federal Rules and the decisions interpreting them. Plaintiffs even object to Defendant's discovery requests that go to the heart of their claims, such as information relevant to their exempt status and their claimed damages. Plaintiffs also filed a Motion for Enlargement of Time to respond to Defendant's discovery requests and the responses were due on January 30, 2006. To date, Plaintiffs have not responded.

Defendant served its first set of interrogatories and requests for production on December 22, 2005 to Plaintiffs 72 - 77. Plaintiffs' responses were due on January 21, 2006. Plaintiffs filed a Motion for Enlargement of Time to respond to Defendant's discovery requests and the responses were due on February 28, 2006. To date, Plaintiffs have not responded.

Defendant served its first set of interrogatories and requests for production on January 11, 2006 to Plaintiffs 78 - 84. Plaintiffs' responses were due on February 10, 2006. To date, Plaintiffs have not responded and have not filed a Motion for Enlargement of Time to respond to these discovery requests.

Counsel for the Defendant has made good faith efforts to resolve Plaintiffs' non-compliance with discovery requirements but to no avail. As set forth in the Affidavit of Tasos C. Paindiris filed simultaneously with this Motion, Defense Counsel's efforts include the following:

- During discussions in January 2006, Plaintiffs' Counsel proposed a chart reflecting each Plaintiffs' damages analysis. Defendant's Counsel agreed that Plaintiffs could respond to the discovery in summary fashion rather than preparing individual responses for each opt-in Plaintiff, provided each Plaintiff could verify, under oath, the information attributable to him/her. Defendant's Counsel agreed to the concept but asked to review a specific proposal or sample document. Plaintiffs never produced anything in response.

- On February 7, 2006 Defendant's counsel wrote to Plaintiff's counsel. Defendant's Counsel stated the Court ordered that by January 13, 2006 Plaintiff must provide Defendant with copies of the revised Notice that was sent to potential opt ins, along with the dates he mailed the Notice to each potential opt in Plaintiff. Defendant's counsel informed him that he had not received this and he requested that Plaintiff's counsel forward the documents and information to Defendant's counsel as soon as possible.

- On April 13, 2006 Defendant's counsel wrote to Plaintiff's counsel requesting responses to discovery and stating that Defendant would file a Motion with the Court if responses were not received within 10 days.

- On May 1, 2006, Defendants counsel left a voicemail for Plaintiff's counsel requesting responses to discovery.

As of the present date, Defendant has received no communication from Plaintiffs' Counsel in response to the communications referenced above. Accordingly, Defendant has filed the instant Motion to Compel.

## III.   ANALYSIS

### A. The Court Should Compel Plaintiffs to Produce a Copy of the Notice Sent to the Class and the Dates the Notice was Sent as Required by This Court's Order

A telephone status conference was held in this case on December 15, 2005. Present on the call were the Honorable Dominic J. Squatrito, U.S.D.J, Michael Melly for the plaintiffs and Tasos Paindiris for Defendant. Attorney Paindiris expressed concern over whether individuals received Notice of Rights forms after the last status conference in March 2005 since the deadline for opting in is 90 days after the notice form was mailed. Attorney Melly said he has sent the notices out to "almost everyone" on the list of names and addresses Defendant provided to him. He said he has been sending them out "sporadically" as it was too much for him to send all at once. Attorney Paindiris stated that he never received a copy of any forms sent to the class nor has Defendant even seen the form after the Court ordered certain revisions to the version submitted for approval. Judge Squatrito ordered that by January 13, 2006 Plaintiff's counsel must provide Defendant with copies of the revised Notice that was sent to potential opt ins, along with the dates he mailed the Notice to each potential opt in Plaintiff. To date, Plaintiff's counsel

has not provided this to Defendant, despite requests fro Defendant's Counsel.   Defendant therefore requests that the Court compel Plaintiff to produce the documents and information pursuant to the Court's previous Order.

