UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARIO RICHARDS,<br>Plaintiff, | CIVIL NO. 3:03CV00630 (DJS) |
| v. | |
| COMPUTER SCIENCES CORPORATION<br>Defendant. | AUGUST 31, 2006 |

### DEFENDANT'S STATUS REPORT

Pursuant to the Court's Order dated August 9, 2006, Defendant, Computer Sciences Corporation ("CSC") submits this status report setting forth its position regarding whether the Court should allow Plaintiff to include the following in the class: Help Desk Analysts hired/or who performed work after November 20 2004.[1]

### I.   OVERVIEW OF THE CLAIMS

In April 2003 Plaintiff filed a complaint on behalf of himself and a purported class of similarly situated individuals alleging violations of the Fair Labor Standards Act ("FLSA"). Specifically, Plaintiff claims that CSC improperly classified his Help Desk Analyst position as exempt from the overtime requirements of the FLSA. The Complaint seeks back

---

[1] This Status Report is submitted for the purpose of presenting the issues to the Court. It is Defendant's understanding based on the discussion at the August 9, 2006 status conference that the Court will not render a final decision on this issue without giving the parties an opportunity to fully brief it.

overtime pay, liquidated damages and attorney's fees on behalf of the named Plaintiff and the class.

In September 2003 Plaintiff filed a Motion to Proceed as a Collective Action and Defendant opposed the motion. The Court granted Plaintiff's Motion in September 2004. The class approved by the Court includes all Level I and II Help Desk Analysts at CSC facilities throughout the United States who were classified as exempt from overtime. According to records provided by CSC, this could potentially include up to 658 individuals. The Court ordered deadline for opting in to the class has passed and to date 85 current and former employees have opted in.

## II.   PLAINTIFF'S REQUEST TO EXPAND THE CLASS IS IMPROPER

There is no dispute that the Analysts were classified by CSC as exempt from overtime when this case was filed and when the Court granted Plaintiff's Motion to Proceed as a Collective Action. As exempt employees, the Analysts were paid on a salary basis and not paid for overtime. It is the classification as exempt from overtime that formed the basis for Plaintiffs' claims. Effective November 20, 2004, CSC reclassified the positions at issue in this case from exempt to non-exempt. There is no dispute that since November 2004, the Analysts have been paid on an hourly basis and have been paid overtime for hours worked over 40 in a week.

During the status conference on August 9, 2006, over three years after the Complaint was filed and almost two years after the Court granted Plaintiff's Motion to Proceed as a Collective Action, Plaintiff's counsel stated that he believes the class should be expanded to include not just the Analysts who were classified as exempt, but also those classified as non-exempt who continued to work and/or were hired after November 20, 2004.

A.  **Plaintiff's Position is Contrary to the Court's Order Granting His Motion to Proceed as a Collective Action**

The Court's decision granting Plaintiff's Motion to Proceed as a Collective Action is based entirely on an analysis of whether the individuals in the proposed class were similarly situated as to their job duties. The Court concluded that:

> The evidence provided by Richards in his briefs and the accompanying affidavits, coupled with the information provided by defendant, is sufficient to show that common questions would predominate among the members of the proposed class.

(Memorandum of Decision and Order at 6). The evidence to which the Court refers is the Analysts' job duties and responsibilities, as confirmed by the following statement in the Court's decision:

> Richards' testimony, taken together with the affidavits submitted by CSC and the descriptions provided of CSA job requirements, is sufficient to show that every CSA Level I is engaged in a job that is essentially the same as the job performed by all other CSAs Level I.

(Memorandum of Decision and Order at 7). This Court certified a class based on whether or not Analysts were misclassified as exempt by CSC. "The exemption status of any employee must 'be determined on the basis of whether his duties, responsibilities and salary meet all the requirements of the appropriate section of the regulations.' 29 C.F.R. § 542.201(b)(2)." (Memorandum of Decision and Order at 9).

