UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIO RICHARDS, | : | |
| on behalf of himself and | : | CIVIL ACTION NO. |
| all others similarly situated | : | 3:03 CV00630 (DJS) |
| PLAINTIFFS, | : | |
| | : | |
| v. | : | |
| | : | |
| COMPUTER SCIENCES | : | |
| CORPORATION | : | AUGUST 31, 2006 |
| | : | |
| DEFENDANT. | : | |

## PLAINTIFF'S STATUS REPORT

Plaintiff, Mario Richards, submits the following status report identifying outstanding issues as this matter moves forward.

### Statute of limitations

In calculating overtime wages owed to members of the class the parties must resolve the limitation period. The limitation period in a wage case such as this represents the period within which each opt-in plaintiff may claim overtime wages. Plaintiffs seek to calculate wages for a period extending back three years from the opt-in dates of each plaintiff. Defendant seeks to limit the period of each opt-in plaintiff to two years back from the respective opt-in dates.

Defendant should not be allowed to gain by its dilatory discovery practices in this matter. The court, in its initial scheduling order, ordered the parties to commence discovery immediately. The plaintiff filed interrogatories and production in May 3, 2003 and June 4, 2003. This discovery requested the most basic information in this type

of case; ie. the names and addresses of members of the class. The purpose of this request was so that plaintiff could give notice to potential members of the class. The defendants did not provide names and addresses to the plaintiff until plaintiff filed a motion to compel and parties engaged in a status conference with the court in March 2005. The names and address were finally provide in April and May 2005. This _two year_ delay in providing names and addresses prevented plaintiff from providing notice to the members of the class, thereby preventing members of the class from opting in as early as they might have had they received notice many months earlier.

For these reasons, equity and fairness dictate that opt-in plaintiffs be allowed to go back three years. Other cases have calculated settlements using lengthy limitation periods. In *Gianetto v. Computer Sciences Corporation*, CV 03 8201 (GPS) Ex (Central Dist of CA) the parties settled similar claims going back to 2001.

## Names and addresses of all customer support analysts level I and II (CSA's)

The defendant has still not provided the names and addresses of all CSA's. Recently counsel for the plaintiff has learned that a number of CSA's located in Norwich Connecticut were not provided to the plaintiff. Defendant claims that they are not part of the class action since they are hourly CSA's. The defendant's arbitrary characterization is mistaken as the members of the class are level I and II CSA's, regardless of whether .

## Calculation of overtime

### Claims should be to the present time

Plaintiffs argue that they may claim overtime to the present time because many are being required to work overtime without being paid. Defendant argues that since the

CSA's were declared non-exempt and made hourly there should be no overtime owed after the date that they were made hourly.

CSA's are proper members of the class and overtime worked without being paid is owed under the law, regardless of CSC's in-house policies.

### Claims should be calculated at one and one-half the regular hourly rate

Calculation of overtime should be one and one-half the hourly rate. 29 U.S.C. § 201. The regular hourly rate should be the weekly wage divide by a 40 hr week. Defendant argues that the hourly rate should be reduced by the overtime hours worked. By calculating the regular hourly rate in the manner suggested by the defendant, the plaintiff's are unfairly prejudiced by defendant's violation of the law.

Plaintiff,
Mario Richards

_____
Michael J. Melly
Fed. Bar No. ct17841
143 Oneco Avenue #4
P.O. Box 771
New London, CT 06320
Tel. (860) 447-1990

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on 9/6/06

To:
Tasos C. Paindiris, Esq.
William Anthony, Esq.
Jackson Lewis
90 State House Sq.
Hartfrod, Ct 06103

_____
Michael J. Melly