UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARIO RICHARDS, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>COMPUTER SCIENCES CORP.,<br><br>    Defendant. | No. 3:03CV630(DJS) |

## ORDER

Plaintiff, Mario Richards ("Richards"), brings this action against defendant Computer Sciences Corporation ("CSC") alleging a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. Richards purports to bring claims on behalf of similarly situated CSC employees as a collective action pursuant to the FLSA. On September 28, 2004, the court granted plaintiff's Motion to Proceed as a Collective Action and approved a class including all Level I and II Help Desk Analysts ("Analysts") at CSC facilities throughout the United States. (See dkt. # 76.) The class the court approved was premised upon whether CSC mis-classified the members as exempt from the overtime requirements of the FLSA. As exempt employees, the Analysts were paid on a salary basis and were not paid for overtime. Nearly two years after the court approved the class, plaintiffs' counsel, during the status conference of August 9, 2006, moved to amend the class to include employees who were classified as non-exempt[1] by CSC and were hired after November 2004. The court then ordered the parties to file a status report with the court, outlining their positions regarding the motion to amend. (See dkt. # 120.)

After reviewing the parties' submissions, the court finds that Richards has not shown that

---

[1] Non-exempt employees must be paid for hours worked.

the employees, who were classified as non-exempt by CSC and hired after November 2004, are similarly situated to himself and members of the class that the court approved on September 28, 2004. See Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003) (observing, "A court may authorize notice in a FLSA collective action if the plaintiff demonstrates that other, potential plaintiffs are 'similarly situated' to him or her. To demonstrate that such potential plaintiffs are similarly situated to him or her, a plaintiff must make a modest factual showing sufficient to demonstrate that he or she and potential plaintiffs together were victims of a common policy or plan that violated the law.") (internal quotations and citations omitted). The members of the class that the court approved on September 28, 2004 and the non-exempt employees hired by CSC after November 2004 are not victims of a common policy. Members of the class that the court approved were classified as exempt from the overtime requirements of the FLSA by CSC, whereas the employees hired after November 2004 were classified as non-exempt by CSC. Indeed, plaintiffs' counsel argues that the employees hired after November 2004 were denied compensation for time worked "off-the-clock." The determination of whether employees were denied overtime because they were mis-classified as exempt from the overtime requirements of the FLSA is different from the determination of whether non-exempt employees were denied compensation for time worked "off-the-clock."

      Furthermore, in this court's Memorandum of Decision and Order of September 28, 2004, the court observed, "The evidence provided by Richards in his briefs and the accompanying affidavits, coupled with the information provided by the defendant, is sufficient to show that *common questions would predominate among the members of the proposed class*." (Dkt. # 76) (emphasis added). The common question that predominates over members of the class that the court approved on November 28, 2004 is whether CSC mis-classified these employees as exempt

from the overtime requirements of the FLSA. If the court were to allow plaintiff to amend the class to include CSC employees who are classified as non-exempt, this common question would no longer predominate among members of the class.[2]  **Accordingly, plaintiffs' counsel's motion to amend the class is DENIED.**

      **IT IS SO ORDERED** at Hartford, Connecticut on this __12th__ day of December, 2006.

      _/s/DJS____
      **DOMINIC J. SQUATRITO**
      **UNITED STATES DISTRICT JUDGE**

---

[2] With respect to plaintiffs' contention that a practice exists at CSC whereby certain individuals work "off-the-clock," the court finds instructive the case of Lawrence v. City of Philadelphia, No. 03-cv-4009, 2004 WL 945139 (E.D.P.A. April 29, 2004). In Lawrence, the court granted the city's motion for misjoinder as to claims of "off-the-clock" work even though the plaintiffs in that case, like the plaintiffs in the case presently before this court, shared the same job title and general job description. The Lawrence court found, "the 'off-the-clock' claim does not involve regularly scheduled time that is worked by all members of the class. Rather, each of the plaintiffs may potentially claim that on any given day he or she arrived early or departed outside of their regularly scheduled hours and were not compensated for such. The circumstances of those individual claims potentially vary too widely to conclude that in regard to their 'off-the-clock' claim, the plaintiffs are similarly situated." Id. at *2. Likewise, in the case presently before the court, the circumstances surrounding the non-exempt employees' "off-the-clock" claims vary too widely to be regarded as similarly situated.