UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUTT

| | | |
|---|---|---|
| MARIO RICHARDS, | : | |
| Plaintiff, | : | CIVIL ACTION NO: |
| | : | |
| v. | : | 3:03 CV 00630 (DJS) |
| | : | |
| COMPUTER SCIENCES CORPORATION, | : | |
| | : | JANUARY 16, 2007 |
| Defendant. | : | |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR PERMISSION
TO ALLOW PARTIES TO OPT IN TO THE CLASS**

I.  **INTRODUCTION**

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court Defendant, Computer Sciences Corporation, hereby respectfully opposes Plaintiff's Motion for Permission to Allow Parties to Opt In to the Class. Of the three (3) individuals identified by Plaintiff to join this case, two should not be allowed to join because they are outside the scope of the class. The third is within the scope of the class and was in fact included on the list of names and addresses provided to Plaintiff for the purpose of sending notice. However, Plaintiff has not provided good cause for why this individuals should be permitted to opt in eight (8) months after the deadline for opting in to the case. As such the Plaintiff's Motion should be Denied.

II. **ARGUMENT**

    A. **Overview of the Claims**

In April 2003 Plaintiff filed a complaint on behalf of himself and a purported class of similarly situated individuals alleging violations of the Fair Labor Standards Act ("FLSA"). Specifically, Plaintiff claims that CSC improperly classified his Help Desk Analyst position as exempt from the overtime requirements of the FLSA. The Complaint seeks back overtime pay, liquidated damages and attorney's fees on behalf of the named Plaintiff and the class. In September 2003 Plaintiff filed a Motion to Proceed as a Collective Action and Defendant opposed the motion. The Court granted Plaintiff's Motion in September 2004. The class approved by the Court includes all Level I and II Help Desk Analysts at CSC facilities throughout the United States who were classified as exempt from overtime. According to records provided by CSC, this could potentially include up to 658 individuals. The Court ordered deadline for opting in to the class was April 2, 2006 and 85 current and former employees elected to opt in.

    B. **Two of the Individuals Plaintiff Seeks to Join in this Case are Not Within the Scope of the Class**

On December 4, 2006, Plaintiff filed a Motion for Permission to Allow Parties to Opt In to the Class. Plaintiff's Motion seeks to allow three (3) individuals who claim to have worked overtime without pay participate in this case even though the deadline for opting in has passed. Plaintiff claims that the names of these individuals were not on the list of potential class members provided by Defendant. Two of the individuals were not in fact on the list because they are not within the scope of the class.

William Campbell[1] and Mark Caputo[2] were both hired in 2005 into help desk positions and were classified as non-exempt during their entire tenure with the Company. Pursuant to the Court's Order of December 12, 2006, the Court found Plaintiff has not shown that the employees who were classified as non-exempt by CSC and hired after November 2004 are similarly situated to Plaintiff and members of the class that the court approved on September 28, 2004.

> The common question that predominates over members of the class that the court approved . . . is whether CSC mis-classified these employees as exempt. If the court were to allow plaintiff to amend the class to include CSC employees who are classified as non-exempt, this common question would no longer predominate among members of the class.

(Order Denying Motion to Amend the Class at 2-3.)

Since these two individuals worked after the Help Desk Analyst position was reclassified in November 2004 their only claims would involve alleged "off-the-clock" time. As such, Plaintiff's Motion for Permission to Join these individuals must be denied based on this Court's recent ruling denying Plaintiff's efforts to expand the class in this case to include claims for "off-the-clock" time from individuals hired after November 2004.

### C. The Third Individual Plaintiff Seeks to Join in this Case Was Listed with the Names and Addresses Provided to Plaintiff

Plaintiff seeks permission to allow Gwen Zarkos permission to opt in after the deadline for doing so. The only reason given by Plaintiff for this person to opt in eight (8) months after the deadline is that she was not on the list of names provided to Plaintiff for the purpose of sending notice. A review of the list demonstrates that is simply not the case.

---

[1] Date of hire: 2/7/05. Date of termination: 5/26/06.
[2] Date of hire: 1/29/05.

3

Attached as Exhibit A is a copy of the list of 658 names provided to Plaintiff for the purpose of sending notice to the class. The list was provided to Plaintiff in May 2005. Ms. Zarkos is on that list at the bottom of page 9.[3] Plaintiff's counsel cannot now claim over a year and a half later he did not have sufficient opportunity to notify Ms. Zarkos and allow her to opt in to the case. The opt in period expired almost eleven (11) months after Plaintiff's counsel received the list.

Plaintiff has failed to show good cause why Ms. Zarkos should be permitted to opt in after the deadline and the Motion should therefore be denied.

### III.  CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion for Permission to Allow Parties to Opt In to the Class should be denied.

DEFENDANT,
COMPUTER SCIENCES CORPORATION


By: /s/ Tasos C. Paindiris
Tasos C. Paindiris, Esq. (ct 16739)
Jackson Lewis LLP
90 State House Square, 8th Floor
Hartford, CT 06103
Tel: 860-522-0404
Fax: 860-247-1330
E-mail: paindirt@jacksonlewis.com

---

[3] There is an arrow on the left side pointing to her name.

## CERTIFICATION OF SERVICE

I hereby certify that on January 16, 2007, a copy of the foregoing Opposition to Plaintiff's Motion for Permission to Allow Parties to Opt In to the Class was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CMECF System.

/s/ Tasos C. Paindiris
Tasos C. Paindiris