UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARIO RICHARDS, on behalf of himself and all others similarly situated, : : : : Plaintiffs, : : v. : : COMPUTER SCIENCES CORP., : : Defendant. : | No. 3:03CV630(DJS) |

## ORDER

Plaintiff, Mario Richards ("Richards"), brings this action against defendant Computer Sciences Corporation ("CSC") alleging a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. Specifically, Richards claims that CSC improperly classified his Help Desk Analyst position as exempt from the overtime requirements of the FLSA. Richards purports to bring claims on behalf of similarly situated CSC employees as a collective action pursuant to the FLSA. Now pending before the court is plaintiff's motion for permission to allow new parties to opt-into the class (dkt. # 127). For the reasons that follow, plaintiff's motion **(dkt. # 127)** is **GRANTED in part and DENIED in part.**

On September 28, 2004, the court granted plaintiff's Motion to Proceed as a Collective Action and approved a class that included all Level I and II Help Desk Analysts ("Analysts") at CSC facilities throughout the United States who were classified as exempt from the overtime requirements of the FLSA. (See dkt. # 76.) As exempt employees, the Analysts were paid on a salary basis and were not paid for overtime.

Nearly two years after the court approved the class, plaintiff's counsel, during the status conference of August 9, 2006, moved to amend the class to include employees who were

classified as non-exempt[1] by CSC and who were hired after November 2004.  In denying the motion to amend, the court found that Richards had not shown that the employees who were classified as non-exempt by CSC and who were hired after November 2004 were similarly situated to himself and the members of the class that the court approved on September 28, 2004. The court observed,

> Members of the class that the court approved were classified as exempt from the overtime requirements of the FLSA by CSC, whereas the employees hired after November 2004 were classified as non-exempt by CSC.  Indeed, plaintiffs' counsel argues that the employees hired after November 2004 were denied compensation for time worked "off-the-clock."  The determination of whether employees were denied overtime because they were mis-classified as exempt from the overtime requirements of the FLSA is different from the determination of whether non-exempt employees were denied compensation for time worked "off-the-clock."

(Dkt. # 129.)  Thus, the court concluded,

> The common question that predominates over members of the class that the court approved on November 28, 2004 is whether CSC mis-classified these employees as exempt from the overtime requirements of the FLSA.  If the court were to allow plaintiff to amend the class to include CSC employees who are classified as non-exempt, this common question would no longer predominate among members of the class.

(Id.)  Richards now seeks to join three individual plaintiffs, William Campbell ("Campbell"), Mark Caputo ("Caputo"), and Gwen Zarkos ("Zarkos"). According to plaintiff, "Although the deadline has passed to opt-in, these three persons [Campbell, Caputo, and Zarkos] have good reason why they have not previously opted in.  They did not receive a notice of their right to opt-in to this case, as their names were not provided to plaintiff by Computer Sciences Corporation." (Dkt. # 127.)   Defendant counters that plaintiff's motion should be denied for two reasons.  First, CSC argues that Campbell and Caputo should not be allowed to opt-into the case because they

---

[1] Non-exempt employees must be paid for hours worked.

they fall outside the scope of the class. Next, CSC argues that plaintiff's motion should be denied with respect to Zarkos, because, according to CSC, although it provided plaintiff's counsel, in May 2005, with a list of names that included Zarkos, she did not opt-in prior to the court-imposed deadline of April 2, 2006.

Plaintiff has not shown that Campbell and Caputo are similarly situated to himself or that they fall within the scope of the class. Campbell and Caputo were both hired by CSC in 2005. In addition, they were both classified as non-exempt. In light of this court's order of December 12, 2006, which denied plaintiff's motion to amend the class to include employees who were hired subsequent to November, 2004 and were classified as non-exempt, Campbell and Caputo do not fall within the scope of the class because the class only includes analysts who were classified as exempt from the overtime requirements of the FLSA. Thus, to the extent plaintiff's motion seeks permission to allow Campbell and Caputo to opt-into the class, plaintiff's motion is DENIED.

Plaintiff's motion also asks the court to allow Zarkos to opt-into the class. Although the opt-in deadline of April 2, 2006 has passed, plaintiff's counsel contends that Zarkos should be allowed to opt-into the case because, according to plaintiff's counsel, her name was not provided to plaintiff's counsel by CSC. Thus, plaintiff's counsel maintains that Zarkos did not receive a notice of her right to opt-into this case. Defendant CSC maintains that it provided plaintiff's counsel with a list of names, which included Zarkos, in May 2005. The court observes that pursuant to a status conference held on June 5, 2006, the court ordered, "[p]laintiffs' counsel shall provide defendant's counsel with "the new employee list," consisting of seventy-five (75) names . . . [and] [d]efendant's counsel shall provide plaintiffs' counsel with employment histories for these individuals on or before July 7, 2006. Thereafter, upon motion to the court,

plaintiffs' counsel may seek leave of the court to mail the Revised Notice and Notice of Consent Forms to any potential opt-in plaintiffs who appeared on "the new employee list." (Dkt. # 117.) In light of this court's order of June 5, 2006 and plaintiff's counsel representation that the "proposed opt-in parties have already provided the necessary information to plaintiff's counsel," (see dkt. # 127), the court finds that plaintiff has established good cause to show why Zarkos should be permitted to opt-into the class. Thus, to the extent plaintiff's motion seeks permission to allow Zarkos to opt-into the class, plaintiff's motion is GRANTED.

For the reasons set forth herein, plaintiff's motion **(dkt. # 127) is GRANTED in part and DENIED in part. To the extent plaintiff's motion seeks permission to allow Zarkos to opt-into the class, plaintiff's motion is GRANTED. To the extent plaintiff's motion seeks permission to allow Campbell and Caputo to opt-into the class, plaintiff's motion is DENIED. Plaintiff's counsel shall file Zarkos's consent form with this court on or before February 28, 2007.**

**IT IS SO ORDERED** at Hartford, Connecticut on this _19th___ day of January, 2007.

                                                    /s/DJS _
                                      **DOMINIC J. SQUATRITO**
                              **UNITED STATES DISTRICT JUDGE**