UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIO RICHARDS,<br>    Plaintiff, | : | CIVIL NO. 3:03-CV-00630 (DJS) |
| v. | : | |
| COMPUTER SCIENCES CORPORATION<br>    Defendant. | : | FEBRUARY 9, 2007 |

**DEFENDANT'S MEMORANDUM OF LAW**

Pursuant to the Court's order dated January 30, 2007, Defendant submits the following memorandum of law regarding the Fair Labor Standards Act ("FLSA") statute of limitations.

**I.    OVERVIEW OF THE CLAIMS**

In April 2003 Plaintiff filed a complaint on behalf of himself and a purported class of similarly situated individuals alleging violations of the FLSA. Specifically, Plaintiff claims that Defendant improperly classified his Help Desk Analyst position as exempt from the overtime requirements of the FLSA. The Complaint seeks back overtime pay, liquidated damages and attorney's fees on behalf of the named Plaintiff and the class.

In September 2003 Plaintiff filed a Motion to Proceed as a Collective Action and Defendant opposed the motion. The Court granted Plaintiff's Motion in September 2004. The class approved by the Court includes all Level I and II Help Desk Analysts at Defendant's facilities throughout the United States who were classified as

exempt from overtime. According to records provided by Defendant, this could potentially include up to 658 individuals. The Court ordered deadline for opting in to the class has passed and to date 85 current and former employees have opted in.

## II.    PROCEDURAL HISTORY

On January 30, 2007, the parties and the Court participated in a telephone conference. During the conference, the Court ordered Plaintiff's Counsel to provide Defense Counsel with a computation of hours worked and amount of money due to the class members. Plaintiff's Counsel indicated that he seeks to calculate wages for a period extending back three years from the opt-in dates of each Plaintiff. Defense Counsel represented that, for purposes of this calculation, Plaintiff's Counsel could only calculate wages for a period extending back two years from the opt-in dates. In support of its position, Defendant submits the following memorandum of law.

## III.    DISCUSSION

### A.    The FLSA's Two Year Statute of Limitations Applies in This Case

Pursuant to 29 U.S.C. § 255(a), the statute of limitations for a FLSA claim is two years for a non-willful violation and three years for a willful violation. See 29 U.S.C. § 255(a) stating "any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act . . . may be commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."

A FLSA violation is willful when "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."

McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988); see also Levinson Assoc., Inc. v. Chao, 37 Fed. Appx. 19, 22 (2nd Cir. 2002).  "Willfulness cannot be found where the employer acted negligently or assumed in good faith, but incorrectly, this its conduct complied with the FLSA."  El et al. v. Potter, 2004 U.S. Dist. LEXIS 24447, at * 15 (S.D.N.Y. 2004) (citing McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988)) (attached as Exhibit A).  Additionally, "[p]laintiffs bear the burden of proving that the defendant's conduct rises to the level of a willful violation."  Id.

        Plaintiffs have proffered no evidence indicating that Defendant acted with knowledge or reckless disregard with respect to its obligations under the FLSA.  Instead, Plaintiffs make the conclusory allegation that "[Defendant's] failure to pay minimum wage and overtime compensation to the plaintiff was a willful violation [of] the [FLSA]."  (Compl. Count Three ¶ 47; Count Six ¶ 61).  Plaintiffs' suggestions are insufficient as a matter of law.  In Lopez et al. v. Corporacion Azucarera de Puerto Rico, 938 F.2d 1510 , 1515-1516 (1st Cir. 1991), the Court held that plaintiffs' conclusory statements, unsupported by affidavits, that defendant "turned the plaintiffs through flamboyant titles into administrative employees, set a fixed salary for them, and forbade them from filling in the hours worked in their time cards, in order to exempt them from the benefits of the [FLSA]" were insufficient to prove that defendants willfully violated the FLSA.

        Similarly, in Gustafson v. Bell Atlantic Corp. et al., 171 F. Supp. 2d 311 (S.D.N.Y. 2001), the Court held that plaintiff's speculation that the Company willfully attempted to conceal plaintiff's eligibility for overtime pay by hiring him as an independent contractor and recklessly failing to determine whether he was eligible for overtime pay under the FLSA was insufficient to carry plaintiff's burden of proving a

willful or reckless violation of the FLSA. The Court specifically noted that "plaintiff merely concluded that willfulness and recklessness existed, without pointing to any concrete evidence in the record. Accordingly, plaintiff fails to prove willfulness sufficient to implicate the three-year statute of limitations of FLSA § 255(a)." Id. at 324. Just like the plaintiffs in Lopez and Gustafson, Plaintiffs in the current action have completely failed to carry their burden of providing evidence that Defendant willfully or recklessly disregarded the FLSA.

Defendant did not willfully violate the FLSA and Plaintiffs have completely failed to provide any convincing reason as to why the FLSA's two year statute of limitations should be extended. Accordingly, the two year FLSA statute of limitations is applicable in this case.

**B.    The Statute of Limitations as to Each Opt In Continues to Run Until He/She Files a Written Consent to Join the Action**

In a collective action brought under the FLSA, the statute of limitations continues to run as to each Plaintiff until he/she files a written consent opting into the action. The relevant portion of the FLSA provides as follows:

> In determining when an action is commenced for purposes of Section 6 [29 USCS § 255], an action commenced . . . under the Fair Labor Standards Act of 1938, as amended . . . shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective or class action instituted under the Fair Labor Standards Act of 1938, as amended . . . it shall be considered to be commenced in the case of any individual claimant --
>
> > (b) if such consent was not so filed or if his name did not appear - - on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256(b).

