UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIO RICHARDS, | : | |
| on behalf of himself and | : | CIVIL ACTION NO. |
| all others similarly situated | : | 3:03 CV00630 (DJS) |
|     PLAINTIFFS, | : | |
| | : | |
| v. | : | |
| | : | |
| COMPUTER SCIENCES | : | |
| CORPORATION | : | FEBRUARY 21, 2007 |
| | : | |
|     DEFENDANT. | : | |

## PLAINTIFFS MEMORANDUM

The plaintiff, Mario Richards, on behalf of the class in this matter submits this memorandum in support of plaintiffs' claim for a three year statute of limitations, overtime pay at the rate of time and one half and liquidated damages.

### I. The Overtime Pay Rate Should Be At The Rate of Time and One Half

Section 7 of the FLSA requires in general that an employee who works more than 40 hours in a given week be paid for the excess at a rate "not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

A.  **The Fluctuating Workweek Method of Calculation Is Inapplicable**

Defendant asserts that the fluctuating workweek method should be used to calculate overtime in this case.[1]  This method of calculation is erroneous in this case, as the circumstances do not warrant it.  The fluctuating workweek method of calculation is an exception to the normal rights of the employee and thus the employer bears the burden of proving that all the requirements for applying the method are present.  Dingwall v. Friedman Fisher Associates, P.C., 3 F. Supp. 2d 215, 221 (N.D.N.Y. 1998); Burgess v. Catawba County, 805 F. Supp 341, 348 (W.D.N.C. 1992).  An employer must demonstrate that the employer and the employee had a clear, mutual understanding that the employer will pay the employee the fixed weekly salary regardless of the hours worked in order to use the FWW method of calculation.  29 C.F.R. § 778.114(a)[2]; Dingwall, supra, 221; Highlander v. K.F.C. Nat. Management Co., 805 F.2d 644, 644 (6th Cir. 1986);  See, Roy v. County of Lexington, S.C. 141 F.3d 533, 547, 1998 U.S. App. LEXIS 7396, 1998 WL 170143 (4th Cir. 1998).  See, Highlander v. K.F.C. Nat. Management Co., 805 F.2d 644 (6th Cir. 1986),  evidence of a 'clear' understanding of such a pay structure existed where the plaintiff signed and acknowledged the explanatory calculation form indicating that she understood the fluctuating workweek method of calculation;  Singer v. City of Waco, 324 F.3d 813 (5th Cir. 2003), where city firefighters worked many overtime hours the fluctuating work week method was not used to calculate

---

[1] Under the FLSA an employee who works a "fluctuating workweek" may be paid 50% of the regular wage for overtime on the theory that the base wage covers any number of hours at straight time.  See, 29 C.F.R. § 778.114.
[2] (prohibiting the use of the FWW method "unless the employee clearly understands that the salary covers whatever hours the job may demand in a particular workweek and the employer pays the salary even though the workweek is one in which a full schedule of hours is not worked");

overtime because there was not a clear mutual understanding that such method applied; Heder v. City of Two Rivers, Wis. 295 F.3d 777 (7th Cir. 2002), city firefighters who did not work an ordinary 40 hour week, but worked 216 hours over 27 days. Even though their (firefighters) schedules called for fluctuating hours in any given week, the court held that it was not a fluctuating workweek because firefighters never worked fewer than the 216 hours spelled out in the contract, without being docked or taking sick time. Further, the parties [in Heder] did not have a *clear mutual understanding* that the base hourly rate would apply to overtime.

In the present case the employee [class members] did not have a fluctuating work week. Clearly, here, CSC employees who are members of the class had a fixed 40 hour work week. Supporting such a fixed schedule was the fact that the nature of the business required the members of the help desk to be on varying schedules in order to accommodate CSC's clients. For instance, one member's schedule might be different than the next regarding start and finish time, however, each individual's schedule set forth an eight hour day and 40 hour week. Their work week did not fluctuate in that regard. Further supporting the fixed work week of CSC's help desk workers was their inability to alter their work schedule in such a manner that decreases the number of hours worked in a given week. If one was required to reduce his/her hours in a given week he/she would have been required to use sick or vacation time. In the case at bar, the defendant, CSC, cannot establish that a workweek other than a fixed 40 hours workweek existed. Curiously, although CSC now asserts that the help desk was required to work greater than 40 hours for purposes of this calculation, it has maintained throughout the case that the helpdesk was on a 40 hour work week.[3] Further, there is no evidence in the record that plaintiff class members had any such clear mutual understanding that their salary was intended to compensate them for *any* hours worked or that overtime would be worked at straight time.

## II.  The Evidence Supports A Three Year Statute of Limitations

The FLSA generally provides for a two-year statute of limitations on actions to enforce its provisions, but allows a three-year limitations period for "a cause of action

---

[3] CSC essentially suggests that there was a variable work week wherein one might work more or less time in a given week. This type of variable time must be paid at time and one half. Heder, supra.

arising out of a willful violation." 29 U.S.C. § 255(a) (1994). Thus, in this case, if CSC is found to have willfully violated the FLSA, it will be liable for the overtime pay violations of the past three years, rather than two years.

