UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIO RICHARDS,<br>on behalf of himself and<br>all others similarly situated,<br>PLAINTIFFS | :<br>:<br>:<br>:<br>: | CIVIL ACTION NO.<br>3:03 CV00630 (DJS) |
| v. | :<br>: | |
| COMPUTER SCIENCES<br>CORPORATION,<br>DEFENDANT | :<br>:<br>: | AUGUST 13, 2007 |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement is made by and between the named Plaintiff, Mario Richards, on behalf of himself, the Settlement Class, ("Class"), his agents, heirs, beneficiaries, successors, assigns, executors, administrators, legal representatives, family members, and/or any other persons or entities with a direct interest in the lawsuit entitled Mario Richards v. Computer Sciences Corporation, Civil Action No. 3:03CV00630(DJS), and Computer Sciences Corporation ("CSC"), and its current or former parents, divisions, subsidiaries, partners, affiliates, successors, and assigns, as well as its and their current or former respective officers, directors, stockholders, employees, representatives, agents, insurers, reinsurers, and benefit plans. This Stipulation of Settlement resolves all claims that are asserted or that could have been asserted by the class against CSC based on the facts alleged in Mario Richards v. Computer Sciences Corporation, Civil Action No. 3:03CV00630(DJS).

## WITNESSETH

WHEREAS, claims were made by the 'Class', pursuant to 29 U.S.C 201 et seq., for unpaid overtime wages against 'CSC'.

WHEREAS, The 'Class' (plaintiffs) and the CSC (defendant) wish to compromise and settle the disputes and claims each has with each other or against the other and to set forth in this agreement their mutual understanding and agreement with respect to their compromise and settlement.

WHEREAS, the plaintiff, Class, and CSC wish to avoid the risk and expenses attendant to the litigation between and among them, without either admitting fault, liability or wrongdoing and to settle once and forever all rights, claims and demands which any has against any of the others which were asserted in the lawsuit.

NOW THEREFORE, for good and valuable consideration, the mutual covenants and promises contained in this agreement and other valuable consideration, as outlined herein, the receipt and sufficiency of which are hereby acknowledged, Plaintiffs and Defendant, intending to be legally bound, agree as follows:

1. **Definitions.**

The terms "Agreement" or "Settlement Agreement" as used herein means this Stipulation of Settlement.

The term "District Court" or "Court" as used herein means the United States District Court for the District of Connecticut.

The term "Settlement Class" as used herein means the Named Plaintiff, Mario Richards, and all other individuals who have opted in to this Litigation.

The term "Plaintiffs" means all members of the Settlement Class, including the named plaintiff, Mario Richards.

The term "Litigation" as used herein means the collective action entitled <u>Mario Richards v. Computer Sciences Corporation</u>, Civil Action No. 3:03CV00630(DJS).

The term "<u>Claims</u>" shall mean all claims, demands, reckonings, actions, causes of action, suits, liabilities, judgments, liens, debts, expenses, damages or any other right or asserted right to the payment of money or to the performance of any obligation, whether absolute or contingent, due, disputed or undisputed, liquidated or unliquidated, known or unknown, express or implied, legal or equitable, including without limitation to attorneys' fees regarding wages, overtime wages or other compensation, for hours worked, including but not limited to claims or possible claims pursuant to 29 U.S.C 201 et seq. or other similar state law claims.

The term "<u>Person</u>" shall mean any individual, partnership, corporation, joint venture, trust, limited liability company, unincorporated organization, or any governmental agency or political subdivision.

2. **Settlement Terms.**

In settlement of their dispute(s), the Class and CSC hereby agree that in consideration of the execution of this settlement agreement and their undertakings herein, CSC agrees to pay a gross amount not to exceed five hundred seventy nine thousand dollars ($579,500.00), which shall cover all attorneys' fees, costs, settlement payments, and named plaintiff enhancements to be paid pursuant to this Settlement Agreement. The gross settlement amount will be allocated as follows:

(a) Payment not to exceed $305,000.00 payable to the Class and allocated as set forth in the Notice to Class Members, less applicable state and federal taxes, for its claims for back wages and all other claims that have been raised or could have been raised by the class based on the facts alleged in this litigation. The payment to each Class Member will be designated as follows: 35% as payment for back wages; 35% as payment for liquidated damages; and 30% as payment for interest. The payments will be made only after final approval of the Settlement by the Court and only to those individuals who satisfy the necessary conditions of settlement.