## B. The Court Should Compel the Plaintiffs to Respond to Defendant's Interrogatories and Requests for Production of Documents to the Extent Plaintiffs Have Not Responded or Objected

In accordance with Local Rule 9(d)(2), the undersigned counsel for the Defendant has repeatedly contacted counsel for the Plaintiffs to make a good faith effort to resolve the issues raised by this Motion without the intervention of the Court.   Regrettably, Plaintiffs have not responded to any discovery and Defendant's repeated attempts to communicate with Plaintiffs' Counsel have simply been ignored.

Not only are Plaintiffs ignoring Defendant's requests, but they are also completely disregarding the Rules of this Court.   The Plaintiffs' failure to respond to the Defendant's discovery requests is a violation of Federal Rules.   Specifically, Rule 33 provides that "the party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories." Fed. R. Civ. P. 33. Rule 34 similarly states that "the party upon whom the request is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34.   Plaintiffs' responses to Defendant's Interrogatories and Requests for Production were due on January 30, 2006 for Plaintiffs 1 – 71; February 28, 2006 for Plaintiffs 72 – 77; and January 11, 2006 for Plaintiffs 78 – 84.   These deadlines have long passed without word from Plaintiffs' Counsel.

Plaintiffs' complete disregard for discovery deadlines and the Rules of this Court warrants an Order compelling the production of the requested documents and information and an award for the Defendant's reasonable expenses incurred in making this Motion. Fed. R. Civ. P.

37 (a)(2) ("If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.").

### C. Plaintiffs' Objections are Invalid and Baseless

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits discovery regarding any matter "relevant to the claim or defense of any party." Fed. R. Civ. P. 26 (b)(1). "Information is relevant so long as it is reasonably calculated to lead to the discovery of admissible evidence." Land Ocean Logistics, Inc. v. Aqua Gulf Corp., 181 F.R.D. 229, 237 (W.D.N.Y. 1998), citing Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991). Rule 26(b)(1), which governs the scope of discovery, has been interpreted liberally. See Oppenheimer Fund Inc., v. Sanders, 437 U.S. 340, 351, (1978). The term "relevant" should be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. Id. In support of its claim that it is entitled to an Order compelling Plaintiffs' responses to Defendant's First Set of Interrogatories and Requests for Production, Defendant will address each of Plaintiffs' objections individually.

a.    **Defendant's First Set of Interrogatories**

   **Interrogatory No. 1**

   **With respect to your employment with defendant, identify:**

   1.    **Date of hire;**
   2.    **Job Title when hired (and any subsequent job titles while employed by defendant; and date job title changed);**
   3.    **Supervisor for each position identified in subpart (b);**
   4.    **Name of facility you worked at while employed by Defendant (if more than one facility, identify each facility and dates of employment at each facility; and,**
   5.    **If no longer employed, date and reason for cessation of employment.**

Plaintiffs object to this interrogatory on the grounds that it is "irrelevant, burdensome, and seeks information already in the possession of the [D]efendant." There is absolutely no basis

for an "irrelevant" or a "burdensome" objection to this interrogatory. The interrogatory is relevant, concise and limited in scope. Plaintiffs in this case allege Defendant misclassified their positions as exempt from the overtime requirement of the FLSA and claim they are entitled to back pay for all overtime hours worked. An interrogatory relating to when Plaintiffs were hired by the Defendant, Plaintiffs' job title(s) throughout employment with the Defendant, the name of the facility where the Plaintiffs worked with the Defendant, and the current status of the Plaintiffs' employment with the Defendant, falls within the scope of discovery in Fed. R. Civ. P. 26, which permits discovery on "any matter, not privileged, that is relevant to the claim or defense of any party."

Moreover, Plaintiffs' objection on the grounds that this information is already "in possession of [D]efendant" is baseless. It is well established that even where the information sought might already be in Defendant's possession, it is not a bar to discovery. See Vol. 6, Moore's Federal Practice and Procedure, Chapter 26.60. Plaintiffs did not dispute that these documents are discoverable. Plaintiffs should therefore be compelled to produce all responsive documents currently in Plaintiffs' possession.