This legal issue in this case is therefore the determination of exempt status of Analysts. The evidence offered, the arguments presented, and the decision rendered by the Court relate solely to this issue. Therefore, to the extent that Analysts are non-exempt, they are not part of the class because the determination is moot as to those individuals.

This issue in this case is *not* the determination of whether non-exempt employees, who must be paid for hours worked, were denied compensation for time worked "off-the-clock," a claim which Plaintiff now purports to add to this case. That is a completely separate legal issue requiring interpretation of an entirely different set of regulations. See 29 C.F.R § 785.1 *et seq.* ("Hours Worked"). Similarity of job duties and responsibilities is not necessarily relevant to that issue. Rather, the legal issue is whether the additional time falls under the FLSA definition of compensable hours worked and whether the employee was paid for that time. That issue is not before the Court and the non-exempt Analysts are therefore not part of this collective action.

**B.     Plaintiff's Claim That Analysts Were Not Compensated for Pre and Post Shift "off-the-clock" Work is not Amenable to Resolution in a Collective Action**

Plaintiffs work in a multitude of locations, for different clients of CSC which, in turn, affect their ability and opportunity to work "off the clock," are subject to different time and attendance procedures, and have different supervisors with ultimate discretion over those time and attendance procedures.

Plaintiffs' claim that they are not paid for certain time worked "off-the-clock" is not appropriate for collective action litigation because there is no policy to that effect. Indeed, CSC would present substantial evidence that Plaintiffs are compensated for all work time in accordance with the requirements of state and federal law. As to Plaintiffs' claim that a practice exists whereby certain individuals work "off-the-clock" and are not paid in accordance with CSC policies, that contention should be rejected in light of Lawrence v. The City of Philadelphia, No. 03-CV-4009, 2004 U.S. Dist. LEXIS 8445 (E.D. Pa Apr. 28, 2004). In Lawrence, the Court granted the City's motion for misjoinder as to claims for "off-the-clock" work even though the

4

Fire Service Paramedics plaintiffs shared the same job title and general job description. See id., 2004 U.S. Dist. LEXIS at *7. The Court found that the fact that the plaintiffs (like the Plaintiffs herein) "work in different unit types, different platoons, different locations, and have different supervisors" meant that the factual circumstances of their claims would vary too widely to be resolved by the mechanism of a collective action. Id.

Investigation and litigation of the "off-the-clock" work issues would, by necessity, be highly individualized. The individual Plaintiffs cannot demonstrate, on a collective basis, "a factual nexus between his or her situation and the situation of other current and former employees." Jackson v. New York Tel. Co., 163 F.R.D. 429, 431 (S.D.N.Y. 1995) (plaintiffs must provide "some factual basis from which the court can determine if similarly situated potential plaintiffs exist"). In this Court's Memorandum of Decision and Order, the Court discussed a previous decision in Mike v. Safeco, 274 F. Supp.2d 216, 220 (D. Conn. 2003). The Court noted that in Mike, "there could be no unity in a class based on specific individual departures from the listed job description . . . ." (Memorandum of Decision and Order at 10). Any attempt to bring a collective action based on "off-the-clock" work in this case suffers from the same defect—it would require analysis of specific individual departures from policies that require non-exempt employees to be paid for all hours worked.

### III. CONCLUSION

For all of the foregoing reasons, the Court should not permit Plaintiff to pursue the issue of including non-exempt Analysts in this case.

DEFENDANT,
COMPUTER SCIENCES CORPORATION


By:  /s/ Tasos C. Paindiris
     Tasos C. Paindiris (ct 16739)
     Jackson Lewis LLP
     90 State House Square, 8th Floor
     Hartford, CT  06103
     Tel: (860) 522-0404
     Fax: (860) 247-1330
     E-mail: paindirt@jacksonlewis.com

## CERTIFICATION OF SERVICE

I hereby certify that on August 31, 2006, a copy of the foregoing Defendant's Status Report was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Tasos C. Paindiris
Tasos C. Paindiris