District Courts in this Circuit have issued several opinions on this issue. In El. v. Potter, 2004 U.S. Dist. LEXIS 24447 at * 25 (S.D.N.Y. December 13, 2004), where defendant did not engage in a willful violation of the FLSA, the court held that the two year statute of limitations did not stop running until the plaintiffs opted into the suit. The court emphasized that "[a] potential member of an FLSA collective action suit must expressly opt into the suit by 'giving his consent in writing to become such a party and such consent is filed in the court in which such action is brought.'" The potential plaintiffs attempted to argue that the parties agreed the written consents were "deemed filed" when the first consents were unsuccessfully filed after they were turned away by the court clerk. The court granted summary judgment in part dismissing all untimely claims and held, "all plaintiffs, including named plaintiffs, must file written consents in order to begin their lawsuits, and the courts have made clear that a suit does not begin until a consent has been filed." Id. at *25 (citing Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003) ("only by 'opting in' will the statute of limitations on potential plaintiffs' claims be tolled"); Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 260 (S.D.N.Y. 1997) (same); Hasken v. Louisville, 234 F. Supp. 2d 688, 691 (W.D. Ken. 2002) ("[t]he statute of limitations [in an FLSA collective action] continues to run as to each individual plaintiff until he or she files a written consent to become part of the action."); Bonilla v. Las Vegas Cigar Co., 61 F. Supp. 2d 1129, 1132-33 (D. Nev. 1999); Songu-Mbriwa v. Davis Memorial Goodwill Indus., 144 F.R.D. 1, 2 (D.D.C. 1992) ("[u]ntil a plaintiff, even a named plaintiff, has filed a written consent, she has not joined in the class action, at least for statute of limitations purposes.")). See also Drabkin v. Gibbs & Hill, Inc., 74 F. Supp. 758, 763 (S.D.N.Y. 1947) (where defendant

successfully argued that the named plaintiff's and potential plaintiffs' failure to file written consent to become a party prevented the action from being considered to have been commenced, the court dismissed the complaint for failure to state a claim on which relief can be granted and held that the claims of named plaintiffs and prospective plaintiffs who fail to timely file a written consent are barred).  In this case, the named Plaintiff, Mario Richards, never filed a written consent.  As such, the statue of limitations continues to run as to Mr. Richards' claim.

      The Southern District of New York also addressed this issue when authorizing named plaintiffs to send notices of pending actions so as to alleviate potential future statute of limitations issues  See Vaicaitiene v. Partners in Care, Inc., 2005 U.S. Dist. LEXIS 13490 at *23 (S.D.N.Y. July 6, 2005) (the court authorized the plaintiff to send notice of the pending collective action to the class of similarly situated potential plaintiffs, including potential plaintiffs whose claims arose between two and three years prior to the opt-in deadline because "the statute of limitations is of concern at this stage because the limitations period for potential plaintiffs is only tolled after they "opt-in" to the case.") (attached as Exhibit B); Soler v. G & U, Inc., 86 F.R.D. 524, 529 (S.D.N.Y. 1980) (where the named plaintiffs sought to circulate notice of the lawsuit and written consent forms arguing that numerous prospective plaintiffs would be time-barred from pursuing their claims if they did not file the consent forms within a month, the court held that an "action is considered to be commenced as to that claimant on the subsequent date when such consent is submitted" and approved a basic form of Notice of Pendency of Actions because the plaintiffs concern was with "good reason.").

It is well established that the FLSA statute of limitations is tolled individually for each Plaintiff when the Plaintiff files a consent to suit with the Court. Because each Plaintiff's action commences on the date on which they filed their consent to suit with the Court, each Plaintiff's back-pay award is restricted to two years back from the date that they filed their consent with the Court. For example, in <u>Bonilla v. Las Vegas Cigar Co.</u>, 61 F. Supp. 2d 1129, 1140 (D. Nev. 1999), the Court held that where an individual plaintiff filed a consent on June 17, 1999, his claims before June 17, 1997 were barred. In this case, other than the named Plaintiff, 85 individuals have filed written consent to opt in to the case. The consent forms were filed between November 2004 and March 2006. Accordingly, individuals who filed a consent form in March 2006 may recover wages for a period extending back to March 2004.

## III.   CONCLUSION

For all of the foregoing reasons, Plaintiffs' Counsel can only calculate wages for a period extending back no more than two years from the opt-in dates of each individual Plaintiff.

                    DEFENDANT,
                    COMPUTER SCIENCES CORPORATION


By:    */s/ Tasos C. Paindiris*
       Tasos C. Paindiris (ct 16739)
       Jackson Lewis LLP
       90 State House Square, 8th Floor
       Hartford, CT  06103
       Tel: (860) 522-0404
       Fax: (860) 247-1330
       E-mail: PaindirT@jacksonlewis.com

**CERTIFICATION OF SERVICE**

I hereby certify that on February 9, 2007, a copy of the foregoing Defendant's Memorandum of Law was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                            */s/ Tasos C. Paindiris*
                                            Tasos C. Paindiris