The accepted standard for determining willful behavior, for which plaintiff bears the burden of proof, was enunciated by the Supreme Court in Mclaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 100 L. Ed. 2d 115, 108 S. Ct. 1677 (1988), "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." An employer's violation is willful when the employer "is cognizant of an appreciable possibility that he may be subject to the statutory requirements and fails to take steps reasonably calculated to resolve the doubt." Laffey v. Northwest Airlines, Inc., 185 U.S. App. D.C. 322, 567 F.2d 429, 462 (D.C. Cir. 1976), *cert denied*, 434 U. S. 1086, 98 S. Ct. 1281, 55 L. Ed. 2d 792 (1978). See, Brock v. Wilamowsky, 833 F.2d 11, 18 (2d Cir. 1987).

In Laffey, the court held that the defendant corporation, knowing it was subject to the Act (FLSA), failed to comply with the Act, by failing to seek any opinion from counsel or from the Secretary (DOL)[4] as to its obligations under the Act, and failed to take any other steps to determine its obligations. Similarly, the Brock court found that the defendant, Continental Airlines, had not sought the opinion of attorneys or ruling from the Secretary (DOL) and had taken no steps to determine the lawfulness of their conduct. Brock, 18. Hence, Continental did not have a good faith or reasonable basis for believing its conduct was lawful.[5]

---

[4] Secretary of the U.S. Department of Labor

[5] There are two standards, the 'willfulness' standard and the 'reasonable' basis standard. The Brock court discussed both standards and found that Continental, by its omissions, failed its responsibilities under both standards. Brock, supra 18. In determining that Continental's violation was willful, the district court

Similarly, in the present case, CSC knew that its employees were working overtime hours, despite having regular 40 hour schedules. CSC ignored that overtime was being worked and in fact required it of help desk workers for different periods of time. It was not until after this and other cases[6] (against it) were filed that it sought the opinion of the DOL.

### III. CSC's Failure to Comply With The FLSA Requires It To Pay Liquidated Damages

The FLSA states that an employer who violates the Act's minimum wage or overtime provisions "shall be liable to the . . . employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (1994). However,

> if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [Act], the court may, in its sound discretion, award no liquidated damages or award any [lesser]   amount thereof. . . .

29 U.S.C. § 260; Brock, supra 19.

Liquidated damages are not a penalty exacted by the law, but rather compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation of the FLSA. Overnight Motor Transp., Co. v. Missel, 316 U.S. 572, 583-84, 86 L. Ed. 1682, 62 S.Ct. 1216 (1942); See, Reich v. Southern New England Telecomm.

---

applied the standard established in   Donovan v. Carls Drug Co., 703 F.2d 650 (2d Cir. 1983), in which this Court ruled that "employers 'willfully' violate FLSA when (1) they know that their business is subject to FLSA and (2) their practices do not conform to FLSA requirements." Donovan, supra 652.

[6] Giannetto v. Computer Sciences Corporation, et al, No. CV 03-8201 (GPS)

Corp., 121 F.3d 58, 71 n.4 (2d Cir. 1997); See, Brooklyn Sav. Bank v. Oneil, 324 U.S. 697, 707, 89 L. Ed. 1296, 65 S. Ct. 895…(1945).[7] ""Double damages are the norm, single damages the exception…." Walton v. United Consumers Club, Inc. 786 F.2d at 310."[8] The employer bears the burden of proving good faith and reasonableness, but the burden is a difficult one, with double damages being the norm and single damages the exception. Reich v. Southern New England Telecomm.Corp., 121 F.3d 58, 71 (2d Cir. 1997). To establish good faith, there must be plain and substantial evidence the employer must take active steps to ascertain the dictates of the FLSA and then act to comply with them. Dingwell, supra 222; Reich, supra 71. That a company did not purposefully violate the provisions of the FLSA is insufficient. Dingwell, supra 222; Reich, supra 71.

The Brock court found that Continental by failing to ascertain the legality of its practices, it lacked good faith and had no reasonable basis for believing that its practices complied with the FLSA. Despite a lack of purposeful violation the Brock court felt it had no choice but to assess liquidated damages. See also, Andrew Young, v. Cooper Cameron Corporation, 04 Civ. 5968 (LTS) (GWG) (S.D.N.Y) 2006 U.S. Dist. LEXIS 37030, June 6, 2006, where the court found the defendant corporation in violation of the FLSA for failing to seek professional opinion or ruling of the DOL and assessed liquidated damages.

In the present case, CSC did not attempt to ascertain the legality of their compliance or non-compliance with the FLSA until after suit was commenced claiming

---

[7] They "'[constitute] compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages. Brooklyn Sav. Bank v. Oneil, 324 U.S. 697, 707, 89 L. Ed. 1296, 65 S. Ct. 895…(1945)
[8] 7th Cir. 1986.

failure to pay overtime wages in this and other cases. Just as in <u>Dingwell</u>, <u>Brock</u> and <u>Young</u>, liquidated damages should be assessed against the corporate defendant, CSC.

          Plaintiff,
          Mario Richards


          _____
          Michael J. Melly
          Fed. Bar No. ct17841
          143 Oneco Avenue
          New London, CT 06320
          Tel: (860) 447-1990
          Cell: (860) 989-9613
          mjmelly@aol.com


## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was mailed on
To:
Tasos C. Paindiris, Esq.
William Anthony, Esq.
Jackson Lewis LLP
90 State House Sq. 8th Fl.
Hartfrod, Ct 06103

          _____
          Michael J. Melly