(b) Attorneys' fees in the amount of $270,000.00 shall be paid to Attorney Michael J. Melly. At the time that the parties submit their joint motion for Final Approval of Settlement, Plaintiff shall apply to the District Court for approval of the award of all past and future attorneys' fees, costs, and expenses necessary to prosecute and administer this litigation and this Settlement. CSC shall not oppose said application. The "future" aspect of this amount includes, without limitation, all time expended by Plaintiffs' Counsel in executing the Settlement Agreement and securing Final Approval thereof and in assisting in effectuating the terms of said Agreement. Prior to CSC making such payment, counsel receiving a check from CSC shall complete and issue to CSC a W-9 form so that CSC can issue a 1099 form on the payment. Any other claims for fees or costs, including the cost of administration of the Settlement will be the responsibility of Plaintiffs' Counsel

(c) Costs in the amount of $4,500.00 shall be paid to Attorney Michael J. Melly as reimbursement of out of pocket costs directly related to litigation of this matter.

Delivery of the sums of money herein identified to counsel for Plaintiff shall constitute payment by CSC of such amounts, receipt of which is acknowledged by Plaintiffs. Counsel for Plaintiff is responsible for delivering payments to the Class. Except as otherwise set forth in this Agreement, payment of the amounts set forth herein shall be made by CSC in accordance with deadlines established by the Court. Plaintiff will distribute, at his own expense, the checks described above to the class members who do not opt out of the settlement.

The settlement monies for each class member who opts out of this settlement shall revert to CSC. Additionally, all settlement monies for each class member who cannot be located after a reasonable search shall revert to CSC. CSC will therefore only be responsible for payment of the pro-rata amount allocated to the individuals who did not opt out and who could be located.

CSC may elect to withdraw from all payment and other obligations of this Agreement if more than 25% of the Class who are successfully located and contacted opt-out within the time period set forth in the Notice to Class Members. Should CSC elect to

3

proceed with the settlement, CSC will only be responsible for payment of the pro-rata amount allocated to the individuals who did not opt out.

The amounts paid under this Agreement do not represent a modification of any previously credited hours of service under any employee benefit plan, policy, or bonus program sponsored by CSC. Such amounts will not form the basis for additional contributions to, benefits under, or any other monetary entitlement under, CSC sponsored benefit plans, policies, or bonus programs. Any payments made under the terms of this Agreement shall not be applied retroactively, currently, or on a going forward basis as salary, earnings, wages, or any other form of compensation for the purposes of any CSC benefit plan, policy, or bonus program, including, but not limited to, any stock option plan, 401(k) plan, or CSC vacation or leave policies. CSC retains the right to modify the language of its benefit plans, policies, and bonus programs to effect this intent and to make clear that any amounts paid pursuant to this Agreement are not for "hours worked," 'hours paid," "hours of service," or any similar measuring term as defined by applicable plans, policies, and bonus programs for purpose of eligibility, vesting, benefit accrual, or any other purpose, and that additional contributions or benefits are not required by this Agreement.

3.   **Dismissal.**

The parties agree that they will file jointly with the District Court a Motion for Final Approval of Settlement after the expiration of the and objection period as provided in the Notice to Class Members. Named Plaintiff further agrees that, upon Final Approval of the Settlement by the District Court, he will withdraw with prejudice his pending lawsuit in the United States District Court for the District of Connecticut, Mario Richards v. Computer Sciences Corporation, by filing a Stipulation of Dismissal With Prejudice. In addition, Plaintiffs' Counsel agrees not to represent any member of the Class who wishes to object to the Settlement or to solicit or encourage any member of the Class to object. Plaintiffs' Counsel and counsel for CSC shall take all reasonable measures to obtain Final Approval of the Settlement.

This Agreement is contingent upon Final Approval of the entire Agreement by the District Court and the dismissal with prejudice of the pending Litigation. If the District Court rejects or modifies any provision of this Agreement, then both sides will have the right, at their sole discretion, to declare the Agreement void in its entirety.

4.   **Notice to the Class.**

Plaintiffs' Counsel will, at its own expense, mail individual Notice to Class Members to each member of the Class via first-class regular U.S. mail using the most current mailing address information available to Plaintiffs' Counsel. The Notice will be jointly submitted by the Parties for approval by the Court before mailing. The Notice will advise each member of the Settlement Class of the amount of money he or

she will obtain pursuant to the Agreement. The Notice will advise Plaintiffs that they have the right to object to the Agreement and will explain the procedure for doing so.

5.  **Release.**

Except as to the obligations set forth in this Agreement, Plaintiff, on behalf of himself and all members of the Class hereby fully, forever, irrevocably, and unconditionally releases CSC from any and all claims, charges, complaints, demands, actions, reckonings, causes of action, suits, rights, debts, sums of money, costs, accounts, covenants, contracts, agreements, promises, doings, missions, damages, executions, obligations, liabilities, and expenses (including attorneys' fees and costs), of any kind and nature that have been or could have been asserted by the class based on the facts alleged in the Litigation. This includes, but is not limited to, any and all claims under any federal, state or local statutory or common law for payment of unpaid wages and related penalties, interest, costs, attorneys' fees, compensatory damages, punitive damages, liquidated damages, and any other remedies available at law or equity, for work as employees of CSC based on the facts alleged in this litigation, including, but not limited to, claims under the Fair Labor Standards Act 29 U.S.C. Sec. 201 et seq. and the wage and hour laws and regulations in every state within the United States.