### Interrogatory No. 2 & 3

**For the period of time beginning three years prior to your filing a consent to join this case, state separately, on a weekly basis, the total hours you actually worked (do not include time paid but not worked) during each week you were employed by Defendant.**

**Identify all documents that reflect the hours you claim to have worked as stated in your response to Interrogatory No. 2.**

Plaintiffs object to these interrogatories on the grounds that they are "irrelevant, burdensome, and seeks information already in the possession of the [D]efendant." There is absolutely no basis for an "irrelevant" or a "burdensome" objection to these interrogatories. The

interrogatories are relevant, concise and limited in scope. Plaintiffs claim they were not properly paid for all hours worked. An interrogatory relating to the total hours Plaintiffs actually worked during each week of employment with the Defendant falls squarely within the scope of discovery in Fed. R. Civ. P. 26, which permits discovery on "any matter, not privileged, that is relevant to the claim or defense of any party." The interrogatories relate directly to Plaintiffs' allegations that they were non-exempt employees and to their damages.

Further, Plaintiffs' objection on the grounds that this information is already "in possession of [D]efendant" is baseless. It is well established that even where the information sought might already be in Defendant's possession, it is not a bar to discovery. See Vol. 6, Moore's Federal Practice and Procedure, Chapter 26.60. Plaintiffs did not dispute that these documents are discoverable. Plaintiffs should therefore be compelled to produce all responsive documents currently in Plaintiffs' possession.

### Interrogatory No. 4

**For each position identified in response to Interrogatory No. 1 describe the duties you performed in a typical work week and the typical amount of time you devoted to each day.**

Plaintiffs object to this interrogatory on the grounds that it is "irrelevant and burdensome and seeks information already in the possession of [D]efendant." Plaintiffs claim in this case that their actual job duties do not fall within any of the overtime exemptions under the FLSA, therefore, an interrogatory relating to Plaintiffs' job duties and the amount of time they devoted to each duty falls squarely within the scope of discovery in Fed. R. Civ. P. 26, which permits discovery on "any matter, not privileged, that is relevant to the claim or defense of any party." The interrogatory relates directly to Plaintiffs' allegations that they were non-exempt employees and to their damages.

8

Furthermore, Plaintiffs' objection on the grounds that this information is already "in possession of [D]efendant" is baseless. It is well established that even where the information sought might already be in Defendant's possession, it is not a bar to discovery. See Vol. 6, Moore's Federal Practice and Procedure, Chapter 26.60. Plaintiffs did not dispute that these documents are discoverable. Plaintiffs should therefore be compelled to produce all responsive documents currently in Plaintiffs' possession.

### Interrogatory No. 5

**Identify and describe the facts supporting your contention that you are entitled to overtime for any week during which you worked over forty hours for Defendant during the period of time beginning three years prior to your filing a consent form.**

This interrogatory goes to the heart of Plaintiffs' claims for unpaid overtime. Nevertheless, Plaintiffs object to this interrogatory on the grounds that it is "irrelevant, burdensome, and seeks information already in the possession of the [D]efendant." There is absolutely no basis for an "irrelevant" or a "burdensome" objection to this interrogatory. The interrogatory is relevant, concise and limited in scope. An interrogatory relating to facts supporting Plaintiffs' contention that they are entitled to overtime for any week during which they worked over forty hours for Defendant falls squarely within the scope of discovery in Fed. R. Civ. P. 26, which permits discovery on "any matter, not privileged, that is relevant to the claim or defense of any party." The interrogatory relates directly to Plaintiffs' allegations that they were non-exempt employees and to their damages.

Moreover, Plaintiffs' objection on the grounds that this information is already "in possession of [D]efendant" is baseless. It is well established that even where the information sought might already be in Defendant's possession, it is not a bar to discovery. See Vol. 6, Moore's Federal Practice and Procedure, Chapter 26.60. Plaintiffs did not dispute that these

documents are discoverable. Plaintiffs should therefore be compelled to produce all responsive documents currently in Plaintiffs' possession.