This waiver and release specifically encompasses both known and unknown claims as described above. Accordingly, if the facts relating in any manner to this Settlement are found hereafter to be other than or different from the facts now believed to be true, the release of claims contained herein shall remain effective.

Upon Final Approval, this waiver and release of claims shall be binding on Plaintiff and all members of the Class, as well as each of their respective agents, heirs, beneficiaries, successors, assigns, executors, administrators, legal representatives, and family members. Further, this waiver and release of claims shall inure to the benefit of CSC.

6.  **Costs.**

Accept as herein provided, the parties shall be responsible for and bear such party's own costs in connection with this lawsuit and the negotiation preparation and execution of this agreement and any other instruments necessary executed in accordance with the terms of this agreement.

7.  **Allocation of Taxes.**

CSC will withhold applicable state and federal taxes from the checks payments set forth in this Agreement. CSC will also issue an IRS Form W-2 and an IRS Form 1099 to each Plaintiff who receives a check. Other than the taxes withheld, the Class shall be exclusively liable for the payment of all federal, state and local taxes, if any, which may be respectively due. The Class shall be responsible for and pay all taxes assessed to each consideration received from CSC pursuant to this agreement. The

parties understand and agree that CSC shall file with any appropriate taxing authority all appropriate tax forms related to the payments made to the parties herein party/class member which may be respectively due from him/her as a result of the consideration received under this agreement at the appropriate time and in the amount required of him/her. Plaintiff/class members agree to indemnify and hold harmless CSC from liability for taxes, penalties and interest due to any governmental or taxing authority as a result of payment of the consideration herein set forth.

8.   **No Admission of Liability.**

This agreement does not constitute an admission of the matters alleged in this litigation by CSC, its successors, assigns, subsidiaries, divisions, or affiliated corporations and companies. Nothing in this Agreement, nor any action taken in implementation thereof, nor any statements, discussions or communications, nor any materials prepared, exchanged, issued, or used during the course of the negotiations leading to the Agreement, is intended by the parties to, nor will any of the foregoing constitute, be introduced, be used, or be admissible in any way in this case or any other judicial, arbitral, administrative, investigative, or other forum or proceeding, as evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, the Agreement may be used in any proceeding in the District Court that has as its purpose the interpretation, implementation, or enforcement of the Agreement or any orders or judgments of the District Court entered into in connection therewith.

9.   **Successors and Assigns.**

This agreement shall be binding upon, inure to the benefit and be enforceable by and on behalf of the parties hereto and their respective successors, heirs, assigns and legal representatives.

10.  **Modification.**

This agreement may not be modified or amended except by written agreement of the parties.

11.  **Governing law.**

The claims in this matter were brought and settled pursuant to the Fair Labor Standards Act, 29 U.S.C. 201, et seq. Enforcement of and procedural issues related to this agreement are governed by the laws of the state of Connecticut.

12.  **Entire Agreement.**

This agreement and all instruments, documents referred to herein contain the entire agreement of the parties in connection with the subject matter herein and supersedes all other agreements, promises or instruments related to the subject matter of

this case and this agreement.  Prior agreements, promises, negotiations, statements or representations, either oral or written relating to the subject matter of this agreement are of no force or effect , unless expressly set for the herein.

### 13.  Right to Review and Understand This Agreement.

The parties shall and have been given a reasonable opportunity to review and understand this settlement agreement. The rights, responsibilities, terms, conditions, and effects have been completely reviewed and understood.  No promises or representations have been made to induce any party to submit or agreee to the terms and conditions herein except as herein expressly set forth in this agreement. Each party/class member has had the benefit of an attorney of his/her choosing in reviewing, understanding and accepting the terms and conditions of this agreement.  Each party/class member has been provided a 'Notice to Class Members' outlining and detailing the right and procedure to object to this settlement and/or opt out of this case.

IN WITNESS WHEREOF, the parties have agreed to the above and intend to be bound.

| DEFENDANT, COMPUTER SCIENCES CORPORATION | PLAINTIFFS MARIO RICHARDS, on behalf of himself and all others similarly situated |
|---|---|
| _____ Tasos C. Paindiris (ct 16739) Jackson Lewis LLP 90 State House Square, 8th Floor Hartford, CT  06103 Tel: (860) 522-0404 Fax: (860) 247-1330 E-mail: PaindirT@jacksonlewis.com | _____ Michael J. Melly (ct 17841) Their Attorney 81 Crooked Tree Ln # 101 Vero Beach, FL 32962 Tel. (860) 961-8602 E-mail: mjmelly@aol.com |

7

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was sent by first class mail, postage pre-paid, to the following counsel of record: 8/15/07

>Tasos C. Paindiris
>Jackson Lewis LLP
>90 State House Square
>8th Floor
>Hartford, CT 06103

_____
Michael J. Melly