### Interrogatory No. 6

**Please state and itemize on a weekly basis the precise amount of damages or other relief that you seek in this action and describe in detail the factual basis and method of computation used to determine that amount.**

As they did with respect to virtually all of Defendant's discovery requests, Plaintiffs again objected to this interrogatory on the grounds that it is "irrelevant and burdensome and seeks information already in the possession of the [D]efendant." Damages is a "matter, not privileged, that is relevant to the claim or defense" of a party and information that supports a plaintiff's damages claims are discoverable under Rule 26. Plaintiffs have no basis whatsoever for this objection and it was clearly not made in good faith.

Once again, Plaintiffs' objection on the grounds that this information is already "in possession of [D]efendant" is baseless. It is well established that even where the information sought might already be in Defendant's possession, it is not a bar to discovery. See Vol. 6, Moore's Federal Practice and Procedure, Chapter 26.60. Plaintiffs did not dispute that these documents are discoverable. Plaintiffs should therefore be compelled to produce all responsive documents currently in Plaintiffs' possession.

### Interrogatory No. 7

**During the period of time beginning three years prior to your filing a consent to join this case, please identify each and every day you were absent from work for Defendant for all or part of the work day, for any reason including but not limited to holidays, vacation, illness, personal reasons or otherwise and, identify each and every document which you contend reflects such information.**

Plaintiffs object to this interrogatory on the grounds that it is "irrelevant, burdensome and seeks information already in the possession of the [D]efendant." There is absolutely no basis for

an "irrelevant" or a "burdensome" objection to this interrogatory.  This interrogatory is directly related to the claims in this case.  Under the FLSA, paid absences from work do not count toward the calculation of overtime.  Plaintiffs' absences from work are therefore directly related to their claims for unpaid overtime.

Further, Plaintiffs' objection on the grounds that this information is already "in possession of [D]efendant" is baseless.  It is well established that even where the information sought might already be in Defendant's possession, it is not a bar to discovery. See Vol. 6, Moore's Federal Practice and Procedure, Chapter 26.60.  Plaintiffs did not dispute that these documents are discoverable.  Plaintiffs should therefore be compelled to produce all responsive documents currently in Plaintiffs' possession.

### Interrogatory No. 8

**During the period of time beginning three years prior to your filing a consent to join this case, please describe in detail the method by which you have recorded the hours you have worked for Defendant; and identify the location of any such records.**

Plaintiffs object to this interrogatory on the grounds that it is "irrelevant and burdensome and seeks information already in the possession of the [D]efendant."  There is absolutely no basis for an "irrelevant" or a "burdensome" objection to this interrogatory.  An interrogatory relating to the method by which Plaintiffs' hours were recorded and the location of the records falls within the scope of discovery in Fed. R. Civ. P. 26, where Plaintiffs claim damages for back wages.

Moreover, Plaintiffs' objection on the grounds that this information is already "in possession of [D]efendant" is baseless.  It is well established that even where the information sought might already be in Defendant's possession, it is not a bar to discovery. See Vol. 6, Moore's Federal Practice and Procedure, Chapter 26.60.  Plaintiffs did not dispute that these

documents are discoverable.  Plaintiffs should therefore be compelled to produce all responsive documents currently in Plaintiffs' possession.

### Interrogatory No. 9

**Identify all persons having personal knowledge of any facts or matters that support your contentions in this litigation.**

Plaintiffs object to this interrogatory on the grounds that it is "irrelevant, burdensome, and seeks information already in the possession of the [D]efendant." There is absolutely no basis for an "irrelevant" or a "burdensome" objection to this interrogatory.  An interrogatory relating to all persons having personal knowledge of any facts or matters that support Plaintiffs' contentions in this litigation falls within the scope of discovery in Fed. R. Civ. P. 26, which permits discovery on "any matter, not privileged, that is relevant to the claim or defense of any party."

Additionally, Plaintiffs' objection on the grounds that this information is already "in possession of [D]efendant" is baseless.  It is well established that even where the information sought might already be in Defendant's possession, it is not a bar to discovery.  See Vol. 6, Moore's Federal Practice and Procedure, Chapter 26.60.  Moreover, this is not the type of information that would be in Defendant's possession.

### Interrogatory No. 10

**Identify all persons with whom you have communicated concerning facts, issues, or other matters involved in this case and, to the extent not privileged, describe in detail the substance and date of each discussion.**

Plaintiffs object to this interrogatory on the grounds that it is "irrelevant and burdensome and seeks information already in the possession of the [D]efendant." There is absolutely no basis for an "irrelevant" or a "burdensome" objection to this interrogatory.  The interrogatory is relevant, concise and limited in scope.  An interrogatory relating to the persons with whom

Plaintiffs have communicated concerning this case and the substance of their discussions falls within the scope of discovery in Fed. R. Civ. P. 26, which permits discovery on "any matter, not privileged, that is relevant to the claim or defense of any party."

### Interrogatory No. 11

**State the date on which you received a written notice of class action informing you of your rights relating to this case.**

Plaintiffs object to this interrogatory on the grounds that it is "irrelevant and over burdensome." There is absolutely no basis for an "irrelevant" or a "burdensome" objection to this interrogatory. The interrogatory is relevant, concise and limited in scope. An interrogatory relating to the date that Plaintiffs received a written notice of class action informing them of their rights and claims with regard to the present suit falls within the scope of discovery in Fed. R. Civ. P. 26, which permits discovery on "any matter, not privileged, that is relevant to the claim or defense of any party."

b.    **Defendant's First Requests for Production**

### Document Request No. 1

**All documents identified in your response to Defendant's First Set of Interrogatories.**

Plaintiffs object to this request on the grounds that it is "irrelevant and burdensome and seeks information already in the possession of the [D]efendant." To the extent documents exist and were used to provide responses to the interrogatories, those documents are easily identifiable and they are reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs should therefore be compelled to produce all documents responsive to Document Request No. 1. Moreover, Plaintiffs' objection on the grounds that this information is already "in possession of [D]efendant" is baseless.

**Document Request No. 2**

**All documents that reflect or relate to the total hours you actually worked during each week you were employed by the defendant for the period of time beginning three years prior to you filing a consent to join this case.**

Plaintiffs object to this request on the grounds that it is "irrelevant and burdensome and seeks information already in the possession of the [D]efendant." For the same reasons discussed in relation to Interrogatory No. 2 & 3, a request for documents relating to Plaintiffs' employment, particularly the total hours actually worked during each week Plaintiffs were employed by the Defendant, falls squarely within the scope of discovery in Fed. R. Civ. P. 26, which permits discovery on "any matter, not privileged, that is relevant to the claim or defense of any party."

Moreover, Plaintiffs' objection on the grounds that this information is already "in possession of [D]efendant" is baseless. It is well established that even where the information sought might already be in Defendant's possession, it is not a bar to discovery. See Vol. 6, Moore's Federal Practice and Procedure, Chapter 26.60. Plaintiffs did not dispute that these documents are discoverable. Plaintiffs should therefore be compelled to produce all responsive documents currently in Plaintiffs' possession.

**Document Request No. 3**

**All documents that reflect, relate to or otherwise describe the duties you performed in a typical work week and/or the typical amount of time you devoted to each duty for each position identified in response to Interrogatory No. 1.**

Plaintiffs object to this request on the grounds that it is "irrelevant and burdensome and seeks information already in the possession of the [D]efendant." For the same reasons set forth in relation to Interrogatory No. 4, a request for documents relating to Plaintiffs' employment, particularly the duties Plaintiffs performed in a typical work week and/or the typical amount of

time devoted to each duty for each position described in Interrogatory No. 1, falls squarely within the scope of discovery in Fed. R. Civ. P. 26, which permits discovery on "any matter, not privileged, that is relevant to the claim or defense of any party."

Moreover, Plaintiffs' objection on the grounds that this information is already "in possession of [D]efendant" is baseless. It is well established that even where the information sought might already be in Defendant's possession, it is not a bar to discovery. See Vol. 6, Moore's Federal Practice and Procedure, Chapter 26.60. Plaintiffs did not dispute that these documents are discoverable. Plaintiffs should therefore be compelled to produce all responsive documents currently in Plaintiffs' possession.

### Document Request No. 4

**All documents that reflect, relate to your claim that you did not receive all compensation you claim is due to you during any week you were employed by Defendant for the period of time beginning three years prior to the time you filed a consent to join this case.**

Plaintiffs object to this request on the grounds that it is "irrelevant and burdensome and seeks information already in the possession of the [D]efendant." This request is directly related to Plaintiffs' claim for damages. A request for documents relating to Plaintiffs' claims that they did not receive all compensation that they were due during any week they were employed by Defendant, therefore, falls squarely within the scope of discovery in Fed. R. Civ. P. 26, which permits discovery on "any matter, not privileged, that is relevant to the claim or defense of any party." The request relates directly to Plaintiffs' allegations that they were non-exempt employees and to their damages.

Moreover, Plaintiffs' objection on the grounds that this information is already "in possession of [D]efendant" is baseless. It is well established that even where the information sought might already be in Defendant's possession, it is not a bar to discovery. See Vol. 6,

Moore's Federal Practice and Procedure, Chapter 26.60. Plaintiffs did not dispute that these documents are discoverable. Plaintiffs should therefore be compelled to produce all responsive documents currently in Plaintiffs' possession.

### Document Request No. 5

**All documents that support any damages that you claim to have suffered as a result of the alleged unlawful conduct that is the subject of this dispute.**

Plaintiffs object to this request on the grounds that it is "irrelevant and burdensome and seeks information already in the possession of the [D]efendant." This request is directly related to Plaintiffs' claim for damages. A request for documents relating to Plaintiffs' claims that they did not receive all compensation that they were due during any week they were employed by Defendant, therefore, falls squarely within the scope of discovery in Fed. R. Civ. P. 26, which permits discovery on "any matter, not privileged, that is relevant to the claim or defense of any party." The request relates directly to Plaintiffs' allegations that they were non-exempt employees and to their damages.

Moreover, Plaintiffs' objection on the grounds that this information is already "in possession of [D]efendant" is baseless. It is well established that even where the information sought might already be in Defendant's possession, it is not a bar to discovery. See Vol. 6, Moore's Federal Practice and Procedure, Chapter 26.60. Plaintiffs did not dispute that these documents are discoverable. Plaintiffs should therefore be compelled to produce all responsive documents currently in Plaintiffs' possession.

**Document Request No. 6 & 7**

**All documents that have not been requested but relate to your classification under the Fair Labor Standards Act and applicable regulations and your allegation that you were unlawfully denied compensation for overtime work.**

**Copies of any documents not previously referred to by the above requests that support your assertion that Defendant violated the Fair Labor Standards Act, thereby entitling you to damages described in your relief for prayer.**

Plaintiffs object to this request on the grounds that it is "irrelevant and burdensome and seeks information already in the possession of the [D]efendant." Plaintiffs also object to this request on the ground that it is "unintelligible." Plaintiffs' objections to this request improperly attempt to limit discovery far beyond the requirement of Rule 26. The complaint alleges that Defendant violated the FLSA; as such, documents supporting that assertion clearly relate to a matter relevant to the claim or defense of any party and are discoverable under Rule 26. Plaintiffs should therefore be compelled to produce all documents responsive to Document Request No. 6 & 7.

Moreover, Plaintiffs' objection on the grounds that this information is already "in possession of [D]efendant" is baseless. It is well established that even where the information sought might already be in Defendant's possession, it is not a bar to discovery. See Vol. 6, Moore's Federal Practice and Procedure, Chapter 26.60. Plaintiffs did not dispute that these documents are discoverable. Plaintiffs should therefore be compelled to produce all responsive documents currently in Plaintiffs' possession.

**D. The Court Should Award the Defendant its Fees and Costs in Moving to Compel the Production of Documents**

In accordance with Fed. R. Civ. P. 37 and Local Rule 9 of this District, the Defendant requests that it be awarded its reasonable expenses incurred in compelling the production of

responses to the discovery requests that are the subject of this Motion.   Rule 37 specifically

provides for expenses and sanctions under these circumstances:

> If the motion is granted or if the disclosure or requested discovery
> is provided after the motion was filed, the court shall, after
> affording an opportunity to be heard, require the party or deponent
> whose conduct necessitated the motion or the party or attorney
> advising such conduct or both of them to pay to the moving party
> the reasonable expenses incurred in making the motion. . . .

Fed. R. Civ. P. 37(a)(4)(A).   The preparation of this Motion to Compel and the

accompanying Memorandum of Law has resulted in unnecessary expense and delay in obtaining

documents which the Defendant needs to properly defend this matter. Illinois Tool Works, Inc. v.

Metro Mark Products, LTD., 43 F. Supp. 2d 951, 960 (N.D. Ill. 1999) ("By requiring plaintiff to

file motions to compel in order to obtain documents that should have been voluntarily produced,

plaintiff has engaged in conduct sanctionable under Rule 37(a)(4)(A)."); Second Chance Body

Armor, Inc. v. American Body Armor, Inc., 177 F.R.D. 633, 636 (N.D. Ill. 1998) (the Rule

"allows the party who brought a motion to compel to recover 'reasonable' expenses incurred in

making the motion, including attorney's fees if the Court grants the motion or if the disclosure is

provided after the motion was filed.").

As set forth in more detail above, the Plaintiffs have failed to (1) serve their responses to

the Defendant's Interrogatories and Requests for Production dated December 8, 2005, December

22, 2005, and January 11, 2006; (2) failed to serve any objections to the Defendant's

Interrogatories and Requests for Production dated December 22, 2005 and January 11, 2006; (3)

failed to file a motion for enlargement of time with the Court with respect to Defendant's

Interrogatories and Requests for Production dated January 11, 2006; and (4) failed to

demonstrate any reason which would constitute good cause shown for the Plaintiffs' neglect or

failure to cooperate whatsoever with discovery propounded by the Defendant.   The Plaintiffs'

failure to comply with the discovery rules has been completely without justification and an award of fees and costs for the preparation and filing of this Motion is warranted under the circumstances.

## IV.    CONCLUSION

Defendant respectfully requests that this Court compel Plaintiffs to provide responses to Defendant's First Set of Interrogatories and Defendant's First Request for Production dated December 8, 2005; December 22, 2005; and January 11, 2006. Defendant further moves this Court to impose sanctions against Plaintiffs for failure to provide responses to its discovery requests, and requests that this Court order Plaintiffs to pay Defendant's fees and costs incurred in connection with filing this Motion to Compel.

<div style="margin-left:40%">

DEFENDANT,
COMPUTER SCIENCES CORPORATION


By:    /s/ Tasos C. Paindiris
       Tasos C. Paindiris (ct 16739)
       William J. Anthony (ct 17865)
       Jackson Lewis LLP
       90 State House Square, 8th Floor
       Hartford, CT  06103
       Tel: (860) 522-0404
       Fax: (860) 247-1330
       E-mail: paindirt@jacksonlewis.com

</div>

## **CERTIFICATION OF SERVICE**

I hereby certify that on May 12, 2006, a copy of the foregoing Memorandum in Support of Defendant's Motion to Compel Discovery Responses was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Tasos C. Paindiris*
Tasos C. Paindiris